**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| *In re* | **Chapter 11** |
| **TRIDENT HOLDING COMPANY, LLC,** *et al.*, | **Case No. 19-10384 (SHL)** |
| Debtors.[1] | **(Jointly Administered)** |

### GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

On February 10, 2019 (the "Petition Date"), FC Pioneer Holding Company, LLC ("FC Pioneer"), along with twenty-two (22) affiliated debtor entities (each a "Debtor" and, collectively, the "Debtors"), each commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' cases (collectively, the "Chapter 11 Cases") have been consolidated for procedural purposes only and are being jointly administered under case number 19-10384 (SHL).

The Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements" and, together with the Schedules, the "Schedules and Statements") were prepared pursuant to Bankruptcy Code section 521 and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") by the Debtors' management using unaudited information available as of the Petition Date.

These *Global Notes and Statement of Limitations, Methodology, and Disclaimers Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "Global Notes") are incorporated by reference in, and comprise an integral part of,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows:  Trident Holding Company, LLC (6396); American Diagnostics Services, Inc. (2771); Community Mobile Diagnostics, LLC (9341); Community Mobile Ultrasound, LLC (3818); Diagnostic Labs Holdings, LLC (8024); FC Pioneer Holding Company, LLC (6683); JLMD Manager, LLC (8470); Kan-Di-Ki LLC (6100); Main Street Clinical Laboratory, Inc. (0907); MDX-MDL Holdings, LLC (2605); MetroStat Clinical Laboratory – Austin, Inc. (4366); MX Holdings, LLC (8869); MX USA, LLC (4885); New Trident Holdcorp, Inc. (4913); Rely Radiology Holdings, LLC (3284); Schryver Medical Sales and Marketing, LLC (9620); Symphony Diagnostic Services No. 1, LLC (8980); Trident Clinical Services Holdings, Inc. (6262); Trident Clinical Services Holdings, LLC (1255); TridentUSA Foot Care Services LLC (3787); TridentUSA Mobile Clinical Services, LLC (0334); TridentUSA Mobile Infusion Services, LLC (5173); U.S. Lab & Radiology, Inc. (4988).  The address of the Debtors' corporate headquarters is 930 Ridgebrook Road, 3rd Floor, Sparks, MD 21152.

each of the Debtor's Schedules, sub-Schedules, Statements, sub-Statements, exhibits, and continuation sheets, and should be referred to in connection with any review of the Schedules and Statements.  Disclosure of information in one Schedule, sub-Schedule, Statement, sub- Statement, exhibit, or continuation sheet, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, Statement, exhibit, or continuation sheet.

**The Schedules and Statements and these Global Notes should not be relied upon by any persons for information relating to current or future financial conditions, events, or performance of any of the Debtors.**

**<u>Reservation of Rights</u>**.  The Debtors' Chapter 11 Cases are large and complex.  The Debtors' management has made every reasonable effort to ensure that the Schedules and Statements are as accurate and complete as possible based on the information that was available to them at the time of preparation.  Subsequently discovered information may result in material changes to these Schedules and Statements, and inadvertent errors or omissions may have occurred.  Because the Schedules and Statements contain unaudited information, which is subject to further review, verification, and potential adjustment, there can be no assurance that these Schedules and Statements are accurate and/or complete.

The Debtors have made reasonable efforts to characterize, classify, categorize, or designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements correctly.  Due to the complexity and size of the Debtors' businesses, however, the Debtors may have improperly characterized, classified, categorized, or designated certain items.  In addition, certain items reported in the Schedules and Statements could be included in more than one category.  In certain of these instances, one category has been chosen to avoid duplication.  Further, the designation of a category is not meant to be wholly inclusive or descriptive of the rights or obligations represented by such item.

Nothing contained in the Schedules and Statements or these Global Notes shall constitute an admission or a waiver of rights by the Debtors with respect to these Chapter 11 Cases, including, but not limited to, any issues involving substantive consolidation for plan purposes, subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant nonbankruptcy laws to recover assets or avoid transfers.  For the avoidance of doubt, listing a claim on Schedule D as "secured," on Schedule E as "priority," on Schedule E/F as "unsecured priority," or listing a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant and/or contractual counterparty, or a waiver of a Debtor's right to recharacterize or reclassify such claim or contract.  Failure to designate a claim on a given Debtor's Schedules as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated" or that such claim is not subject to objection.  The Debtors reserve their respective rights to dispute, or assert offsets, setoffs, or defenses to, any claim reflected on the Schedules and Statements as to the nature, amount, liability, or status or to otherwise subsequently designate any claim as disputed, contingent, and/or unliquidated.

**Reporting Date**.  Each Debtor's fiscal year ends on December 31.  Unless otherwise noted, the Debtors' assets are valued as of January 31, 2019, and the Debtors' liabilities are valued as of the Petition Date.

**Basis of Presentation**.  The Debtors record and report results of operations and financial transactions at the operating entity level, which does not always correspond to, or reflect activity at, an individual Debtor.  In certain instances, the operating entity where transactions are recorded represents the financial activities of multiple Debtors.  For example, the books and records maintained at the operating entity "Diagnostic Laboratories" or "DL" (which is a d/b/a for the Debtor Kan-Di-Ki LLC) represents the activity of four separate Debtors:  Community Mobile Diagnostics, LLC (9341); Community Mobile Ultrasound, LLC (3818);  MDX-MDL Holdings, LLC (2605);  and Kan-Di-Ki LLC (6100).  Because the financial information and detail is not presently available to report for each individual Debtor, the responses for these four Debtors and are reflected on the Kan-Di-Ki LLC (6100) Statements.  Likewise, the financial information reported at the operating entity "Schryver" or "SM2" (which is a d/b/a for the Debtor Schryver Medical Sales and Marketing, LLC) represents the activity of three Debtors:  Main Street Clinical Laboratory, Inc. (0907); MetroStat Clinical Laboratory – Austin, Inc. (4366);  and Schryver Medical Sales and Marketing, LLC (9620).  The activity for these three Debtors are reflected on the Schryver Medical Sales and Marketing, LLC (9620) Statements.  Seven of the Debtors (American Diagnostics Services, Inc. (2771), JLMD Manager, LLC (8470), MX USA, LLC (4885), Symphony Diagnostic Services No. 1, LLC (8980), TridentUSA Mobile Clinical Services, LLC (0334), TridentUSA Mobile Infusion Services, LLC (5173), and U.S. Lab & Radiology, Inc. (4988)) maintain separate books and records.  The remaining nine Debtors (FC Pioneer Holding Company, LLC (6683), Trident Holding Company, LLC (6396), New Trident Holdcorp, Inc. (4913), MX Holdings, LLC (8869), Diagnostic Labs Holdings, LLC (8024), Rely Radiology Holdings, LLC (3284), Trident Clinical Services Holdings, Inc. (6262), Trident Clinical Services Holdings, LLC (1255), and TridentUSA Foot Care Services LLC (3787)) have no business activity and therefore do not maintain books and records.

The Schedules and Statements are unaudited.  Unlike the historical consolidated financial statements, the Schedules and Statements generally reflect the assets and liabilities on a non-consolidated basis as described above.  Accordingly, the amounts listed in the Schedules and Statements will likely differ, at times materially, from the consolidated financial reports.

Although the Schedules and Statements may, at times, incorporate information prepared in accordance with United States generally accepted accounting principles ("GAAP"), the Schedules and Statements neither purport to represent nor reconcile to financial statements otherwise prepared and/or distributed by the Debtors in accordance with GAAP or otherwise.

**Currency**.  All amounts are reflected in U.S. dollars, unless otherwise indicated.

**Estimates and Assumptions**.  The preparation of the Schedules and Statements required the Debtors to make estimates and assumptions that affected the reported amounts of certain assets and liabilities, the disclosure of certain contingent assets and

liabilities, and the reported amounts of revenue and expense.  Actual results could differ materially from these estimates.

**Totals**.  All totals that are included in the Schedules and Statements represent totals of all known amounts.  To the extent there are unknown or undetermined amounts, the actual totals may be different than the listed totals.

**Undetermined or Unknown Amounts**.  The description of an amount as "Undetermined" or "Unknown" is not intended to reflect upon the materiality of such amount.  Certain amounts may be clarified during the course of the Chapter 11 Cases.

**Asset Presentation and Valuation**.  The Debtors' assets are presented at values consistent with their books and records.  These values do not purport to represent the ultimate value that would be received in the event of a sale, and may not represent economic value as determined by an appraisal or other valuation technique.  As it would be prohibitively expensive and an inefficient use of estate assets for the Debtors to obtain current economic valuations for all of their assets, unless otherwise noted, the carrying value on the Debtors' books (*e.g.*, net book value), rather than current economic value, is reflected on the Schedules and Statements.

**Contingent Assets and Causes of Action**.  Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in their Schedules and Statements, including, but not limited to, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant nonbankruptcy laws to recover assets.  The Debtors reserve all of their rights with respect to any claims, causes of action, or avoidance actions they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims, causes of actions, or avoidance actions or in any way prejudice or impair the assertion of such claims.

The Debtors may also possess contingent and unliquidated claims against affiliated entities (both Debtor and non-Debtor) for various financial accommodations and similar benefits they have extended from time to time, including, but not limited to, contingent and unliquidated claims for contribution, reimbursement, and/or indemnification arising from various (a) guarantees, (b) indemnities, (c) tax-sharing agreements, (d) warranties, (e) operational and servicing agreements, (f) shared service agreements, and (g) other arrangements.

Additionally, prior to the Petition Date, each Debtor may have commenced various lawsuits in the ordinary course of its business against third parties seeking monetary damages for business-related losses.  Refer to Statement Question 7 for each Debtor or corresponding attachment for a list of lawsuits commenced prior to the Petition Date in which the Debtor was a plaintiff, except as noted below.

**Pledged Assets**.  A significant amount of the assets listed on the Debtors' Schedule A/B have been pledged as collateral by the Debtors.  These assets include, among other things, cash, securities, inventories, equipment, equity interests in subsidiaries, and other related assets.

**Liabilities**.  Some of the scheduled liabilities are unknown, contingent, and/or unliquidated at this time.  In such cases, the amounts are listed as "Unknown" or "Undetermined."  Accordingly, the Schedules and the Statements may not equal the aggregate value of the Debtors' total liabilities as noted on any previously issued financial statements.

The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change.  The Debtors reserve the right to, but are not required to, amend the Schedules and Statements as they deem appropriate to reflect this.

The liabilities listed on the Schedules and Statements do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code.  Accordingly, the Debtors reserve all rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim.

**Excluded Assets and Liabilities**.  The Debtors believe that they have identified, but did not necessarily value, all material categories of assets and liabilities in the Schedules. The Debtors have excluded the following items which may be included in their GAAP financial statements from the Schedules:  certain accrued liabilities, including, without limitation, accrued salaries, employee benefit accruals, and certain other accruals, trusts, certain prepaid and other current assets considered to have no market value, and deferred gains.  The Debtors also have excluded rejection damage claims of counterparties to executory contracts and unexpired leases that may be rejected, to the extent such damage claims exist.  Other immaterial assets and liabilities may also have been excluded.

**Confidentiality**.  Addresses of current and former employees (including directors and officers) of the Debtors are generally not included in the Schedules and Statements. Notwithstanding, the Debtors will mail any required notice or other documents to the address in their books and records for such individuals.

Specific disclosure of certain claims, names, addresses, or amounts may be subject to certain disclosure restrictions contained in the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), or otherwise, and in any event, are of a particularly personal and private nature.  On February 12, 2019, the Court entered the *Order Authorizing Certain Procedures to Maintain and Protect the Confidentiality of Patient Information as Required by Applicable Privacy Rules* [Docket No. 40] (the "Privacy Procedures Order") establishing certain Privacy Procedures (as defined in the Privacy Procedures Order).  With respect to the Schedules and Statements, the Privacy Procedures Order provides that:

> (b)      the Debtors shall identify current or former patients in the Schedules and Statements solely by a code number, such as "Patient 1," "Patient 2," and so forth, and shall make

> an unredacted copy of the Schedules and Statements
> available to (i) the Court and to the United States Trustee
> upon request; and (ii) any other party-in-interest only after
> this Court has entered an order, after notice and a hearing,
> authorizing the Debtors or the Claims and Noticing Agent to
> do so.

Privacy Procedures Order ¶ 2(b). In accordance with HIPAA and the Privacy Procedures Order, to the extent the Debtors believe a claim, name, address, or amount falls under the purview of HIPAA or includes information that is personal or private in nature, such claims, names, addresses, or amounts, as applicable, have been redacted.

**Intercompany Transactions**. Prior to the Petition Date (and subsequent to the Petition Date but only pursuant to Bankruptcy Court approval), the Debtors routinely engaged (and continue to engage) in intercompany transactions with both Debtor and non-Debtor subsidiaries and affiliates. The Debtors have historically maintained their books and records on a regional or product-line basis rather than a legal-entity basis. Accordingly, Debtor entity-level information regarding intercompany transactions is not reflected in the Schedules where such information is unavailable. The Debtors and their professional advisors are continuing to work through the thousands of intercompany transactions among and between the Debtors and their non-Debtor subsidiaries and affiliates.

**Bankruptcy Court First-Day Orders**. The Bankruptcy Court has authorized the Debtors to pay various outstanding prepetition claims, including, but not limited to, payments relating to the Debtors' employee wages and compensation, customer programs and refunds, benefits, reimbursable business expenses, certain taxes and insurance, and certain critical vendors and lien claimants (such orders, collectively, the "First-Day Orders"). Accordingly, the scheduled claims are intended to reflect sums due and owing before the Petition Date for which the Debtors did not obtain relief from the Bankruptcy Court to satisfy. The estimate of claims set forth in the Schedules, however, may not reflect assertions by the Debtors' creditors of a right to have such claims paid or reclassified under the Bankruptcy Code or orders of the Bankruptcy Court.

**Liens**. The inclusion on Schedule D of creditors that have asserted liens against the Debtors is not an acknowledgement of the validity, extent, or priority of any such liens, and, except as otherwise agreed to in accordance with a stipulation or order entered by the Bankruptcy Court, the Debtors reserve their right to challenge such liens and the underlying claims on any ground whatsoever. Reference to the applicable agreements and other relevant documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens. Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements. Certain liens may have been inadvertently marked as disputed but had previously been acknowledged in an order of the Court as not being disputed by the Debtors. It is not the Debtors' intent that Schedules be construed to supersede any orders entered by the Bankruptcy Court.

To the extent the value of the collateral securing a claim listed on Schedule D is insufficient to satisfy the full amount such claim, the holder of such undersecured claim will have an unsecured deficiency claim against the applicable Debtor for the remaining amount.  Such unsecured deficiency claims are not listed on Schedule E/F.

**Leases**.  In the ordinary course of their businesses, the Debtors lease facilities and equipment from certain third-party lessors for use in their daily operations.  Any such leases and equipment are set forth in Schedules A/B and G.  Nothing in the Schedules is or shall be construed as an admission or determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect to any such issues.

Leasehold improvements listed in Schedule A/B may become property of the landlord upon termination of the lease.

**Intellectual Property Rights**.  Exclusion of certain intellectual property shall not be construed to be an admission that those intellectual property rights have been sold, abandoned, or terminated, or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property shall not be construed to be an admission that those intellectual property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Accordingly, the Debtors reserve all of their rights as to the legal status of all intellectual property rights.

**Setoff**.  Prior to the Petition Date, and in the ordinary course of their businesses, the Debtors incurred setoffs in connection with, among other things, intercompany and third-party transactions.  Unless otherwise stated, certain setoffs that were incurred in the ordinary course or under customary practices are not listed in the Schedules and Statements and the Debtors have not intentionally offset amounts listed on Schedules A/B, D, or E/F.  Nonetheless, some amounts listed may have been affected by setoffs of which the Debtors are not yet aware.  The Debtors reserve all rights to challenge any setoff and/or recoupment rights that may be asserted.

**Guarantees and Other Secondary Liability Claims**.  The Debtors have used their reasonable best efforts to locate and identify guarantees and other secondary liability claims (collectively, "<u>Guarantees</u>") in each of their executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements.  Where such Guarantees have been identified, they have been included in the relevant Schedule for the Debtor or Debtors affected by such Guarantees.  The Debtors have placed Guaranty obligations on Schedule H for both the primary obligor and the guarantor of the relevant obligation.  Such Guarantees were also placed on Schedule D or E/F for each guarantor, except to the extent that such Guarantee is associated with obligations under an executory contract or unexpired lease identified on Schedule G.  Further, it is possible that certain Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements may have been inadvertently omitted.  Thus, the Debtors reserve their rights to amend the Schedules and Statements to the extent that additional Guarantees are identified.  In

7

addition, the Debtors reserve the right to amend the Schedules and Statements to recharacterize or reclassify any such contract or claim.

**Payments**.  The financial affairs and businesses of the Debtors are complex.  Before the Petition Date, the Debtors and certain of their non-Debtor affiliates participated in a consolidated cash management system through which certain payments were made by one entity on behalf of another.  As a result, certain payments reported in the Statements may have been made prepetition by one Debtor entity on behalf of another Debtor entity through the operation of the consolidated cash management system.  A description of the Debtors' prepetition cash management system is set forth in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Continued Use of Existing Cash Management System, Bank Accounts, and Business Forms and Payment of Related Prepetition Obligations; (II) Modifying Certain Deposit Requirements; and (III) Authorizing Continuance of Intercompany Transactions and Honoring Certain Related Prepetition Obligations* [Docket No. 9] (the "Cash Management Motion").

**Insiders**.  For purposes of their responses to Statement Questions 28 and 29, the Debtors have listed their respective officers and directors for each individual Debtor entity to the extent available based on current records.  For purposes of Statement Question 4, the Debtors have included the following as "insiders":  (a) all members of the board of directors of the Debtors;  (b) six of the Debtors' senior executives;  and (c) certain Debtor affiliates of each Debtor (representing either the direct parent or direct subsidiary—to the extent such affiliate is also a Debtor).  In the ordinary course of the Debtors' businesses, directors and officers of one Debtor may have been employed and paid by another Debtor or a non-Debtor affiliate.

Persons listed as "insiders" have been included for informational purposes only.  The Debtors do not take any position with respect to:  (a) such person's influence over the control of the Debtors;  (b) the management responsibilities or functions of such individual;  (c) the decision-making or corporate authority of such individual;  or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities laws, or with respect to any theories of liability or for any other purpose.

**Signatory**.  The Schedules and Statements have been signed by David F. Smith III, in his capacity as Chief Financial Officer of the Debtors.  In reviewing and signing the Schedules and Statements, Mr. Smith has necessarily relied upon the efforts, statements, and representations of various of the Debtors' personnel and professionals.  Mr. Smith has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors and their addresses.

**Limitation of Liability**.  The Debtors and their officers, employees, agents, attorneys, and financial advisors do not guarantee or warrant the accuracy, completeness, or currentness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused, in whole or in part, by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein.  In no event shall the Debtors or their officers, employees, agents, attorneys, and financial advisors

be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused.

In addition to the foregoing, the following conventions were adopted by the Debtors in the preparation of the Schedules and Statements:

## Schedules of Assets and Liabilities

**Schedule A/B Notes**.

- <u>General</u>. Each Debtor's assets in Schedule A/B are listed at net book value based on the Debtors' reasonable best efforts as of January 31, 2019, unless otherwise noted, and may not necessarily reflect the market or recoverable value of these assets as of the Petition Date. As of the date of these filings, the Debtors are still in the process of completing the audit of their books and records as of December 31, 2018, as well as finalizing their records as of the Petition Date. As such, the balances presented in Schedule A/B are subject to further revision and change.

- <u>Deposits, Including Security Deposits and Utility Deposits (AB7)</u>. The current value of each Debtor's interest in deposits is provided as of January 31, 2019.

- <u>Prepayments, Including Prepayments on Executory Contracts, Leases, Insurance, Taxes, and Rent (AB8)</u>. The current value of each Debtor's interest in prepayments is provided as of January 31, 2019.

- <u>Accounts Receivable (AB11)</u>. The current value of each Debtor's interest in accounts receivable is provided as of January 31, 2019.

- <u>Non-Publicly Traded Stock and Interests in Incorporated and Unincorporated Businesses, Including Any Interest in an LLC, Partnership, or Joint Venture (AB15)</u>. The value of the Debtors' ownership interests in subsidiaries and other affiliates have been identified in AB15 in an undetermined amount because the fair market value of such ownership interest is dependent on numerous variables and factors that may cause their fair market value to differ materially from their net book value.

- <u>Inventory, Excluding Agriculture Assets (AB19–26)</u>. The current value of each Debtor's interest in inventory is provided as of January 31, 2019.

- <u>Inventory Purchased Within 20 Days Before Petition Date (AB25)</u>. The Debtors purchased inventory and supplies on a regular basis, and the Debtors continued to make purchases within the 20 days prior to the Petition Date. However, given the number of Debtors and the complexity of their businesses, it would be unduly burdensome to obtain and verify a list of all purchases made within 20

days of their respective Petition Date.  As such, the Debtors have not determined the value of inventory purchases within 20 days of the filing.

- Office Furniture, Fixtures, and Equipment (AB39–41).  The current value of each Debtor's interest in office furniture, fixtures, and equipment is provided as of January 31, 2019.

- Business Licenses (AB62).  The Debtors have listed all known business licenses for each Debtor.  Any omissions were due to system limitations or inadvertent error.  Under the Bankruptcy Code, any omitted business licenses are not impaired by omission.  The Schedules may be amended at any time to add any omitted business licenses.

- Tax Refunds and Net Operating Losses (AB72).  Certain Debtors have accumulated significant net operating loss ("NOL") carryforwards and other tax credit carryovers for United States federal and state income tax purposes.  However, as of the Petition Date, the estimated value of these NOLs is unknown.

**Schedule D Notes**.

- Creditors' claims on Schedule D arose, or were incurred, on various dates.  In certain instances, the date on which such claim arose is an open issue of fact.

- Except as otherwise agreed in accordance with a stipulation and order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien listed on Schedule D purported to be granted to a secured creditor or perfected in any specific asset.

- Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights, except as otherwise agreed to in accordance with a stipulation and order entered by the Bankruptcy Court, to dispute or challenge the secured nature of any creditor's claim or the characterization of the structure of any transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim.

- In certain instances, a Debtor may be a co-obligor or guarantor with respect to scheduled claims of other Debtors, and no claim scheduled on Schedule D is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other Debtors or other entities.

- The Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights.  Although there are multiple parties that hold a portion of the debt included in the Debtors' prepetition secured credit facilities, only the administrative agents have been listed for purposes of Schedule D.  The amounts outstanding under

the Debtors' prepetition secured credit facilities reflect approximate amounts as of the Petition Date.

- The descriptions provided on Schedule D are intended only as a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens. Nothing in these Global Notes or in the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements or related documents.

- To the extent the value of the collateral securing a claim listed on Schedule D is insufficient to satisfy the full amount such claim, the holder of such undersecured claim will have an unsecured deficiency claim against the applicable Debtor for the remaining amount. Such unsecured deficiency claims are not listed on Schedule E/F.

**Schedule E/F Notes**.

- The Debtors have made reasonable efforts to report all priority and general unsecured claims against the Debtors on Schedule E/F based on the Debtors' books and records as of the Petition Date. However, the actual amount of claims against the Debtors may vary significantly from the represented liabilities. Parties in interest should not accept that the listed liabilities necessarily reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims. Similarly, parties in interest should not anticipate that recoveries in these cases will reflect the relationship of the aggregate asset values and aggregate liabilities set forth in the Schedules. Parties in interest should consult their own professionals and advisors with respect to pursuing a claim. Actual liabilities (and assets) may deviate significantly from the Schedules due to certain events that occur throughout these Chapter 11 Cases.

- The claims listed on Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a claim arose may be unknown or subject to dispute. Although reasonable efforts have been made to determine the date upon which claims listed on Schedule E/F were incurred or arose, fixing that date for each claim on Schedule E/F would be unduly burdensome and cost-prohibitive and, therefore, the Debtors have not listed a date for each claim listed on Schedule E/F.

- Certain tax claims are, or may in the future be, subject to audit, and the Debtors are unable to determine with certainty the amount of certain tax claims listed on Schedule E/F. Therefore, the Debtors have listed such claims as "Unliquidated" in amount, pending final resolution of any ongoing or future audits or outstanding issues. In addition, there may be other contingent, unliquidated claims from state and local taxing authorities, not all of which are listed.

- The Bankruptcy Court has approved the payment of certain unsecured employee claims against the Debtors including, without limitation, certain claims of employees for wages, salaries, and benefits including paid time off ("PTO"). Due to confidentiality concerns, the Debtors have suppressed the addresses of the employee claimants listed on Schedule E/F. Additionally, due to system limitations and resource constraints within the Debtors' human resource functions, the Debtors are unable at this time to accurately present accrued but unpaid remaining PTO as of the Petition Date and have excluded such claims in the presentation of Schedule E/F. In general, all other employee claims for items that were not clearly authorized to be paid by the Bankruptcy Court have been included in the Schedules and Statements.

- The listing of any priority claim on Schedule E/F does not constitute an admission by the Debtors that such claim is entitled to priority treatment under section 507 of the Bankruptcy Code. The Debtors reserve the right to take the position that any claim listed on Schedule E/F is not entitled to priority.

- The Bankruptcy Court approved the payment of certain non-priority unsecured claims against the Debtors including, without limitation, claims of critical vendors and lien claimants. While the Debtors have made every effort to reflect the current obligations on Schedule E/F, certain payments made, and certain invoices received, after the Petition Date may not be accounted for in Schedule E/F.

- Schedule E/F also contains the information available to the Debtors at this time regarding pending litigation involving the Debtors. The inclusion of any legal action in the Schedules and Statements does not constitute an admission by the Debtors of any liability, the validity of any litigation, the amount of any potential claim that may result with respect to any legal action, or the amount and treatment of any potential claim resulting from any legal action currently pending or that may arise in the future.

- The information regarding litigation involving the Debtors includes medical malpractice lawsuits. All asserted or potential medical malpractice claims reference in Schedule E/F are contingent, unliquidated, and disputed. Specific disclosure regarding asserted or potential medical malpractice claims may be subject to certain disclosure restrictions contained in HIPAA and, in any event, are of a peculiarly personal and private nature. The Debtors continue to research any possible HIPAA or other restrictions with respect to disclosure of asserted or potential malpractice claims. The Debtors will amend or supplement these Schedules and Statements as necessary or appropriate in this regard. The Debtors also intend to petition the Court for separate notice procedures with regard to providing notice to medical malpractice claimants of these Chapter 11 Cases and any bar dates.

- Schedule E/F does not include certain deferred liabilities, accruals, or general reserves. Such amounts are general estimates and do not represent specific claims as of the Petition Date for each respective Debtor.

- In the ordinary course of business, the Debtors generally receive invoices for goods and services after the delivery of such goods or services. As of the filing of the Schedules and Statements, the Debtors had not received all invoices for payables, expenses, or liabilities that may have accrued before the Petition Date. Accordingly, the information contained in Schedules E/F may be incomplete. The Debtors reserve the right, but are not required, to amend Schedules E/F if and as they receive such invoices. The claims of individual creditors are generally listed at the amounts recorded on the Debtors' books and records and may not reflect credits or allowances due from the creditor. The Debtors reserve all of their rights concerning credits or allowances.

- As part of the Debtors' normal business operations, overpayments from customers, patients, and insurance companies are recorded from time to time. The unreconciled amount of such overpayments as recorded in the Debtors' accounting records are approximations because reconciling and determining the exact amount payable with respect to such overpayments is a time-consuming manual process. Generally, the Debtors only calculate the exact amount of the customer, patient, and insurance company overpayments if and when the payor requests a refund. The number of customers, patients, or insurance companies that will ultimately be entitled to a refund is not possible to know at this time. Thus, out of an abundance of caution, the Debtors have scheduled all customer, patient, and insurance company overpayments they are currently aware of as contingent and unliquidated claims in "Undetermined" or "Unknown" amounts. Consistent with the Privacy Procedures Order and HIPAA disclosure restrictions, the names of current or former patients with potential overpayment claims are listed by a code number such as "Patient 1," "Patient 2," and so forth.

- The Debtors are continuing to work with their insurance broker and insurance carriers to obtain contact information for plaintiffs in certain pending claims and litigations involving the Debtors. To the extent the Debtors are able to obtain such additional information, the Debtors will file an amendment to the Statements incorporating such information.

- To the extent the value of the collateral securing a claim listed on Schedule D is insufficient to satisfy the full amount such claim, the holder of such undersecured claim will have an unsecured deficiency claim against the applicable Debtor for the remaining amount. Such unsecured deficiency claims are not listed on Schedule E/F.

**Schedule G Notes**.

- The Debtors hereby reserve all rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement Schedule G as necessary. Additionally, the placing of a contract or lease onto Schedule G shall not be deemed an admission that such contract is an executory contract or unexpired lease, or that it is necessarily a binding, valid, and enforceable contract. Any and all of the Debtors' rights, claims, and causes of action with respect to the contracts and agreements listed

13

on Schedule G are hereby reserved and preserved.  In addition, the Debtors are continuing their review of all relevant documents and expressly reserve their right to amend all Schedules at a later time as necessary and/or to challenge the classification of any agreement as an executory contract or unexpired lease in any appropriate filing.

- The same supplier or provider may appear multiple times in Schedule G.  This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider.

- Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease.  The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.  Schedule G may be amended at any time to add any omitted contract or agreement.

- The contracts, agreements, and leases listed on Schedule G may have expired or may have been rejected, terminated, assigned, modified, amended, and/or supplemented from time to time by various amendments, change orders, restatements, waivers, estoppel certificates, letters, and other documents, instruments, and agreements that may not be listed therein or that may be listed as a single entry.  The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract, a single contract or agreement, or multiple, severable, or separate contracts.

- Certain of the real property leases listed on Schedule G may contain renewal options, guarantees of payment, options to purchase, rights of first refusal, rights to lease additional space, and other miscellaneous rights.  Such rights, powers, duties, and obligations are not set forth on Schedule G.  Certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings, and their inclusion on Schedule G is not an admission that the agreement is an executory contract, financing agreement, or otherwise.

- Certain of the contracts, agreements, and leases listed on Schedule G may have been entered into by more than one of the Debtors.  Further, in certain instances, the specific Debtor obligor to an executory contract could not be ascertained.  In such cases, the Debtors have made their best efforts to determine the correct Debtor's Schedule G on which to list such executory contract.

**Schedule H Notes**.

- In the ordinary course of their businesses, the Debtors may be involved in pending or threatened litigation and claims.  These matters may involve multiple plaintiffs and defendants, some or all of which may assert cross-claims and counterclaims against other parties.  Because all such claims are "contingent,"

"unliquidated," or "disputed," such claims have not been set forth individually on Schedule H.

- Although there are multiple parties that hold a portion of the debt included in the Debtors' prepetition secured credit facilities and unsecured notes, only the administrative agents and indenture trustees, as applicable, have been listed for purposes of Schedule H.

## Statement of Financial Affairs

**Statement Question 1 – Income from Operations**.  Gross revenue before deductions and exclusions is provided as of January 31, 2019.

**Statement Questions 3 and 4 – 90-Day Payments and Payments to Insiders**.  For the Debtors, cash is treated as fungible.  Cash is often transferred between Debtor accounts and disbursements are made out of Debtor bank accounts on behalf of other Debtors.  The Debtor for which a disbursement is booked on the financials is not always the same Debtor on the bank account from which a disbursement is paid.  Therefore, the disbursements listed in Statement Questions 3 and 4 are not listed by the Debtor for which a disbursement was booked, but rather by the Debtor from whose bank account the disbursement was paid.  Refer to Global Note "Insiders" for further detail on Statement Question 4.

**Statement Question 7 – Legal Actions**.  The Debtors have made reasonable best efforts to identify all current pending litigation involving the Debtors.  However, certain omissions may have occurred.  The inclusion of any legal action in this question does not constitute an admission by the Debtors of any liability, the validity of any litigation, the amount of any potential claim that may result with respect to any legal action, or the amount and treatment of any potential claim resulting from any legal action currently pending or that may arise in the future.

The Debtors are continuing to work with their insurance broker and insurance carriers to obtain contact information for plaintiffs in certain pending litigations involving the Debtors.  To the extent the Debtors are able to obtain such additional information, the Debtors will file an amendment to the Statements incorporating such information.

**Statement Question 11 – Payments Related to Bankruptcy**.  During the year prior to the Petition Date, the Debtors sought assistance from various professionals and have included all payments made to those professionals, including those services unrelated to the bankruptcy filing.  Due to timing and resource limitations, the Debtors are unable to effectively bifurcate payments solely related to debt restructuring and/or bankruptcy for the one-year period prior to the Petition Date.  As a result, the payments listed in response to this question may include payments not related to debt restructuring and/or bankruptcy for certain professionals listed.

**Statement Question 17 – ERISA, 401(k), 403(b), Pension Funds**.  During the six years prior to the Petition Date, the Debtors acquired numerous entities whose employees participated in ERISA, 401(k), 403(b), or other pension or profit-sharing plans made available by such entities as employee benefits (each, an "Employee Plan").

Accordingly, although the Debtors have included all Employee Plans they currently maintain in Statement Question 17, certain discontinued Employee Plans may have been omitted.

**Statement Question 25 – Businesses in Which the Debtors Have an Interest**.  Given the complexities of the organizational structure of the Debtors, for purposes of Statement Question 25, the Debtors have listed only the direct subsidiaries of each Debtor entity.

**Statement Question 26d – Recipients of Financial Statements**.  The Debtors did not maintain detailed records of the numerous financial institutions, creditors, and other parties to whom they have provided financial statements in the ordinary course of business within two years immediately before the Petition Date.  Although the Debtors have made reasonable efforts to identify all such recipients, there may be inadvertent errors or omissions for Statement Question 26d.

**Statement Question 28 and 29 – Current and Former Officer and Directors**.  The Debtors have made reasonable best efforts to list the known current and former officers and directors for each Debtor entity based on a review of existing books and records and other available information that may not be complete and updated as of the Petition Date.  As such, there may be inadvertent errors or omissions for Statement Questions 28 and 29 due to these limitations.  See Global Note "Insiders" for further detail.

**Statement Question 30 – Payments, Distributions, or Withdrawals to Insiders**.  Refer to Statement Question 4 for this item.

Fill in this information to identify the case:

| | |
|---|---|
| Debtor | TRIDENT HOLDING COMPANY, LLC |

United States Bankruptcy Court for the:

| | |
|---|---|
| Case number (if known) | 19-10384 |

☐ Check if this is an
amended filing

Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    04/16

**The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**

## Part 1:    Income

1.  **Gross revenue from business**

    ☑ None

2.  **Non-business revenue**
    Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

    ☑ None

## Part 2:    List Certain Transfers Made Before Filing for Bankruptcy

3.  **Certain payments or transfers to creditors within 90 days before filing this case**
    List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

    ☑ None

4.  **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
    List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

    ☑ None

5.  **Repossessions, foreclosures, and returns**
    List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

    ☑ None

6.  **Setoffs**
    List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

    ☑ None

## Part 3:    Legal Actions or Assignments

7.  **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
    List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity-within 1 year before filing this case.

    ☐ None

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| REDACTED, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF PATIENT 34016 VS BUCKINGHAM SENIOR LIVING COMMUNITY, INC., SENIOR QUALITY LIFESTYLES CORPORATION,<br><br>**Case number**<br>CAUSE NO. 2018-21464 / COURT NO. 152 | RADIOLOGIST ALLEGEDLY MISREAD FILMS | DISTRICT COURT OF HARRIS COUNTY, TX<br>C/O ALLAN BRAIN | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| THE ESTATE OF PATIENT 340213, BY AND THROUGH REDACTED, ADMINISTRATOR V. SYMPHONY DIAGNOSTIC SERVICES NO. 1, LLC DBA MOBILEXUSA AND MOBILEX USA.<br><br>**Case number**<br>CASE NO. MRP-2018-0119 | PLAINTIFF ALLEGES MISREAD XRAY; PATIENT DIED | COMMONWEALTH OF KENTUCKY CABINET FOR HEALTH AND FAMILY SERVICE MEDICAL REVIEW PANEL BRANCH<br>C/O FREDERICK LAW FIRM<br>ATTN: CARL D FREDERICK<br>161 CHENOWETH LN<br>LOUISVILLE, KY 40207 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |

8. **Assignments and receivership**
   List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

   ☑ None

**Part 4:**    **Certain Gifts and Charitable Contributions**

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

   ☑ None

**Part 5:**    **Certain Losses**

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

    ☑ None

**Part 6:**    **Certain Payments or Transfers**

11. **Payments related to bankruptcy**
    List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

    ☑ None

12. **Self-settled trusts of which the debtor is a beneficiary**
    List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
    Do not include transfers already listed on this statement.

    ☑ None

13. **Transfers not already listed on this statement**
    List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs.
    Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

    ☑ None

**Part 7:**    **Previous Locations**

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☑ Does not apply

| Part 8: | Health Care Bankruptcies |
|---|---|

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:
— diagnosing or treating injury, deformity, or disease, or
— providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.

| Part 9: | Personal Identifiable Information |
|---|---|

**16. Does the debtor collect and retain personally identifiable information of customers?**

☑ No.
☐ Yes. State the nature of the information collected and retained.

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☐ No. Go to Part 10.
☑ Yes. Does the debtor serve as plan administrator?

    ☐ No. Go to Part 10.
    ☑ Yes. Fill in below:

| Name of plan | Employer identification number of the plan |
|---|---|
| TRIDENT HOLDING COMPANY, LLC 401(K) PLAN | 47-2436396 |

Has the plan been terminated?
☑ No
☐ Yes

| Part 10: | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |
|---|---|

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| Part 11: | Property the Debtor Holds or Controls That the Debtor Does Not Own |
|---|---|

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

| Part 12: | Details About Environmental Information |
|---|---|

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).
- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.
- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☒ No
☐ Yes. Provide details below.

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☒ No
☐ Yes. Provide details below.

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

☒ No
☐ Yes. Provide details below.

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

25. **Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☒ None

26. **Books, records, and financial statements**
26a.   List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| DAVID SMITH<br>C/O TRIDENT HOLDING COMPANY, LLC<br>930 RIDGEBROOK ROAD<br>3RD FLOOR<br>SPARKS, MD  21152 | From  3/2017          To  CURRENT |
| J. MICHAEL YOUNG<br>C/O TRIDENT HOLDING COMPANY, LLC<br>930 RIDGEBROOK ROAD<br>3RD FLOOR<br>SPARKS, MD  21152 | From  JUNE 2010   To  CURRENT |

26b.   List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| RSM US LLP<br>518 TOWNSHIP LINE RD<br>BLUE BELL, PA  19422 | From  2009          To  CURRENT |

26c.   List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| DAVID SMITH<br>C/O TRIDENT HOLDING COMPANY, LLC<br>930 RIDGEBROOK ROAD<br>3RD FLOOR<br>SPARKS, MD  21152 | CHIEF FINANCIAL OFFICER |

(Name)

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| J. MICHAEL YOUNG<br>C/O TRIDENT HOLDING COMPANY, LLC<br>930 RIDGEBROOK ROAD<br>3RD FLOOR<br>SPARKS, MD  21152 | CORPORATE CONTROLLER |
| STEVE SHILLER<br>C/O TRIDENT HOLDING COMPANY, LLC<br>930 RIDGEBROOK ROAD<br>3RD FLOOR<br>SPARKS, MD  21152 | DIRECTOR OF FINANCIAL REPORTING |

26d.   List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address |
|---|
| ALEXANDER D GREENE<br>5 TRIPP LANE<br>AMONK, NY  10504 |
| ALVAREZ & MARSAL<br>600 MADISON AVE 6TH FL<br>NEW YORK, NY  10022 |
| ANKURA CONSULTING GROUP LLC<br>PO BOX 74007043<br>CHICAGO, IL  60674 |
| ARES CAPITAL CORPORATION<br>245 PARK AVE, 44TH FLOOR<br>NEW YORK, NY  10167 |
| ATLAS COPCO, LLC<br>92 INTERSTATE DRIVE<br>WEST SPRINGFIELD, MA  01089 |
| AUDAX<br>101 HUNTINGTON AVENUE<br>BOSTON, MA  02199 |
| CITIBANK, N.A.<br>1615 BRETT ROAD<br>NEW CASTLE, DE  19720 |
| CORTLAND CAPITAL MARKET SERVICES LLC<br>225 W WASHINGTON ST<br>9TH FL<br>CHICAGO, IL  60606 |
| ELEMENT FLEET CORPORATION<br>940 RIDGEBROOK RD<br>SPARKS GLENCOE, MD  21152-9390 |
| FORMATION CAPITAL, LLC<br>3820 MANSELL ROAD<br>SUITE 280<br>ALPHARETTA, GA  30022 |
| FRAZIER HEALTHCARE PARTNERS<br>601 UNION STREET<br>SUITE 3200<br>SEATTLE, WA  98101 |
| FTI CONSULTING INC<br>PO BOX 418005<br>BOSTON, MA  02241-8005 |
| MERCHANTS AUTOMOTIVE GROUP<br>P O BOX 414438<br>BOSTON, MA  22414-438 |
| MOODY'S INVESTORS SERVICE, INC.<br>7 WORLD TRADE CENTER<br>250 GREENWICH STREET<br>NEW YORK, NY  10007 |
| PJT PARTNERS LP<br>280 PARK AVE 16TH FL<br>NEW YORK, NY  10017 |

| Name and address |
|---|

REVELSTOKE CAPITAL PARTNERS
3033 1ST AVE.
SUITE 501
DENVER, CO  80206

RSM US LLP
FORMERLY MCGLADREY LLP
331 EST 3RD STREET
SUITE 200
DAVENPORT, IA  52801

S&P GLOBAL
225 FRANKLIN STREET
BOSTON, MA  02110

SAFANAD, INC.
505 FIFTH AVENUE
FLOOR 24
NEW YORK, NY  10017

SILVERPOINT CAPITAL LP
DBA SILVER POINT CAPITAL SERVICES LLC
2 GREENWHICH PLAZA
GREENWICH, CT  06830

SKADDEN ARPS SLATE MEAGHER AND FLOM
FOUR TIMES SQUARE
NEW YORK, NY  10036

TOP FLOOR CONSULTING, INC.
DBA LEVERAGE ADVISORS
7 GRASSMERE AVENUE
WINCHESTER, MA  01890

UNIVERSAL MEDICAL, INC.
PO BOX 1829
OLDSMAR, FL  34677

WELLTOWER, INC.
550 HERITAGE DRIVE
JUPITER, FL  33458

WHALE IMAGING, INC.
300 SECOND AVE
WALTHAM, MA  02451

THE DEBTORS PROVIDED FINANCIAL STATEMENTS ON BEHALF OF ONE OR
MORE DEBTORS TO THE PARTIES LISTED. IN ADDITION, IN THE ORDINARY
COURSE OF BUSINESS, THE DEBTORS PROVIDE CERTAIN PARTIES SUCH
AS FINANCIAL INSTITUTIONS, INVESTMENT BANKS, DEBTHOLDERS,
AUDITORS, POTENTIAL INVESTORS, VENDORS, AND FINANCIAL ADVISORS,
FINANCIAL STATEMENTS. THE DEBTORS DO NOT MAINTAIN COMPLETE
LISTS TO TRACK SUCH DISCLOSURES.
AS SUCH, THE DEBTORS HAVE NOT PROVIDED LISTS OF THESE PARTIES
IN RESPONSE TO THIS QUESTION.

27. **Inventories**
Have any inventories of the debtor's property been taken within 2 years before filing this case?
☑ None

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**
☐ None

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| FC PIONEER HOLDING COMPANY, LLC | 930 RIDGEBROOK ROAD 3RD FLOOR SPARKS, MD  21152 | PARENT | 100 |
| ANDREI SORAN | C/O TRIDENT HOLDING COMPANY, LLC 930 RIDGEBROOK ROAD 3RD FLOOR SPARKS, MD  21152 | PRESIDENT | NONE |
| DAVID SMITH | C/O TRIDENT HOLDING COMPANY, LLC 930 RIDGEBROOK ROAD 3RD FLOOR SPARKS, MD  21152 | CHIEF FINANCIAL OFFICER | NONE |

| Name | Address | Position and nature of any interest | % of interest, if any |
|------|---------|-------------------------------------|----------------------|
| THOMAS MCCAFFERY | C/O TRIDENT HOLDING COMPANY, LLC<br>930 RIDGEBROOK ROAD<br>3RD FLOOR<br>SPARKS, MD 21152 | GENERAL COUNSEL,<br>ASSISTANT SECRETARY | NONE |
| SCOTT BROWN | C/O TRIDENT HOLDING COMPANY, LLC<br>930 RIDGEBROOK ROAD<br>3RD FLOOR<br>SPARKS, MD 21152 | VICE PRESIDENT,<br>SECRETARY | NONE |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ None

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|------|---------|-------------------------------------|--------------------------------------------------|
| MARK PARRISH | C/O TRIDENT HOLDING COMPANY, LLC<br>930 RIDGEBROOK ROAD<br>3RD FLOOR<br>SPARKS, MD 21152 | PRESIDENT | From 11/19/2014 To 8/14/2018 |

30. **Payments, distributions, or withdrawals credited or given to insiders**
    Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☑ None

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ None

| Name of the parent corporation | Employer identification number of the parent corporation. |
|-------------------------------|----------------------------------------------------------|
| FC PIONEER, LLC | 81-4586683 |
| TRIDENT HOLDING COMPANY, LLC | 47-2436396 |

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ None

| Part 14: | Signature and Declaration |
|---|---|

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this _Statement of Financial Affairs_ and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 3/26/2019.

✖ /s/ DAVID SMITH                                          DAVID SMITH
Signature of individual signing on behalf of the debtor        Printed Name

CHIEF FINANCIAL OFFICER
Position or relationship to debtor

 Are additional pages to _Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy_ (Official Form 207) attached?
☒ No
☐ Yes