UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re* | **Chapter 11** |
| **TRIDENT HOLDING COMPANY, LLC,** *et al.*, | **Case No. 19-10384 (SHL)** |
| Debtors.[1] | **(Jointly Administered)** |

## ORDER (A) APPROVING THE ADEQUACY OF THE DEBTORS' DISCLOSURE STATEMENT AND NOTICE OF THE DISCLOSURE STATEMENT HEARING; (B) APPROVING SOLICITATION AND NOTICE PROCEDURES WITH RESPECT TO CONFIRMATION OF THE DEBTORS' JOINT PROPOSED PLAN; (C) APPROVING THE FORM OF VARIOUS BALLOTS AND NOTICES IN CONNECTION THEREWITH; AND (D) SCHEDULING CERTAIN DATES WITH RESPECT THERETO

Upon consideration of the motion (the "**Motion**") of the Debtors for entry of an

order (this "**Order**") under sections 105, 1123, 1125, 1126, and 1128 of the Bankruptcy Code,

Bankruptcy Rules 2002, 3016, 3017, 3018, and 3020 and Local Bankruptcy Rules 3017-1, 3018-

1, and 3020-1 (a) approving the adequacy of the *Disclosure Statement for the Joint Plan of*

*Reorganization of Trident Holding Company, LLC and Its Debtor Affiliates* dated as of March 25,

2019 [Docket No. 253] (as may be amended from time to time and including all exhibits and

supplements thereto, the "**Disclosure Statement**") and approving notice of the Disclosure

Statement Hearing; (b) approving solicitation and notice procedures with respect to confirmation

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: Trident Holding Company, LLC (6396); American Diagnostics Services, Inc. (2771); Community Mobile Diagnostics, LLC (9341); Community Mobile Ultrasound, LLC (3818); Diagnostic Labs Holdings, LLC (8024); FC Pioneer Holding Company, LLC (6683); JLMD Manager, LLC (8470); Kan-Di-Ki LLC (6100); Main Street Clinical Laboratory, Inc. (0907); MDX-MDL Holdings, LLC (2605); MetroStat Clinical Laboratory – Austin, Inc. (4366); MX Holdings, LLC (8869); MX USA, LLC (4885); New Trident Holdcorp, Inc. (4913); Rely Radiology Holdings, LLC (3284); Schryver Medical Sales and Marketing, LLC (9620); Symphony Diagnostic Services No. 1, LLC (8980); Trident Clinical Services Holdings, Inc. (6262); Trident Clinical Services Holdings, LLC (1255); TridentUSA Foot Care Services LLC (3787); TridentUSA Mobile Clinical Services, LLC (0334); TridentUSA Mobile Infusion Services, LLC (5173); U.S. Lab & Radiology, Inc. (4988). The address of the Debtors' corporate headquarters is 930 Ridgebrook Road, 3rd Floor, Sparks, MD 21152.

of the Debtors' proposed *Joint Plan of Reorganization of Trident Holding Company, LLC and Its Debtor Affiliates* dated March 25, 2019 [Docket No. 252] (as may be amended or supplemented from time to time and including all exhibits and supplements thereto, the "**Plan**"); (c) approving the forms of various ballots and notices in connection therewith; and (d) scheduling certain dates with respect thereto; and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431,* dated January 31, 2012 (Preska, C.J.); and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary except as provided herein; and a hearing having been held to consider the relief requested in the Motion (the "**Disclosure Statement Hearing**"); and the Court having reviewed the Motion, the Disclosure Statement, the Objections, and the Debtors' Omnibus Reply to the Disclosure Statement Objections (the "**Reply**"); and upon the record of the Disclosure Statement Hearing and all of the proceedings had before the Court; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, and all parties-in-interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and all objections to the Motion being overruled or withdrawn; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby;

**ORDERED, ADJUDGED, AND DECREED that:**

1.      The Motion is GRANTED, as set forth herein.[2]

---

[2]     All capitalized terms used, but not defined herein, shall have the meaning attributed to such terms in the Plan, the Disclosure Statement, the Motion, the Reply, or the Solicitation Procedures, as applicable.

I.      **Approval of the Disclosure Statement and the Notice of the Disclosure Statement Hearing**

2.      The Disclosure Statement complies with all aspects of section 1125 of the Bankruptcy Code and is hereby approved as containing "adequate information" (as defined by section 1125(a) of the Bankruptcy Code), and no further information is necessary.

3.      The Disclosure Statement complies with Bankruptcy Rule 3016(c) and describes, in specific and conspicuous language, the acts to be enjoined and the entities subject to the injunction, exculpation, and release (including third-party release) provisions contained in the Plan.

4.      The Disclosure Statement complies with all applicable Local Bankruptcy Rules.

5.      The Debtors are authorized to make non-material changes to the Disclosure Statement and related documents (including the exhibits thereto) before distributing Solicitation Packages to each creditor or other party-in-interest in accordance with the terms of this Disclosure Statement Order*; provided* that the Debtors shall file copies with the Court of any changed pages redlined to show changes from the prior version.

6.      The Disclosure Statement Hearing Notice, in substantially the form attached hereto as **Exhibit 1,** filed by the Debtors and served upon parties-in-interest in these Chapter 11 Cases and published (as may be modified for publication) in the national edition of the *New York Times*, constitutes adequate and sufficient notice of the time fixed for filing objections and the hearing to consider approval of the Disclosure Statement in accordance with Bankruptcy Rules 2002 and 3017 and Local Bankruptcy Rule 3017-1, and is hereby approved.

II.     **Fixing the Voting Record Date**

7.      **May 3, 2019** shall be the record date (the "**Voting Record Date**") for determining: (a) the holders of Claims and Interests entitled to receive a copy of the Solicitation Package; (b)

3

the Holders of Claims entitled to vote to accept or reject the Plan; and (c) whether Claims have

been properly transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the

assignee can vote as the Holder of such Claim.

8.      With respect to any transferred Claim, if the transferor of such Claim is entitled to

vote with respect to the Plan, the transferee shall be entitled to receive a Solicitation Package and

vote to accept or reject the Plan on account of the transferred Claim only if: (a) all actions necessary

to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by

the Voting Record Date; or (b) the transferee files, no later than the Voting Record Date, (i) the

documentation required by Bankruptcy Rule 3001(e) to evidence the transfer, and (ii) a sworn

statement of the transferor supporting the validity of the transfer. In the event a Claim is transferred

after the transferor has completed a Ballot, the transferee of such Claim shall be bound by any vote

(and the consequences thereof) made on the Ballot by the Holder as of the Voting Record Date of

such transferred Claim.

**III.     Approval of the Form of Ballots**

9.      The Ballots, substantially in the form attached hereto as **Exhibits 4-A through
4-D** are hereby approved. Such forms are (i) consistent with Official Form No. 14;

(ii) adequately address the particular needs of these Chapter 11 Cases; (iii) are appropriate for each

Class of Claims entitled to vote to accept or reject the Plan; and (iv) comply with Bankruptcy Rule

3017(d).

**IV.     Approval of Solicitation Package and the Procedures for Distribution Thereof**

10.     The Solicitation Package shall consist of the following materials, the form of each

of which, to the extent not otherwise approved herein, is hereby approved:

a)      the Confirmation Hearing Notice, substantially in the form attached hereto as
**Exhibit 2**;

b)    the appropriate Ballot(s) and applicable voting instructions, together with a pre-addressed, postage pre-paid return envelope;

c)    this Order (without exhibits except for the Solicitation Procedures attached as **Exhibit 5** hereto); and

d)    such other materials as may be ordered or permitted by the Court.

11.    The Solicitation Package provides Holders of Claims entitled to vote on the Plan with adequate information to make informed decisions with respect to voting on the Plan in accordance with Bankruptcy Rules 2002(b) and 3017(d), the Bankruptcy Code, and the Local Bankruptcy Rules.

12.    The Claims and Solicitation Agent, on behalf of the Debtors, shall transmit the Solicitation Package in accordance with the Solicitation Procedures to those Holders of Claims entitled to vote on the Plan as of the applicable Voting Record Date within five (5) Business Days after entry of this Order, or as soon as reasonably practicable thereafter (the "**Solicitation Mailing Commencement Deadline**").

13.    Holders of Claims in the following Classes (the "**Voting Classes**") are the only creditors entitled to vote to accept or reject the Plan:

| 1B – 1C | Priority First Lien Claims | Impaired | Entitled to Vote |
|---|---|---|---|
| 2B – 2C | First Lien Claims | Impaired | Entitled to Vote |
| 3B – 3C | Second Lien Claims | Impaired | Entitled to Vote |
| 6C | Operating Company General Unsecured Claims | Impaired | Entitled to Vote |

14.    The Solicitation Package is not required to include copies of the Disclosure Statement or the Plan, but, rather, the Debtors are directed to give notice of the Debtors' restructuring website at https://dm.epiq11.com/Trident (the "**Restructuring Information Website**"), where all Holders of Claims and Interests can access copies of this Order, the

Disclosure Statement, and the Plan (together with all exhibits thereto). Any party receiving the Solicitation Package may request a paper copy of the documents from the Claims and Solicitation Agent (a) in writing to the Claims and Solicitation Agent at Trident Holding Company, LLC Ballot Processing, c/o Epiq Corporate Restructuring, LLC, P.O. Box 4422, Beaverton, Oregon 97076-4422, (b) by calling (800) 960-1226 (toll free) or +1 (503) 597-7729 (international), (c) by emailing tabulation@epiqglobal.com with a reference to "Trident" in the subject line, or (d) by visiting the Debtors' Restructuring Information Website. If the Debtors receive such a request for a paper copy of the documents, the Debtors will send a copy to the requesting party at the Debtors' expense.

15.    The Debtors are excused from mailing a copy of the Solicitation Package to those entities to whom the Debtors mailed a notice regarding the Disclosure Statement Hearing and returned by the United States Postal Service or other carrier as undeliverable unless the Debtors, through the Claims and Solicitation Agent, are able in the exercise of reasonable due diligence to locate accurate addresses for such Entities not less than ten days prior to the Solicitation Mailing Commencement Deadline; in such circumstance, failure to distribute Solicitation Packages to such entities does not constitute inadequate notice of the Confirmation Hearing or the Voting Deadline, and is not a violation of Bankruptcy Rule 3017(d).

16.    Except to the extent the Debtors determine otherwise, the Debtors are not required to provide a copy of the Solicitation Package to certain Holders of Claims or Interests that are not classified in accordance with Bankruptcy Code section 1123(a)(1), or who are not entitled to vote because they are Unimpaired or otherwise presumed to accept the Plan under Bankruptcy Code section 1126(f), or who are not entitled to vote because they are deemed to reject the Plan under Bankruptcy Code section 1126(g). Instead, by the Solicitation Mailing Commencement Deadline or as soon as reasonably practicable thereafter, the Debtors shall mail to such parties, in lieu of the

Solicitation Package, (a) a copy of the Confirmation Hearing Notice, and (b) the appropriate Notice

of Non-Voting Status (and Release Election Form), in substantially the forms attached to this Order

as **Exhibits 3-A through 3-B**, the form of each of which is hereby approved. The Notices of Non-

Voting Status will provide that a copy of the Plan and the Disclosure Statement may be viewed on

the Restructuring Information Website or a paper copy of the documents may be requested from

the Claims and Solicitation Agent (a) in writing to the Claims and Solicitation Agent at Trident

Holding Company, LLC Ballot Processing, c/o Epiq Corporate Restructuring, LLC, P.O. Box

4422, Beaverton, Oregon 97076-4422, (b) by calling (800) 960-1226 (toll free) or +1 (503) 597-

7729 (international), (c) by emailing tabulation@epiqglobal.com with a reference to "Trident" in

the subject line, or (d) by  visiting the Debtors' Restructuring Information Website

17.     In addition, the Notices of Non-Voting Status distributed to Holders of Claims or

Interests deemed to reject the Plan will also feature the Release Election Forms. These materials

will include instructions for returning any completed Release Election Forms to the Claims and

Solicitation Agent.

18.     To ensure that counterparties to executory contracts and unexpired leases receive

notice of assumption or rejection of their contract or lease pursuant to the Plan and the procedures

for determining cure amounts with respect to executory contracts and unexpired leases that will be

assumed pursuant to the Plan, the Debtors will provide such parties with a notice, substantially in

the form attached hereto as **Exhibit 3-C** (the "**Executory Contract and Unexpired Lease**

**Notice**"). The Debtors may supplement Executory Contract and Unexpired Lease Notices as

necessary to conform with Exhibit 7.1 of the Plan and any modifications thereto.

**V.    Voting Deadline for Receipt of Ballots**

19.     In order for the votes of Holders of Claims in the Voting Classes to accept or reject

the Plan to be counted, each such Holder must properly complete, execute, and deliver its

respective Ballot so that it is ***actually received*** by the Claims and Solicitation Agent by (a) first class mail; (b) overnight courier; (c) personal delivery; or (d) through online transmission solely via, and in accordance with the instructions set forth on Epiq's E-Ballot platform on the Restructuring Information Website, in each case **no later than 4:00 p.m. prevailing Eastern Time on June 6, 2019** (the "**Voting Deadline**"). For an opt-in election for the Third-Party Release to count, (i) each voting Holder must properly complete, execute, and deliver its Ballot(s) in accordance with the applicable instructions on the Ballot and (ii) each Electing Holder must properly complete, execute, and deliver its Release Election Form in accordance with the instructions set forth on such Release Election Form, and in each case to be ***actually received*** by the Claims and Solicitation Agent **no later than the Voting Deadline**.

20.     The period during which the Debtors may solicit votes to accept or reject the Plan, as established by this Order, complies with the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules, and provides sufficient time for Creditors to make informed decisions to accept or reject the Plan and submit timely Ballots to the Claims and Solicitation Agent. The Debtors shall have the ability to extend the Voting Deadline in their sole discretion, and will reasonably consult with the Committee regarding any such extension of the Voting Deadline.

## VI.     Approval of Solicitation Procedures

21.     The Solicitation Procedures for the solicitation and tabulation of votes to accept or reject the Plan are incorporated by reference as if set forth fully herein and form an integral and indivisible part of this Order, provide for a fair and equitable voting process, and are consistent with sections 1125 and 1126 of the Bankruptcy Code.

22.     The Debtors are authorized to solicit, receive, and tabulate votes to accept the Plan in accordance with the Solicitation Procedures, substantially in the form attached hereto as **Exhibit 5**; *provided, however*, that the Debtors' right to make non-material amendments, modifications, or

supplements to the Solicitation Procedures is fully reserved if, in the Debtors' business judgment, doing so would better facilitate the solicitation process.

23.     Nothing contained in the Solicitation Procedures shall serve or be deemed to be a waiver of the Debtors' right to object to any filed proof of claim on substantive grounds.

24.     Epiq, the Debtors' solicitation agent, shall file the voting declaration by June 11, 2019.

**VII.    Establishing Confirmation Hearing Date, Notice, and Objection Procedures.**

25.     **The Confirmation Hearing will commence on June 13, 2019 at 11:00 a.m. (prevailing Eastern Time)** before the Honorable Sean H. Lane, United States Bankruptcy Judge, in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004. The Confirmation Hearing may be continued from time to time without further notice other than an adjournment announced in open court at the Confirmation Hearing or at any subsequent adjourned Confirmation Hearing.

26.     The Debtors shall publish the Confirmation Hearing Notice one time in the national edition of *The New York Times* to provide notification to those entities who may not receive notice by mail.

27.     In connection with the solicitation of votes with respect to the Plan, the Claims and Solicitation Agent shall serve as voting agent for all Creditors entitled to vote on the Plan. The Claims and Solicitation Agent is authorized and directed to assist the Debtors in (a) mailing the Solicitation Packages and other notices, (b) soliciting votes on the Plan, (c) receiving and tabulating Ballots cast on the Plan, (d) certifying to the Court the results of the balloting, and    (e) responding to inquiries from Creditors relating to the Plan, the Disclosure Statement, the Ballots, and matters related thereto. Ballots not received by the Voting Agent shall be deemed invalid and shall not be counted.

28.     Any objection to Confirmation of the Plan shall: (a) be made in writing;     (b) comply with the Bankruptcy Rules, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules for the Southern District of New York, the Case Management Procedures, and any other case management rules and orders of the Court; (c) state the name and address of the objecting party and the nature and amount of the claim against or interest in the Debtors, their estates, or their property; and (d) state with particularity the legal and factual basis for such objection, and, if practicable, a proposed modification to the Plan that would resolve such objection. Responses or objections, if any, also must be filed with the Court, together with proof of service thereon, and served upon each of the following parties so as to be ***actually received* no later than 4:00 p.m. prevailing Eastern Time on June 6, 2019** by:

(i)     counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036, Attn: Paul D. Leake (Paul.Leake@skadden.com) and Jason Kestecher (Jason.Kestecher@skadden.com), and 155 North Wacker Dr., Chicago, IL 60606, Attn: James J. Mazza, Jr. (James.Mazza@skadden.com) and Justin M. Winerman (Justin.Winerman@skadden.com);

(ii)     co-counsel to the Debtors, Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, NY 10119, Attn: Frank A. Oswald (foswald@teamtogut.com) and Kyle J. Ortiz (kortiz@teamtogut.com);

(iii)     the Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014, Attn: Brian Masumoto (Brian.Masumoto@usdoj.gov) and Shannon Scott (Shannon.Scott2@usdoj.gov);

(iv)     counsel to the administrative agent under the Debtors' Prepetition Priority First Lien Facility and DIP Facility, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019, Attn: Alan Kornberg (akornberg@paulwiess.com), Robert Britton (rbritton@paulweiss.com), Alexander Woolverton (awoolverton@paulweiss.com), and Grace C. Hotz (ghotz@paulweiss.com); and

(v)     counsel to the Creditors' Committee, Kilpatrick, Townsend, & Stockton LLP, 1114 Avenue of the Americas, New York, NY 10036, Attn: David Posner (dposner@kilpatricktownsend.com), Gianfranco Finizio (gfinizio@kilpatricktownsend.com), and Kelly Moynihan (kmoynihan@kilpatricktownsend.com).

29.     Objections must also be served on those parties who have formally appeared and requested service in these cases pursuant to Bankruptcy Rule 2002 and any other parties required to be served pursuant to the Case Management Procedures in these Chapter 11 Cases.

30.     Any objection to Confirmation of the Plan not timely filed, served, and received as set forth herein shall **not** be considered by the Court and shall be denied and overruled.

31.     The procedures set forth herein regarding notice to all parties-in-interest of the time, date, and place of the Confirmation Hearing and for filing objections or responses to the Plan, provide due, proper, and adequate notice, and comply with Bankruptcy Rules 2002 and 3017.

32.     The Debtors may file and serve, as appropriate (with a copy to the Court's chambers), replies or an omnibus reply to any filed objections and/or any briefs in support of confirmation so as to be ***actually received* on or before 4:00 p.m. prevailing Eastern Time on June 10, 2019**.

33.     The Debtors are authorized to make non-substantive changes to the Solicitation Package (including the Plan, the Disclosure Statement, and the Ballots), the Disclosure Statement Hearing Notice, the Confirmation Hearing Notice, the Notices of Non-Voting Status, the Release Election Forms, and the procedures contained herein and all related documents, without further order of the Court, including, without limitation, filling in any missing dates or other missing information, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan, any other materials in the Solicitation Package, the Disclosure Statement Hearing Notice, the Confirmation Hearing Notice, and the Notices of Non-Voting Status prior to distribution of such materials.

34.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

11

35.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: May 8, 2019
        New York, New York

_/s/ Sean H. Lane_
HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1**

**Disclosure Statement Hearing Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | **Chapter 11** |
| **TRIDENT HOLDING COMPANY, LLC, *et al.*,** | **Case No. 19-10384 (SHL)** |
| **Debtors.**[1] | **(Jointly Administered)** |

## NOTICE OF HEARING TO CONSIDER APPROVAL OF THE DISCLOSURE STATEMENT FOR THE JOINT PLAN OF REORGANIZATION OF TRIDENT HOLDING COMPANY, LLC AND ITS DEBTOR AFFILIATES

PLEASE TAKE NOTICE that on March 25, 2019, the debtors and debtors-in-possession in the above-captioned cases (collectively, the "**Debtors**") filed their proposed *Disclosure Statement for the Joint Plan of Reorganization of Trident Holding Company, LLC and Its Debtor Affiliates* [Docket No. 253] (as may be amended, supplemented, or otherwise modified, the "**Disclosure Statement**") and their proposed *Joint Plan of Reorganization of Trident Holding Company, LLC and Its Debtor Affiliates* [Docket No. 252] (as may be amended, supplemented, or otherwise modified, the "**Plan**").[2]

PLEASE TAKE FURTHER NOTICE that on March 25, 2019, the Debtors filed the *Debtors' Motion For Entry of an Order (A) Approving the Adequacy of the Debtors' Disclosure Statement and Notice of the Disclosure Statement Hearing; (B) Approving Solicitation and Notice Procedures With Respect to Confirmation of the Debtors' Joint Proposed Plan; (C) Approving the Form of Various Ballots and Notices in Connection Therewith; and (D) Scheduling Certain Dates With Respect Thereto* [Docket No. 254] (the "**Motion**"), with the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: Trident Holding Company, LLC (6396); American Diagnostics Services, Inc. (2771); Community Mobile Diagnostics, LLC (9341); Community Mobile Ultrasound, LLC (3818); Diagnostic Labs Holdings, LLC (8024); FC Pioneer Holding Company, LLC (6683); JLMD Manager, LLC (8470); Kan-Di-Ki LLC (6100); Main Street Clinical Laboratory, Inc. (0907); MDX-MDL Holdings, LLC (2605); MetroStat Clinical Laboratory – Austin, Inc. (4366); MX Holdings, LLC (8869); MX USA, LLC (4885); New Trident Holdcorp, Inc. (4913); Rely Radiology Holdings, LLC (3284); Schryver Medical Sales and Marketing, LLC (9620); Symphony Diagnostic Services No. 1, LLC (8980); Trident Clinical Services Holdings, Inc. (6262); Trident Clinical Services Holdings, LLC (1255); TridentUSA Foot Care Services LLC (3787); TridentUSA Mobile Clinical Services, LLC (0334); TridentUSA Mobile Infusion Services, LLC (5173); U.S. Lab & Radiology, Inc. (4988). The address of the Debtors' corporate headquarters is 930 Ridgebrook Road, 3rd Floor, Sparks, MD 21152.

[2]    Capitalized terms used in this Notice which are not defined have the meanings set forth in the Plan.

PLEASE TAKE FURTHER NOTICE that a hearing (the "**Disclosure Statement Hearing**") will be held before the Honorable Sean H. Lane, United States Bankruptcy Judge for the Southern District of New York, in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Courtroom 701, New York, NY 10004, on **May 1, 2019 at 2:00 p.m. (Prevailing Eastern Time)**, or as soon thereafter as counsel can be heard, to consider entry of an Order (the "**Disclosure Statement Order**"), which, among other things, finds that the Disclosure Statement contains "adequate information" within the meaning of section 1125 of title 11 of the United States Code (the "**Bankruptcy Code**") and approves the Disclosure Statement, certain other materials related to the solicitation of acceptances of the Plan, and the solicitation procedures. The Disclosure Statement Hearing may be adjourned from time to time, without further notice to creditors or parties-in-interest, by an announcement in the Court of such adjournment on the date scheduled for the Disclosure Statement Hearing, in the agenda filed with respect to the scheduled Disclosure Statement Hearing, or otherwise. Notwithstanding the foregoing, notice of any such adjournments or continuations will be set forth on the Debtors' restructuring website at https://dm.epiq11.com/Trident.

**THIS NOTICE IS NOT A SOLICITATION OF VOTES TO ACCEPT OR REJECT THE PLAN. VOTES ON THE PLAN MAY NOT BE SOLICITED UNLESS AND UNTIL THE DISCLOSURE STATEMENT IS APPROVED BY ORDER OF THE COURT.**

PLEASE TAKE FURTHER NOTICE that copies of the Disclosure Statement and the Plan, and other documents and materials related thereto, will be on file with the Office of the Clerk of the Bankruptcy Court (the "**Clerk**"), One Bowling Green, New York, NY 10004, for review during normal business hours; the Bankruptcy Court's electronic case filing system at www.nysb.uscourts.gov (a PACER login and password are required and a fee may be charged); and are also available free-of-charge under the "Key Documents" section of the Debtors' restructuring website at https://dm.epiq11.com/Trident. If you have any questions regarding this Notice, or if you would like paper copies, you may contact Epiq Corporate Restructuring, LLC (the "**Claims and Solicitation Agent**") by: (a) calling (800) 960-1226 (toll free) or +1 (503) 597-7729 (international); (b) visiting the Debtors' restructuring website at: https://dm.epiq11.com/Trident; (c) writing to Trident Holding Company, LLC Ballot Processing, c/o Epiq Corporate Restructuring, LLC, P.O. Box 4422, Beaverton, Oregon 97076-4422; and/or (d) emailing tabulation@epiqglobal.com with a reference to "Trident" in the subject line and request paper copies of the corresponding materials previously received in electronic format (to be provided at the Debtors' expense). **THE CLAIMS AND SOLICITATION AGENT IS NOT PERMITTED TO PROVIDE LEGAL ADVICE.**

PLEASE TAKE FURTHER NOTICE that responses and objections, if any, to the adequacy of the Disclosure Statement or the relief sought in connection therewith (each, a "**Disclosure Statement Objection**") must (a) be made in writing; (b) comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, the Case Management Procedures, and any other case management rules and orders of the Court; (c) state the name and address of the objecting party and the nature and amount of any claim or interest asserted by such party against the Debtors, their estates, or their property; (d) state with particularity the legal and factual bases and nature of such response or objection, and, if practicable, a proposed modification that would resolve

2

such response or objection; and (e) be filed with the Court, and served on the following parties, so as to be **actually received on or before April 24, 2019 at 4:00 p.m. (Prevailing Eastern Time)**:

| Counsel to the Debtors | United States Trustee |
|---|---|
| Skadden, Arps, Slate, Meagher & Flom LLP<br>Four Times Square, New York, NY 10036<br>Attn: Paul D. Leake (Paul.Leake@skadden.com)<br>  Jason N. Kestecher (Jason.Kestecher@skadden.com)<br>  and<br>155 North Wacker Dr., Chicago, IL 60606<br>Attn: James J. Mazza, Jr. (James.Mazza@skadden.com)<br>  Justin M. Winerman (Justin.Winerman@skadden.com)<br>  and<br>Togut, Segal & Segal LLP<br>One Penn Plaza, Suite 3335, New York, NY 10119<br>Attn: Frank A. Oswald (frankoswald@teamtogut.com)<br>  Kyle J. Ortiz (kortiz@teamtogut.com) | Office of the United States Trustee for Region 2<br>U.S. Federal Office Building<br>201 Varick Street, Suite 1006<br>New York, NY 10014<br>Attn: Shannon Scott (Shannon.Scott2@usdoj.gov)<br>  Brian Masumoto (Brian.Masumoto@usdoj.gov) |
| **Counsel to the Committee** | **Counsel to the Administrative Agent under the Debtors' Priority First Lien Facility and DIP Facility** |
| Kilpatrick Townsend & Stockton LLP<br>1114 Avenue of the Americas, New York, NY 10036<br>Attn: David M. Posner (dposner@kilpatricktownsend.com)<br>  Gianfranco Finizio (gfinizio@kilpatricktownsend.com)<br>  Kelly Moynihan (kmoynihan@kilpatricktownsend.com) | Paul, Weiss, Rifkind, Wharton & Garrison LLP<br>1285 6th Ave., New York, NY 10019<br>Attn: Alan W. Kornberg (akornberg@paulweiss.com)<br>  Robert Britton (rbritton@paulweiss.com)<br>  Alexander Woolverton (awoolverton@paulweiss.com)<br>  Grace C. Hotz (ghotz@paulweiss.com) |

**PLEASE TAKE FURTHER NOTICE THAT OBJECTIONS OR RESPONSES NOT TIMELY FILED, SERVED, AND RECEIVED IN THE MANNER SET FORTH ABOVE SHALL NOT BE CONSIDERED BY THE COURT AND BE DENIED AND OVERRULED.**

Objections must also be served on those parties who have formally appeared and requested service in these cases pursuant to Bankruptcy Rule 2002 and any other parties required to be served pursuant to the Case Management Procedures in these Chapter 11 Cases.

PLEASE TAKE FURTHER NOTICE THAT upon approval of the Disclosure Statement by the Court, Holders of Claims who are entitled to vote on the Plan will receive a Solicitation Package.

Dated: March 26, 2019
      New York, New York

                     SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

                     */s/ James J. Mazza, Jr.*
                     Paul D. Leake
                     Jason N. Kestecher
                     Four Times Square
                     New York, New York 10036-6522
                     Telephone: (212) 735-3000
                     Fax: (212) 735-2000

                     – and –

                     James J. Mazza, Jr. (admitted *pro hac vice*)
                     Justin M. Winerman (admitted *pro hac vice*)
                     155 North Wacker Drive
                     Chicago, Illinois 60606-1720
                     Telephone: (312) 407-0700
                     Fax: (312) 407-0411

                     *Counsel to Debtors and Debtors-in-Possession*

**EXHIBIT 2**

**Confirmation Hearing Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | **Chapter 11** |
| **TRIDENT HOLDING COMPANY, LLC, *et al.*,** | **Case No. 19-10384 (SHL)** |
| **Debtors.**[1] | **(Jointly Administered)** |

## NOTICE OF (A) CONFIRMATION HEARING WITH RESPECT TO JOINT PLAN OF REORGANIZATION OF TRIDENT HOLDING COMPANY, LLC AND ITS DEBTOR AFFILIATES AND (B) RELATED OBJECTION DEADLINE

PLEASE TAKE NOTICE that on March 25, 2019, the debtors and debtors-in-possession in the above-captioned cases (collectively, the "**Debtors**") filed their proposed *Disclosure Statement for the Joint Plan of Reorganization of Trident Holding Company, LLC and Its Debtor Affiliates* [Docket No. 253] (as may be amended, supplemented, or otherwise modified, the "**Disclosure Statement**") and their proposed *Joint Plan of Reorganization of Trident Holding Company, LLC and Its Debtor Affiliates* [Docket No. 252] (as may be amended, supplemented, or otherwise modified, the "**Plan**").[2]

PLEASE TAKE FURTHER NOTICE that on March 25, 2019, the Debtors filed the *Debtors' Motion For Entry of an Order (A) Approving the Adequacy of the Debtors' Disclosure Statement and Notice of the Disclosure Statement Hearing; (B) Approving Solicitation and Notice Procedures With Respect to Confirmation of the Debtors' Joint Proposed Plan; (C) Approving the Form of Various Ballots and Notices in Connection Therewith; and (D) Scheduling Certain Dates With Respect Thereto* [Docket No. 254] (the "**Motion**"), with the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: Trident Holding Company, LLC (6396); American Diagnostics Services, Inc. (2771); Community Mobile Diagnostics, LLC (9341); Community Mobile Ultrasound, LLC (3818); Diagnostic Labs Holdings, LLC (8024); FC Pioneer Holding Company, LLC (6683); JLMD Manager, LLC (8470); Kan-Di-Ki LLC (6100); Main Street Clinical Laboratory, Inc. (0907); MDX-MDL Holdings, LLC (2605); MetroStat Clinical Laboratory – Austin, Inc. (4366); MX Holdings, LLC (8869); MX USA, LLC (4885); New Trident Holdcorp, Inc. (4913); Rely Radiology Holdings, LLC (3284); Schryver Medical Sales and Marketing, LLC (9620); Symphony Diagnostic Services No. 1, LLC (8980); Trident Clinical Services Holdings, Inc. (6262); Trident Clinical Services Holdings, LLC (1255); TridentUSA Foot Care Services LLC (3787); TridentUSA Mobile Clinical Services, LLC (0334); TridentUSA Mobile Infusion Services, LLC (5173); U.S. Lab & Radiology, Inc. (4988). The address of the Debtors' corporate headquarters is 930 Ridgebrook Road, 3rd Floor, Sparks, MD 21152.

[2]    Capitalized terms used in this Notice which are not defined have the meanings set forth in the Plan.

PLEASE TAKE FURTHER NOTICE that on May 8, 2019, the Court entered the *Order (A) Approving the Adequacy of the Debtors' Disclosure Statement and Notice of the Disclosure Statement Hearing; (B) Approving Solicitation and Notice Procedures With Respect to Confirmation of the Debtors' Joint Proposed Plan; (C) Approving the Form of Various Ballots and Notices in Connection Therewith; and (D) Scheduling Certain Dates With Respect Thereto* [Docket No. [●]] (the "**Disclosure Statement Order**").

PLEASE TAKE FURTHER NOTICE that pursuant to the Disclosure Statement Order, only Holders of Claims in Classes 1B-1C (Priority First Lien Claims), Classes 2B-2C (First Lien Claims), Classes 3B-3C (Second Lien Claims), and Class 6C (Operating Company General Unsecured Claims) are entitled to vote to accept or reject the Plan (collectively, the "**Voting Classes**"), subject to the solicitation procedures set forth in the Disclosure Statement Order. Holders of Claims in Classes 4A-4C (Other Secured Claims), 5A-5C (Other Priority Claims), 7A-7B (Holding Company General Unsecured Claims), 8A-8C (Intercompany Claims), 9A-9C (Other Subordinated Claims), 10A-10C (Interests in Debtor Subsidiaries), and 11A (Interests in Pioneer) are either unimpaired under the Plan and deemed to accept the Plan or are receiving no recovery under the Plan and are deemed to reject the Plan.

PLEASE TAKE FURTHER NOTICE that Holders of Claims in the Voting Classes will receive the appropriate solicitation materials, including a copy of this notice (collectively, the "**Solicitation Packages**").

PLEASE TAKE FURTHER NOTICE that the record date for purposes of determining which Holders of Claims in Voting Classes are entitled to vote on the Plan is May 3, 2019 (the "**Voting Record Date**").  Claims or Interests which are not entitled to vote will receive the Confirmation Hearing Notice and a Notice of Non-Voting Status (and the Release Opt-In Election Forms).

PLEASE TAKE FURTHER NOTICE that **the voting deadline for the Plan is June 6, 2019 at 4:00 p.m. (Prevailing Eastern Time) (the "Voting Deadline")**. To be counted as votes to accept or reject the Plan, all ballots must be properly completed, executed, and delivered by: (a) first-class mail; (b) overnight courier; (c) hand delivery; or (d) electronic submission through the online balloting portal so that they are *actually received*, in any case, no later than the Voting Deadline by the Debtors' notice, claims, and voting agent, Epiq Corporate Restructuring, LLC (the "**Claims and Solicitation Agent**"). Any failure to follow the ballot instructions included with the ballot may disqualify your ballot and your vote.

PLEASE TAKE FURTHER NOTICE that pursuant to the Disclosure Statement Order, a hearing (the "**Confirmation Hearing**") will be held before the Honorable Sean H. Lane, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Courtroom 701, New York, NY 10004, on **June 13, 2019 at 11:00 a.m. (Prevailing Eastern Time)** or as soon thereafter as counsel can be heard, to consider the entry of an order confirming the Plan within the meaning of section 1129 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Confirmation Hearing may be continued from time to time by way of announcement of such continuance in open court, or otherwise, without further notice to parties-in-interest. Notwithstanding the foregoing, notice of any such adjournments or

2

continuations will be set forth on the Debtors' restructuring website at
https://dm.epiq11.com/Trident.

PLEASE TAKE FURTHER NOTICE that responses and objections, if any, to the confirmation of the Plan (each, a "**Plan Confirmation Objection**") must (a) be made in writing; (b) comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, the Case Management Procedures, and any other case management rules and orders of the Court; (c) state the name and address of the objecting party and the nature and amount of any claim or interest asserted by such party against the Debtors, their estates, or their property; (d) state with particularity the legal and factual bases and nature of any objection to the Plan, and, if practicable, a proposed modification to the Plan that would resolve such response or objection; and (e) be filed with the Court, and served on the following parties, so as to be received **on or before June 6, 2019 at 4:00 p.m. (Prevailing Eastern Time)**:

| Counsel to the Debtors | United States Trustee |
|---|---|
| Skadden, Arps, Slate, Meagher & Flom LLP<br>Four Times Square, New York, NY 10036<br>Attn: Paul D. Leake (Paul.Leake@skadden.com)<br>    Jason N. Kestecher (Jason.Kestecher@skadden.com)<br>    and<br>155 North Wacker Dr., Chicago, IL 60606<br>Attn: James J. Mazza, Jr. (James.Mazza@skadden.com)<br>    Justin M. Winerman (Justin.Winerman@skadden.com)<br>    and<br>Togut, Segal & Segal LLP<br>One Penn Plaza, Suite 3335, New York, NY 10119<br>Attn: Frank A. Oswald (frankoswald@teamtogut.com)<br>    Kyle J. Ortiz (kortiz@teamtogut.com) | Office of the United States Trustee for Region 2<br>U.S. Federal Office Building<br>201 Varick Street, Suite 1006<br>New York, NY 10014<br>Attn: Shannon Scott (Shannon.Scott2@usdoj.gov)<br>    Brian Masumoto (Brian.Masumoto@usdoj.gov) |
| **Counsel to the Committee** | **Counsel to the Administrative Agent under the Debtors' Priority First Lien Facility and DIP Facility** |
| Kilpatrick Townsend & Stockton LLP<br>1114 Avenue of the Americas, New York, NY 10036<br>Attn: David M. Posner (dposner@kilpatricktownsend.com)<br>    Gianfranco Finizio (gfinizio@kilpatricktownsend.com)<br>    Kelly Moynihan (kmoynihan@kilpatricktownsend.com) | Paul, Weiss, Rifkind, Wharton & Garrison LLP<br>1285 6th Ave., New York, NY 10019<br>Attn: Alan W. Kornberg (akornberg@paulweiss.com)<br>    Robert Britton (rbritton@paulweiss.com)<br>    Alexander Woolverton (awoolverton@paulweiss.com)<br>    Grace C. Hotz (ghotz@paulweiss.com) |

**PLEASE TAKE FURTHER NOTICE THAT OBJECTIONS OR RESPONSES NOT TIMELY FILED, SERVED, AND RECEIVED IN THE MANNER SET FORTH ABOVE SHALL NOT BE CONSIDERED BY THE COURT AND BE DENIED AND OVERRULED.**

Objections must also be served on those parties who have formally appeared and requested service in these cases pursuant to Bankruptcy Rule 2002 and any other parties required to be served pursuant to the Case Management Procedures in these Chapter 11 Cases.

PLEASE TAKE FURTHER NOTICE that the Plan may be further modified, if necessary, pursuant to section 1127 of the Bankruptcy Code, prior to, during, or as a result of the Confirmation Hearing, without further notice to parties-in-interest.

**PLEASE TAKE FURTHER NOTICE THAT THE PLAN CONTAINS CERTAIN DISCHARGE, RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS. YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE DISCHARGE, RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS SET FORTH IN ARTICLE X OF THE PLAN, AS YOUR RIGHTS MAY BE AFFECTED.**

PLEASE TAKE FURTHER NOTICE that, except as otherwise provided in the Plan or in any contract, instrument, release, or other agreement or document entered into in connection with the Plan, each of the executory contracts and unexpired leases to which any Debtor is a party shall be deemed automatically rejected by the applicable Debtor as of the Effective Date (as defined in the Plan).

PLEASE TAKE FURTHER NOTICE that copies of the Disclosure Statement and the Plan, and other documents and materials related thereto, may be obtained from the Office of the Clerk of the Bankruptcy Court, One Bowling Green, New York, NY 10004, during normal business hours; the Bankruptcy Court's electronic case filing system at www.nysb.uscourts.gov (a PACER login and password are required and a fee may be charged); and are also available free-of-charge under the "Key Documents" section of Debtors' restructuring website at https://dm.epiq11.com/Trident. If you have any questions regarding this Notice, or if you would like paper copies of the Disclosure Statement and/or the Plan, you may contact the Claims and Solicitation Agent by: (a) calling (800) 960-1226 (toll free) or +1 (503) 597-7729 (international); (b) visiting the Debtors' restructuring website at: https://dm.epiq11.com/Trident; (c) writing to Trident Holding Company, LLC Ballot Processing, c/o Epiq Corporate Restructuring, LLC, P.O. Box 4422, Beaverton, Oregon 97076-4422; and/or (d) emailing tabulation@epiqglobal.com with a reference to "Trident" in the subject line and request paper copies of the corresponding materials previously received in electronic format (to be provided at the Debtors' expense). **THE CLAIMS AND SOLICITATION AGENT IS NOT PERMITTED TO PROVIDE LEGAL ADVICE.**

---

**ON OR AFTER MAY 22, 2019, SUPPLEMENTAL INFORMATION WILL BE AVAILABLE REGARDING POTENTIAL LITIGATION RELATED TO, AMONG OTHER THINGS, THE RECAPITALIZATION TRANSACTION, INCLUDING WHETHER A CHALLENGE HAS BEEN FILED AND, IF SO, THE PARTIES' VIEWS ON THE MERITS AND NATURE OF SUCH A CHALLENGE. FOR SUCH SUPPLEMENTAL INFORMATION, PLEASE VISIT:  https://dm.epiq11.com/Trident**

---

Dated: May 8, 2019
      New York, New York

          SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

          */s/ James J. Mazza, Jr.*
          Paul D. Leake
          Jason N. Kestecher
          Four Times Square
          New York, New York 10036-6522
          Telephone: (212) 735-3000
          Fax: (212) 735-2000

          – and –

          James J. Mazza, Jr. (admitted *pro hac vice*)
          Justin M. Winerman (admitted *pro hac vice*)
          155 North Wacker Drive
          Chicago, Illinois 60606-1720
          Telephone: (312) 407-0700
          Fax: (312) 407-0411

          *Counsel to Debtors and Debtors-in-Possession*

**EXHIBIT 3-A**

**Notice of Non-Voting Status with Respect to Unclassified Claims and Unimpaired Classes
Presumed to Accept the Plan and Optional Release Opt-In Election Form**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| *In re* | **Chapter 11** |
| **TRIDENT HOLDING COMPANY, LLC,** *et al.*, | **Case No. 19-10384 (SHL)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**NOTICE OF NON-VOTING STATUS WITH RESPECT TO UNCLASSIFIED CLAIMS
AND UNIMPAIRED CLASSES DEEMED TO ACCEPT THE PLAN AND
OPTIONAL RELEASE OPT-IN ELECTION FORM**

> **PLEASE TAKE NOTICE THAT YOU MAY OPT IN TO THE RELEASE IN ARTICLE X.4 OF THE PLAN BY CHECKING THE BOX UNDER ITEM 1 OF THIS NOTICE. IF YOU OPT IN TO THE RELEASE, YOU WILL BE DEEMED TO HAVE UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED THE RELEASED PARTIES (AS DEFINED IN THE PLAN) FROM, INTER ALIA, ANY AND ALL CAUSES OF ACTION (AS DEFINED IN THE PLAN), EXCEPT AS OTHERWISE SPECIFICALLY PROVIDED IN THE PLAN.**

> **ON OR AFTER MAY 22, 2019, SUPPLEMENTAL INFORMATION WILL BE AVAILABLE REGARDING POTENTIAL LITIGATION RELATED TO, AMONG OTHER THINGS, THE RECAPITALIZATION TRANSACTION, INCLUDING WHETHER A CHALLENGE HAS BEEN FILED AND, IF SO, THE PARTIES' VIEWS ON THE MERITS AND NATURE OF SUCH A CHALLENGE. FOR SUCH SUPPLEMENTAL INFORMATION, PLEASE VISIT:  https://dm.epiq11.com/Trident**

PLEASE TAKE NOTICE that on March 25, 2019, the debtors and debtors-in-possession in the above-captioned cases (collectively, the "**Debtors**") filed their proposed *Disclosure Statement for the Joint Plan of Reorganization of Trident Holding Company, LLC and Its Debtor*

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: Trident Holding Company, LLC (6396); American Diagnostics Services, Inc. (2771); Community Mobile Diagnostics, LLC (9341); Community Mobile Ultrasound, LLC (3818); Diagnostic Labs Holdings, LLC (8024); FC Pioneer Holding Company, LLC (6683); JLMD Manager, LLC (8470); Kan-Di-Ki LLC (6100); Main Street Clinical Laboratory, Inc. (0907); MDX-MDL Holdings, LLC (2605); MetroStat Clinical Laboratory – Austin, Inc. (4366); MX Holdings, LLC (8869); MX USA, LLC (4885); New Trident Holdcorp, Inc. (4913); Rely Radiology Holdings, LLC (3284); Schryver Medical Sales and Marketing, LLC (9620); Symphony Diagnostic Services No. 1, LLC (8980); Trident Clinical Services Holdings, Inc. (6262); Trident Clinical Services Holdings, LLC (1255); TridentUSA Foot Care Services LLC (3787); TridentUSA Mobile Clinical Services, LLC (0334); TridentUSA Mobile Infusion Services, LLC (5173); U.S. Lab & Radiology, Inc. (4988). The address of the Debtors' corporate headquarters is 930 Ridgebrook Road, 3rd Floor, Sparks, MD 21152.

*Affiliates* [Docket No. 253] (as may be amended, supplemented, or otherwise modified, the "**Disclosure Statement**") and their proposed *Joint Plan of Reorganization of Trident Holding Company, LLC and Its Debtor Affiliates* [Docket No. 252] (as may be amended, supplemented, or otherwise modified, the "**Plan**").[2]

PLEASE TAKE FURTHER NOTICE that on March 25, 2019, the Debtors filed the *Debtors' Motion For Entry of an Order (A) Approving the Adequacy of the Debtors' Disclosure Statement and Notice of the Disclosure Statement Hearing; (B) Approving Solicitation and Notice Procedures With Respect to Confirmation of the Debtors' Joint Proposed Plan; (C) Approving the Form of Various Ballots and Notices in Connection Therewith; and (D) Scheduling Certain Dates With Respect Thereto* [Docket No. 254] (the "**Motion**"), with the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

PLEASE TAKE FURTHER NOTICE that on May 8, 2019, the Court entered the *Order (A) Approving the Adequacy of the Debtors' Disclosure Statement and Notice of the Disclosure Statement Hearing; (B) Approving Solicitation and Notice Procedures With Respect to Confirmation of the Debtors' Joint Proposed Plan; (C) Approving the Form of Various Ballots and Notices in Connection Therewith; and (D) Scheduling Certain Dates With Respect Thereto* [Docket No. [●]] (the "**Disclosure Statement Order**").

**UNDER THE TERMS OF THE PLAN, YOUR CLAIM(S) AGAINST, OR INTEREST(S) IN, THE DEBTORS ARE (A) UNCLASSIFIED PURSUANT TO SECTION 1123(a)(1) OF THE BANKRUPTCY CODE OR (B) NOT IMPAIRED AND, THEREFORE, PURSUANT TO SECTION 1126(f) OF THE BANKRUPTCY CODE, YOU ARE (I) DEEMED TO HAVE ACCEPTED THE PLAN AND GRANT THE THIRD-PARTY RELEASE AND (II) NOT ENTITLED TO VOTE ON THE PLAN. NOTWITHSTANDING THIS NOTICE OF NON-VOTING STATUS, YOU HAVE THE RIGHT TO (I) OPT IN TO THE THIRD-PARTY RELEASE, (II) CONTEST YOUR NON-VOTING CLAIM STATUS, AND/OR (III) OBJECT TO CONFIRMATION OF THE PLAN.**

**PLEASE TAKE FURTHER NOTICE THAT THE PLAN CONTAINS CERTAIN DISCHARGE, RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS. YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE DISCHARGE, RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS SET FORTH IN ARTICLE X OF THE PLAN, AS YOUR RIGHTS MAY BE AFFECTED.**

PLEASE TAKE FURTHER NOTICE that pursuant to the Disclosure Statement Order, a hearing (the "**Confirmation Hearing**") will be held before the Honorable Sean H. Lane, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Courtroom 701, New York, NY 10004, on **June 13, 2019 at 11:00 a.m.**

---

[2]    Capitalized terms used in this Notice which are not defined have the meanings set forth in the Plan.

(**Prevailing Eastern Time**) or as soon thereafter as counsel can be heard, to consider the entry of an order confirming the Plan within the meaning of section 1129 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Confirmation Hearing may be continued from time to time by way of announcement of such continuance in open court, or otherwise, without further notice to parties-in-interest. Notwithstanding the foregoing, notice of any such adjournments or continuations will be set forth on the Debtors' restructuring website at https://dm.epiq11.com/Trident.

**THIS RELEASE ELECTION OPT-IN FORM IS BEING PROVIDED BECAUSE, UNDER THE TERMS OF THE PLAN, HOLDERS OF CLAIMS IN CLASSES 4A – 4C AND 5A – 5C, ARE UNIMPAIRED AND DEEMED TO HAVE ACCEPTED THE PLAN. YOU MAY OPT TO GRANT THE RELEASES IN ARTICLE X.4 THEREIN IF YOU RETURN A RELEASE OPT-IN ELECTION FORM (SUCH FORMS, THE "RELEASE OPT-IN ELECTION FORMS") INDICATING YOUR ELECTION TO GRANT SUCH RELEASES (SUCH ELECTIONS, THE "RELEASE OPT-IN ELECTIONS"). IF YOUR RELEASE OPT-IN ELECTION IS _ACTUALLY RECEIVED_ BY THE DEADLINE SET FORTH  HEREIN, UPON THE BANKRUPTCY COURT'S APPROVAL AND CONFIRMATION OF THE PLAN, YOU WILL BE DEEMED TO HAVE CONSENTED TO AND WILL BE IRREVOCABLY BOUND BY THE RELEASES CONTAINED IN ARTICLE X.4 OF THE PLAN.**

**RELEASE OPT-IN ELECTION FOR HOLDERS OF CLAIMS IN CLASSES 4A – 4C AND 5A – 5C**

| **IMPORTANT** |
| --- |
| **PLEASE READ CAREFULLY AND FOLLOW THE INSTRUCTIONS ON RETURNING YOUR RELEASE OPT-IN ELECTION FORM. THE DEADLINE BY WHICH YOUR RELEASE OPT-IN ELECTION FORM MUST BE RECEIVED BY EPIQ CORPORATE RESTRUCTURING, LLC (THE "CLAIMS AND SOLICITATION AGENT") IS 4:00 P.M. (PREVAILING EASTERN TIME) ON JUNE 6, 2019, OR YOUR RELEASE OPT-IN ELECTION FORM WILL NOT BE COUNTED.** <br><br> **IF YOU HAVE ANY QUESTIONS REGARDING THESE PROCEDURES, PLEASE CONTACT THE CLAIMS AND SOLICITATION AGENT BY EMAIL AT TABULATION@EPIQGLOBAL.COM (WITH A REFERENCE TO "TRIDENT" IN THE SUBJECT LINE) OR BY TELEPHONE AT (866) 897-6433 (TOLL FREE) OR +1 (646) 282-2500 (INTERNATIONAL) AND REQUEST TO SPEAK WITH A MEMBER OF THE SOLICITATION GROUP. THE CLAIMS AND SOLICITATION AGENT IS NOT AUTHORIZED TO PROVIDE LEGAL ADVICE.** |

**Item 1.**         **IMPORTANT INFORMATION REGARDING THIRD-PARTY RELEASES.**

Article X.4 of the Plan contains the following release provision:

**RELEASE BY HOLDERS OF CLAIMS** EFFECTIVE AS OF THE EFFECTIVE DATE, THE RELEASING PARTIES CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER DISCHARGE AND

**RELEASE (AND EACH ENTITY SO DISCHARGED AND RELEASED SHALL BE
DEEMED DISCHARGED AND RELEASED BY THE RELEASING PARTIES) THE
RELEASED PARTIES AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL
CLAIMS, INTERESTS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF
ACTION, REMEDIES, AND LIABILITIES WHATSOEVER, INCLUDING ANY
DERIVATIVE CLAIMS ASSERTED OR ASSERTABLE ON BEHALF OF THE
DEBTORS, THE REORGANIZED DEBTORS, OR THEIR ESTATES,  ANY CLAIMS
OR CAUSES OF ACTION ASSERTED ON BEHALF OF ANY HOLDER OF ANY
CLAIM OR ANY INTEREST OR THAT ANY HOLDER OF A CLAIM OR AN
INTEREST WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT, WHETHER
KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR
HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, THAT SUCH
RELEASING PARTY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN
THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY), BASED
ON OR RELATING TO, OR IN ANY MANNER ARISING PRIOR TO THE
EFFECTIVE DATE FROM, IN WHOLE OR IN PART, DIRECTLY OR INDIRECTLY,
IN ANY MANNER WHATSOEVER, THE DEBTORS, THE ASSETS, LIABILITIES,
OPERATIONS OR BUSINESS OF THE DEBTORS, THE DEBTORS'
RESTRUCTURING, THE CHAPTER 11 CASES, OR THE RSA, THE PURCHASE,
SALE, TRANSFER OR RESCISSION OF ANY DEBT, SECURITY, ASSET, RIGHT, OR
INTEREST OF THE DEBTORS OR THE REORGANIZED DEBTORS, THE SUBJECT
MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY
CLAIM AGAINST OR INTEREST IN THE DEBTORS THAT IS TREATED IN THE
PLAN, THE BUSINESS, FINANCIAL OR CONTRACTUAL ARRANGEMENTS
BETWEEN THE DEBTORS AND ANY RELEASED PARTY, THE NEGOTIATION,
FORMULATION, OR PREPARATION OF THE PLAN TRANSACTION DOCUMENTS
OR RELATED AGREEMENTS, INSTRUMENTS OR OTHER DOCUMENTS,
INCLUDING THE DIP FACILITY ORDER, THIS PLAN, THE RSA (INCLUDING THE
TERM SHEET ATTACHED THERETO), OR ANY RELATED AGREEMENTS OR
INSTRUMENTS, OR THE SOLICITATION OF VOTES WITH RESPECT TO THE
PLAN, OR ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT,
EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE
EFFECTIVE DATE;  <u>PROVIDED</u> THAT NOTHING IN THE PLAN SHALL BE
CONSTRUED TO RELEASE THE RELEASED PARTIES  FROM ANY CLAIMS
BASED UPON WILLFUL MISCONDUCT OR INTENTIONAL FRAUD AS
DETERMINED BY A FINAL ORDER.**

UNDER THE PLAN:

**"RELEASED PARTIES"** MEANS, COLLECTIVELY, EACH OF THE FOLLOWING
IN THEIR RESPECTIVE CAPACITIES AS SUCH: (A) THE DEBTORS AND ALL OF THE
DEBTORS' AND REORGANIZED DEBTORS' (1) CURRENT FINANCIAL ADVISORS,
ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, REPRESENTATIVES, AND
OTHER PROFESSIONALS (COLLECTIVELY, THE "**DEBTOR PROFESSIONALS**"); (2)
CURRENT EMPLOYEES, CONSULTANTS, AFFILIATES, OFFICERS, MANAGERS AND
DIRECTORS, INCLUDING ANY SUCH PERSONS OR ENTITIES RETAINED PURSUANT
TO SECTION 363 OF THE BANKRUPTCY CODE; (B) THE PRIORITY FIRST LIEN

LENDERS; (C) THE PRIORITY FIRST LIEN ADMINISTRATIVE AGENT; (D) THE PRIORITY LENDER GROUP (AS DEFINED IN THE RSA) AND EACH OF ITS MEMBERS; (E) THE CONSENTING PRIORITY LENDERS (AS DEFINED IN THE RSA); (F) THE DIP AGENT; (G) THE DIP LENDERS; (H) THE ADMINISTRATIVE AND COLLATERAL AGENTS UNDER THE PRIORITY FIRST LIEN CREDIT AGREEMENT; (I) WITH RESPECT TO EACH OF THE FOREGOING ENTITIES IN CLAUSES (A) THROUGH (H), EACH OF THEIR CURRENT AND FORMER AFFILIATES; AND (J) WITH RESPECT TO EACH OF THE FOREGOING ENTITIES IN CLAUSES (A) THROUGH (I), SUCH ENTITIES' PREDECESSORS, SUCCESSORS AND ASSIGNS, SUBSIDIARIES, AFFILIATES, MANAGED ACCOUNTS OR FUNDS, AND ALL OF THEIR RESPECTIVE CURRENT AND FORMER OFFICERS, MANAGERS, DIRECTORS, PRINCIPALS, DIRECT AND INDIRECT SHAREHOLDERS, DIRECT AND INDIRECT MEMBERS, DIRECT AND INDIRECT PARTNERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, MANAGEMENT COMPANIES, FUND ADVISORS, AGENTS AND OTHER PROFESSIONALS, AND SUCH PERSONS' RESPECTIVE HEIRS, EXECUTORS, ESTATES, SERVANTS AND NOMINEES.

"**RELEASING PARTIES**" MEANS, COLLECTIVELY, EACH OF THE FOLLOWING IN THEIR RESPECTIVE CAPACITIES AS SUCH: (A) THE DEBTORS AND THE REORGANIZED DEBTORS; (B) THE PRIORITY FIRST LIEN LENDERS; (C) THE PRIORITY FIRST LIEN ADMINISTRATIVE AGENT; (D) THE PRIORITY LENDER GROUP (AS DEFINED IN THE RSA) AND EACH OF ITS MEMBERS; (E) THE CONSENTING PRIORITY LENDERS (AS DEFINED IN THE RSA); (F) THE DIP AGENT; (G) THE DIP LENDERS; (H) THE ADMINISTRATIVE AND COLLATERAL AGENTS UNDER THE PRIORITY FIRST LIEN CREDIT AGREEMENT; (I) WITH RESPECT TO EACH OF THE FOREGOING PARTIES UNDER (A) THROUGH (H), EACH OF THEIR CURRENT AND FORMER AFFILIATES; (J) WITH RESPECT TO EACH OF THE FOREGOING ENTITIES IN CLAUSES (A) THROUGH (I), SUCH ENTITIES' PREDECESSORS, SUCCESSORS AND ASSIGNS, SUBSIDIARIES, AFFILIATES, MANAGED ACCOUNTS OR FUNDS, AND ALL OF THEIR RESPECTIVE CURRENT AND FORMER OFFICERS, MANAGERS, DIRECTORS, PRINCIPALS, DIRECT AND INDIRECT SHAREHOLDERS, DIRECT AND INDIRECT MEMBERS, DIRECT AND INDIRECT PARTNERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, MANAGEMENT COMPANIES, FUND ADVISORS, AGENTS AND OTHER PROFESSIONALS, AND SUCH PERSONS' RESPECTIVE HEIRS, EXECUTORS, ESTATES, SERVANTS AND NOMINEES; (K) WITHOUT LIMITING THE FOREGOING, EACH HOLDER OF A CLAIM AGAINST OR INTEREST IN THE COMPANY THAT (1) VOTED TO ACCEPT THE PLAN, (2) IS DEEMED TO ACCEPT THE PLAN AND OPTED TO PROVIDE A RELEASE, (3) IS DEEMED TO REJECT THE PLAN AND OPTED TO PROVIDE A RELEASE, (4) WAS SOLICITED TO VOTE TO ACCEPT OR REJECT THE PLAN BUT WHO DID NOT VOTE EITHER TO ACCEPT OR TO REJECT THE PLAN AND OPTED TO PROVIDE A RELEASE, OR (5) VOTED TO REJECT THE PLAN AND OPTED TO PROVIDE A RELEASE; AND (*L*) SOLELY WITH RESPECT TO THE SUBSTANTIAL CONTRIBUTION

/ INDEMNIFIED PARTIES, AND WITHOUT LIMITING THE FOREGOING, EACH HOLDER OF A CLAIM AGAINST OR INTEREST IN THE COMPANY.

☐   **The undersigned has elected to grant the releases contained in Article X.4 of the Plan**.

**Item 2.        Authorization.**

By signing this optional Release Opt-In Election Form, the undersigned Holder (or authorized signatory of such Holder) acknowledges receipt of information regarding its right to elect to not grant the releases in Article X.4 of the Plan, and certifies that it is the Holder (or is entitled to act on behalf of such Holder) of the Claim or Interest to which this form relates as of May 3, 2019.

Name: _____
          (Print or Type)

Signature:_____

By: _____
          (If Appropriate)

Title:_____
          (If Appropriate)

Street Address:_____

City, State, Zip Code:_____

Telephone Number:_____

Date Completed:_____

At your election,  you must complete, sign, and return this Release Opt-In Election Form to the address set forth on the enclosed envelope provided or via Epiq's E-Balloting Portal. This Release Opt-In Election  Form must be received by the Claims and Solicitation Agent (i) at the following address: (a) if by First Class mail, Trident Holding Company, LLC Ballot Processing Center c/o Epiq Corporate Restructuring, LLC P.O. Box 4422 Beaverton, OR 97076-4421 and (b) if by overnight courier or hand delivery, Trident Holding Company, LLC Ballot Processing Center c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Boulevard Beaverton, OR 97005 or (ii) via Epiq's E-Balloting Portal by **4:00 p.m. (Prevailing Eastern Time) on June 6, 2019**. If a Release Opt-In Election Form is received after the Voting Deadline it will not be accepted.

6

---

**If Submitting Your Release Opt-In Election Form Through the E-Balloting Portal**

---

Please visit https://dm.epiq11.com/Trident. Click on the "E-Ballot" section of the Debtors' website and follow the directions to submit your Release Opt-In Election Form.

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized E-Ballot:**

**Unique E-Ballot ID#:** _____

**"E-Balloting" is the sole manner in which Release Opt-In Election Forms will be accepted via electronic or online transmission. Release Opt-In Election Forms submitted by facsimile or email or other means of electronic transmission will not be counted. Each E-Ballot ID# is to be used solely for voting only those Claims described in your Release Opt-In Election Form.**

**Holders who submit a Release Opt-In Election Form using the Claims and Solicitation Agent's online portal should NOT also submit a paper Release Opt-In Election Form.**

**If your Release Opt-In Election Form is not received by Epiq on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your Release Opt-In Election Form will not be accepted.**

---

PLEASE TAKE FURTHER NOTICE that responses and objections, if any, to the confirmation of the Plan (each, a "**Plan Confirmation Objection**") must (a) be made in writing; (b) comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, the Case Management Procedures, and any other case management rules and orders of the Court; (c) state the name and address of the objecting party and the nature and amount of any claim or interest asserted by such party against the Debtors, their estates, or their property; (d) state with particularity the legal and factual bases and nature of any objection to the Plan, and, if practicable, a proposed modification to the Plan that would resolve such response or objection; and (e) be filed with the Court, and served on the following parties, so as to be received **on or before June 6, 2019 at 4:00 p.m. (Prevailing Eastern Time)**:

| Counsel to the Debtors | United States Trustee |
|---|---|
| Skadden, Arps, Slate, Meagher & Flom LLP<br>Four Times Square, New York, NY 10036<br>Attn: Paul D. Leake (Paul.Leake@skadden.com)<br>    Jason N. Kestecher (Jason.Kestecher@skadden.com)<br>       and<br>155 North Wacker Dr., Chicago, IL 60606<br>Attn: James J. Mazza, Jr. (James.Mazza@skadden.com)<br>    Justin M. Winerman (Justin.Winerman@skadden.com)<br>       and<br>Togut, Segal & Segal LLP<br>One Penn Plaza, Suite 3335, New York, NY 10119<br>Attn: Frank A. Oswald (frankoswald@teamtogut.com)<br>    Kyle J. Ortiz (kortiz@teamtogut.com) | Office of the United States Trustee for Region 2<br>U.S. Federal Office Building<br>201 Varick Street, Suite 1006<br>New York, NY 10014<br>Attn: Shannon Scott (Shannon.Scott2@usdoj.gov)<br>    Brian Masumoto (Brian.Masumoto@usdoj.gov) |
| **Counsel to the Committee** | **Counsel to the Administrative Agent under the Debtors' Priority First Lien Facility and DIP Facility** |
| Kilpatrick Townsend & Stockton LLP | Paul, Weiss, Rifkind, Wharton & Garrison LLP |

| 1114 Avenue of the Americas, New York, NY 10036 | 1285 6th Ave., New York, NY 10019 |
|---|---|
| Attn: David M. Posner (dposner@kilpatricktownsend.com) | Attn: Alan W. Kornberg (akornberg@paulweiss.com) |
| Gianfranco Finizio (gfinizio@kilpatricktownsend.com) | Robert Britton (rbritton@paulweiss.com) |
| Kelly Moynihan (kmoynihan@kilpatricktownsend.com) | Alexander Woolverton (awoolverton@paulweiss.com) |
| | Grace C. Hotz (ghotz@paulweiss.com) |

**PLEASE TAKE FURTHER NOTICE THAT OBJECTIONS OR RESPONSES NOT TIMELY FILED, SERVED, AND RECEIVED IN THE MANNER SET FORTH ABOVE SHALL NOT BE CONSIDERED BY THE COURT AND BE DENIED AND OVERRULED.**

Objections must also be served on those parties who have formally appeared and requested service in these cases pursuant to Bankruptcy Rule 2002 and any other parties required to be served pursuant to the Case Management Procedures in these Chapter 11 Cases.

PLEASE TAKE FURTHER NOTICE that copies of the Disclosure Statement and the Plan, and other documents and materials related thereto, may be obtained from the Office of the Clerk of the Bankruptcy Court, One Bowling Green, New York, NY 10004, during normal business hours; the Bankruptcy Court's electronic case filing system at www.nysb.uscourts.gov (a PACER login and password are required and a fee may be charged); and are also available free-of-charge under the "Key Documents" section of the Debtors' restructuring website at https://dm.epiq11.com/Trident. If you have any questions regarding this Notice, or if you would like paper copies of the Disclosure Statement and/or the Plan, you may contact the Claims and Solicitation Agent by: (a) calling (800) 960-1226 (toll free) or +1 (503) 597-7729 (international); (b) visiting the Debtors' restructuring website at: https://dm.epiq11.com/Trident; (c) writing to Trident Holding Company, LLC Ballot Processing, c/o Epiq Corporate Restructuring, LLC, PO Box 4422, Beaverton, Oregon 97076-4422; and/or (d) emailing tabulation@epiqglobal.com with a reference to "Trident" in the subject line and request paper copies of the corresponding materials previously received in electronic format (to be provided at the Debtors' expense). **THE CLAIMS AND SOLICITATION AGENT IS NOT PERMITTED TO PROVIDE LEGAL ADVICE.**

Dated:  May 8, 2019
        New York, New York

                          SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

                          */s/ James J. Mazza, Jr.*
                          Paul D. Leake
                          Jason N. Kestecher
                          Four Times Square
                          New York, New York 10036-6522
                          Telephone: (212) 735-3000
                          Fax: (212) 735-2000

                          – and –

                          James J. Mazza, Jr. (admitted *pro hac vice*)
                          Justin M. Winerman (admitted *pro hac vice*)
                          155 North Wacker Drive
                          Chicago, Illinois 60606-1720
                          Telephone: (312) 407-0700
                          Fax: (312) 407-0411

                          *Counsel to Debtors and Debtors-in-Possession*

**EXHIBIT 3-B**

**Notice of Non-Voting Status With Respect to Impaired Classes Deemed to Reject the Plan
And Optional Release Opt-In Election Form**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re* | **Chapter 11** |
| **TRIDENT HOLDING COMPANY, LLC,** *et al.*, | **Case No. 19-10384 (SHL)** |
| **Debtors.**[1] | **(Jointly Administered)** |

### NOTICE OF NON-VOTING STATUS WITH RESPECT TO IMPAIRED CLASSES DEEMED TO REJECT THE PLAN AND OPTIONAL RELEASE OPT-IN ELECTION FORM

**PLEASE TAKE NOTICE THAT YOU MAY <u>OPT IN</u> TO THE RELEASE IN ARTICLE X.4 OF THE PLAN BY CHECKING THE BOX UNDER ITEM 1 OF THIS NOTICE. IF YOU OPT IN TO THE RELEASE, YOU WILL BE DEEMED TO HAVE UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED THE RELEASED PARTIES (AS DEFINED IN THE PLAN) FROM, INTER ALIA, ANY AND ALL CAUSES OF ACTION (AS DEFINED IN THE PLAN), EXCEPT AS OTHERWISE SPECIFICALLY PROVIDED IN THE PLAN.**

**ON OR AFTER MAY 22, 2019, SUPPLEMENTAL INFORMATION WILL BE AVAILABLE REGARDING POTENTIAL LITIGATION RELATED TO, AMONG OTHER THINGS, THE RECAPITALIZATION TRANSACTION, INCLUDING WHETHER A CHALLENGE HAS BEEN FILED AND, IF SO, THE PARTIES' VIEWS ON THE MERITS AND NATURE OF SUCH A CHALLENGE. FOR SUCH SUPPLEMENTAL INFORMATION, PLEASE VISIT:  https://dm.epiq11.com/Trident**

      PLEASE TAKE FURTHER NOTICE that on March 25, 2019, the debtors and debtors-in-possession in the above-captioned cases (collectively, the "**Debtors**") filed their proposed *Disclosure Statement for the Joint Plan of Reorganization of Trident Holding Company, LLC*

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: Trident Holding Company, LLC (6396); American Diagnostics Services, Inc. (2771); Community Mobile Diagnostics, LLC (9341); Community Mobile Ultrasound, LLC (3818); Diagnostic Labs Holdings, LLC (8024); FC Pioneer Holding Company, LLC (6683); JLMD Manager, LLC (8470); Kan-Di-Ki LLC (6100); Main Street Clinical Laboratory, Inc. (0907); MDX-MDL Holdings, LLC (2605); MetroStat Clinical Laboratory – Austin, Inc. (4366); MX Holdings, LLC (8869); MX USA, LLC (4885); New Trident Holdcorp, Inc. (4913); Rely Radiology Holdings, LLC (3284); Schryver Medical Sales and Marketing, LLC (9620); Symphony Diagnostic Services No. 1, LLC (8980); Trident Clinical Services Holdings, Inc. (6262); Trident Clinical Services Holdings, LLC (1255); TridentUSA Foot Care Services LLC (3787); TridentUSA Mobile Clinical Services, LLC (0334); TridentUSA Mobile Infusion Services, LLC (5173); U.S. Lab & Radiology, Inc. (4988). The address of the Debtors' corporate headquarters is 930 Ridgebrook Road, 3rd Floor, Sparks, MD 21152.

*and Its Debtor Affiliates* [Docket No. 253] (as may be amended, supplemented, or otherwise modified, the "**Disclosure Statement**") and their proposed *Joint Plan of Reorganization of Trident Holding Company, LLC and Its Debtor Affiliates* [Docket No. 252] (as may be amended, supplemented, or otherwise modified, the "**Plan**").[2]

PLEASE TAKE FURTHER NOTICE that on March 25, 2019, the Debtors filed the *Debtors' Motion For Entry of an Order (A) Approving the Adequacy of the Debtors' Disclosure Statement and Notice of the Disclosure Statement Hearing; (B) Approving Solicitation and Notice Procedures With Respect to Confirmation of the Debtors' Joint Proposed Plan; (C) Approving the Form of Various Ballots and Notices in Connection Therewith; and (D) Scheduling Certain Dates With Respect Thereto* [Docket No. 254] (the "**Motion**"), with the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

PLEASE TAKE FURTHER NOTICE that on May 8, 2019, the Court entered the *Order (A) Approving the Adequacy of the Debtors' Disclosure Statement and Notice of the Disclosure Statement Hearing; (B) Approving Solicitation and Notice Procedures With Respect to Confirmation of the Debtors' Joint Proposed Plan; (C) Approving the Form of Various Ballots and Notices in Connection Therewith; and (D) Scheduling Certain Dates With Respect Thereto* [Docket No. [●]] (the "**Disclosure Statement Order**").

**UNDER THE TERMS OF THE PLAN, YOU ARE NOT ENTITLED TO RECEIVE OR RETAIN ANY PROPERTY UNDER THE PLAN ON ACCOUNT OF YOUR CLAIM(S) AGAINST, OR INTEREST(S) IN, THE DEBTORS AND, THEREFORE, PURSUANT TO SECTION 1126(g) OF THE BANKRUPTCY CODE, YOU ARE (I) DEEMED TO HAVE REJECTED THE PLAN, WHICH IS DEEMED TO REJECT THE THIRD-PARTY RELEASES, UNLESS YOU OPT IN TO GIVING SUCH RELEASES IN ACCORDANCE WITH THE PROCEDURES DESCRIBED HEREIN AND (II) NOT ENTITLED TO VOTE ON THE PLAN. NOTWITHSTANDING THIS NOTICE OF NON-VOTING STATUS, YOU HAVE THE RIGHT TO (I) OPT IN TO THE THIRD-PARTY RELEASES, (II) CONTEST YOUR NON-VOTING CLAIM STATUS, AND/OR (III) OBJECT TO CONFIRMATION OF THE PLAN.**

**PLEASE TAKE FURTHER NOTICE THAT THE PLAN CONTAINS CERTAIN DISCHARGE, RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS. YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE DISCHARGE, RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS SET FORTH IN ARTICLE X OF THE PLAN, AS YOUR RIGHTS MAY BE AFFECTED.**

PLEASE TAKE FURTHER NOTICE that pursuant to the Disclosure Statement Order, a hearing (the "**Confirmation Hearing**") will be held before the Honorable Sean H. Lane, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York,

---

[2]    Capitalized terms used in this Notice which are not defined have the meanings set forth in the Plan.

One Bowling Green, Courtroom 701, New York, NY 10004, on **June 13, 2019 at 11:00 a.m. (Prevailing Eastern Time)** or as soon thereafter as counsel can be heard, to consider the entry of an order confirming the Plan within the meaning of section 1129 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Confirmation Hearing may be continued from time to time by way of announcement of such continuance in open court, or otherwise, without further notice to parties-in-interest. Notwithstanding the foregoing, notice of any such adjournments or continuations will be set forth on the Debtors' restructuring website at https://dm.epiq11.com/Trident.

**THIS OPT-IN ELECTION FORM IS BEING PROVIDED BECAUSE, UNDER THE TERMS OF THE PLAN, HOLDERS OF CLAIMS AND INTERESTS  IN CLASSES 7A – 7B, 9A – 9C, AND 11A ARE IMPAIRED AND DEEMED TO REJECT THE PLAN. NONETHELESS, YOU MAY OPT TO GRANT THE RELEASES IN ARTICLE X.4 THEREIN IF YOU RETURN A RELEASE OPT-IN ELECTION FORM (SUCH FORMS, THE "RELEASE OPT-IN ELECTION FORMS") INDICATING YOUR ELECTION TO GRANT SUCH RELEASES (SUCH ELECTIONS, THE "RELEASE OPT-IN ELECTIONS"). IF YOUR RELEASE OPT-IN ELECTION IS _ACTUALLY RECEIVED_ BY THE DEADLINE SET FORTH  HEREIN, UPON THE BANKRUPTCY COURT'S APPROVAL AND CONFIRMATION OF THE PLAN, YOU WILL BE DEEMED TO HAVE CONSENTED TO AND WILL BE IRREVOCABLY BOUND BY THE RELEASES CONTAINED IN ARTICLE X.4 OF THE PLAN.**

## RELEASE OPT-IN ELECTION FOR HOLDERS OF CLAIMS AND INTERESTS  IN CLASSES 7A – 7B, 9A – 9C, AND 11A

---

**IMPORTANT**

**PLEASE READ CAREFULLY AND FOLLOW THE INSTRUCTIONS ON RETURNING YOUR RELEASE OPT-IN ELECTION FORM. THE DEADLINE BY WHICH YOUR RELEASE OPT-IN ELECTION FORM MUST BE RECEIVED BY EPIQ CORPORATE RESTRUCTURING, LLC (THE "CLAIMS AND SOLICITATION AGENT") IS 4:00 P.M. (PREVAILING EASTERN TIME) ON JUNE 6, 2019, OR YOUR RELEASE OPT-IN ELECTION FORM WILL NOT BE COUNTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THESE PROCEDURES, PLEASE CONTACT THE CLAIMS AND SOLICITATION AGENT BY EMAIL AT TABULATION@EPIQGLOBAL.COM (WITH A REFERENCE TO "TRIDENT" IN THE SUBJECT LINE) OR BY TELEPHONE AT (866) 897-6433 (TOLL FREE) OR +1 (646) 282-2500 (INTERNATIONAL) AND REQUEST TO SPEAK WITH A MEMBER OF THE SOLICITATION GROUP. THE CLAIMS AND SOLICITATION AGENT IS NOT AUTHORIZED TO PROVIDE LEGAL ADVICE.**

---

**Item 1.**          **IMPORTANT INFORMATION REGARDING THIRD-PARTY RELEASES.**

          Article X.4 of the Plan contains the following release provision:

          **RELEASE BY HOLDERS OF CLAIMS**  EFFECTIVE AS OF THE EFFECTIVE DATE,   THE   RELEASING   PARTIES   CONCLUSIVELY,   ABSOLUTELY,

**UNCONDITIONALLY, IRREVOCABLY, AND FOREVER DISCHARGE AND RELEASE (AND EACH ENTITY SO DISCHARGED AND RELEASED SHALL BE DEEMED DISCHARGED AND RELEASED BY THE RELEASING PARTIES) THE RELEASED PARTIES AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CLAIMS, INTERESTS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTORS, THE REORGANIZED DEBTORS, OR THEIR ESTATES,  ANY CLAIMS OR CAUSES OF ACTION ASSERTED ON BEHALF OF ANY HOLDER OF ANY CLAIM OR ANY INTEREST OR THAT ANY HOLDER OF A CLAIM OR AN INTEREST WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, THAT SUCH RELEASING PARTY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING PRIOR TO THE EFFECTIVE DATE FROM, IN WHOLE OR IN PART, DIRECTLY OR INDIRECTLY, IN ANY MANNER WHATSOEVER, THE DEBTORS, THE ASSETS, LIABILITIES, OPERATIONS OR BUSINESS OF THE DEBTORS, THE DEBTORS' RESTRUCTURING, THE CHAPTER 11 CASES, OR THE RSA, THE PURCHASE, SALE, TRANSFER OR RESCISSION OF ANY DEBT, SECURITY, ASSET, RIGHT, OR INTEREST OF THE DEBTORS OR THE REORGANIZED DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM AGAINST OR INTEREST IN THE DEBTORS THAT IS TREATED IN THE PLAN, THE BUSINESS, FINANCIAL OR CONTRACTUAL ARRANGEMENTS BETWEEN THE DEBTORS AND ANY RELEASED PARTY, THE NEGOTIATION, FORMULATION, OR PREPARATION OF THE PLAN TRANSACTION DOCUMENTS OR RELATED AGREEMENTS, INSTRUMENTS OR OTHER DOCUMENTS, INCLUDING THE DIP FACILITY ORDER, THIS PLAN, THE RSA (INCLUDING THE TERM SHEET ATTACHED THERETO), OR ANY RELATED AGREEMENTS OR INSTRUMENTS, OR THE SOLICITATION OF VOTES WITH RESPECT TO THE PLAN, OR ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE;  PROVIDED THAT NOTHING IN THE PLAN SHALL BE CONSTRUED TO RELEASE THE RELEASED PARTIES  FROM ANY CLAIMS BASED UPON WILLFUL MISCONDUCT OR INTENTIONAL FRAUD AS DETERMINED BY A FINAL ORDER.**

UNDER THE PLAN:

**"RELEASED PARTIES"** MEANS, COLLECTIVELY, EACH OF THE FOLLOWING IN THEIR RESPECTIVE CAPACITIES AS SUCH: (A) THE DEBTORS AND ALL OF THE DEBTORS' AND REORGANIZED DEBTORS' (1) CURRENT FINANCIAL ADVISORS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, REPRESENTATIVES, AND OTHER PROFESSIONALS (COLLECTIVELY, THE "**DEBTOR PROFESSIONALS**"); (2) CURRENT EMPLOYEES, CONSULTANTS, AFFILIATES, OFFICERS, MANAGERS AND DIRECTORS, INCLUDING ANY SUCH PERSONS OR ENTITIES RETAINED PURSUANT

TO SECTION 363 OF THE BANKRUPTCY CODE; (B) THE PRIORITY FIRST LIEN LENDERS; (C) THE PRIORITY FIRST LIEN ADMINISTRATIVE AGENT; (D) THE PRIORITY LENDER GROUP (AS DEFINED IN THE RSA) AND EACH OF ITS MEMBERS; (E) THE CONSENTING PRIORITY LENDERS (AS DEFINED IN THE RSA); (F) THE DIP AGENT; (G) THE DIP LENDERS; (H) THE ADMINISTRATIVE AND COLLATERAL AGENTS UNDER THE PRIORITY FIRST LIEN CREDIT AGREEMENT; (I) WITH RESPECT TO EACH OF THE FOREGOING ENTITIES IN CLAUSES (A) THROUGH (H), EACH OF THEIR CURRENT AND FORMER AFFILIATES; AND (J) WITH RESPECT TO EACH OF THE FOREGOING ENTITIES IN CLAUSES (A) THROUGH (I), SUCH ENTITIES' PREDECESSORS, SUCCESSORS AND ASSIGNS, SUBSIDIARIES, AFFILIATES, MANAGED ACCOUNTS OR FUNDS, AND ALL OF THEIR RESPECTIVE CURRENT AND FORMER OFFICERS, MANAGERS, DIRECTORS, PRINCIPALS, DIRECT AND INDIRECT SHAREHOLDERS, DIRECT AND INDIRECT MEMBERS, DIRECT AND INDIRECT PARTNERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, MANAGEMENT COMPANIES, FUND ADVISORS, AGENTS AND OTHER PROFESSIONALS, AND SUCH PERSONS' RESPECTIVE HEIRS, EXECUTORS, ESTATES, SERVANTS AND NOMINEES.

"**RELEASING PARTIES**" MEANS, COLLECTIVELY, EACH OF THE FOLLOWING IN THEIR RESPECTIVE CAPACITIES AS SUCH: (A) THE DEBTORS AND THE REORGANIZED DEBTORS; (B) THE PRIORITY FIRST LIEN LENDERS; (C) THE PRIORITY FIRST LIEN ADMINISTRATIVE AGENT; (D) THE PRIORITY LENDER GROUP (AS DEFINED IN THE RSA) AND EACH OF ITS MEMBERS; (E) THE CONSENTING PRIORITY LENDERS (AS DEFINED IN THE RSA); (F) THE DIP AGENT; (G) THE DIP LENDERS; (H) THE ADMINISTRATIVE AND COLLATERAL AGENTS UNDER THE PRIORITY FIRST LIEN CREDIT AGREEMENT; (I) WITH RESPECT TO EACH OF THE FOREGOING PARTIES UNDER (A) THROUGH (H), EACH OF THEIR CURRENT AND FORMER AFFILIATES; (J) WITH RESPECT TO EACH OF THE FOREGOING ENTITIES IN CLAUSES (A) THROUGH (I), SUCH ENTITIES' PREDECESSORS, SUCCESSORS AND ASSIGNS, SUBSIDIARIES, AFFILIATES, MANAGED ACCOUNTS OR FUNDS, AND ALL OF THEIR RESPECTIVE CURRENT AND FORMER OFFICERS, MANAGERS, DIRECTORS, PRINCIPALS, DIRECT AND INDIRECT SHAREHOLDERS, DIRECT AND INDIRECT MEMBERS, DIRECT AND INDIRECT PARTNERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, MANAGEMENT COMPANIES, FUND ADVISORS, AGENTS AND OTHER PROFESSIONALS, AND SUCH PERSONS' RESPECTIVE HEIRS, EXECUTORS, ESTATES, SERVANTS AND NOMINEES; (K) WITHOUT LIMITING THE FOREGOING, EACH HOLDER OF A CLAIM AGAINST OR INTEREST IN THE COMPANY THAT (1) VOTED TO ACCEPT THE PLAN, (2) IS DEEMED TO ACCEPT THE PLAN AND OPTED TO PROVIDE A RELEASE, (3) IS DEEMED TO REJECT THE PLAN AND OPTED TO PROVIDE A RELEASE, (4) WAS SOLICITED TO VOTE TO ACCEPT OR REJECT THE PLAN BUT WHO DID NOT VOTE EITHER TO ACCEPT OR TO REJECT THE PLAN AND OPTED TO PROVIDE A RELEASE, OR (5) VOTED TO REJECT THE PLAN AND OPTED TO PROVIDE A RELEASE; AND (*L*) SOLELY WITH RESPECT TO THE SUBSTANTIAL CONTRIBUTION

5

/ INDEMNIFIED PARTIES, AND WITHOUT LIMITING THE FOREGOING, EACH HOLDER OF A CLAIM AGAINST OR INTEREST IN THE COMPANY.

☐ **The undersigned has elected to grant the releases contained in Article X.4 of the Plan**.

**Item 2.        Authorization.**

By signing this optional Release Opt-In Election Form, the undersigned Holder (or authorized signatory of such Holder) acknowledges receipt of information regarding its right to elect to grant the releases in Article X.4 of the Plan, and certifies that it is the Holder (or is entitled to act on behalf of such Holder) of the Claim or Interest to which this form relates as of May 3, 2019.

Name: _____
        (Print or Type)

Signature:_____

By: _____
        (If Appropriate)

Title:_____
        (If Appropriate)

Street Address:_____

City, State, Zip Code:_____

Telephone Number:_____

Date Completed:_____

At your election,  you must complete, sign, and return this Release Opt-In Election Form to the address set forth on the enclosed envelope provided or via Epiq's E-Balloting Portal. This Release Opt-In Election Form must be received by the Claims and Solicitation Agent (i) at the following address: (a) if by First Class mail, Trident Holding Company, LLC Ballot Processing Center c/o Epiq Corporate Restructuring, LLC P.O. Box 4422 Beaverton, OR 97076-4421 and (b) if by overnight courier or hand delivery, Trident Holding Company, LLC Ballot Processing Center c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Boulevard Beaverton, OR 97005 or (ii) via Epiq's E-Balloting Portal by **4:00 p.m. (Prevailing Eastern Time) on June 6, 2019**. If a Release Opt-In Election Form is received after the Voting Deadline it will not be accepted.

6

| **If Submitting Your Release Opt-In Election Form Through the E-Balloting Portal** |
|---|
|      Please visit https://dm.epiq11.com/Trident. Click on the "E-Ballot" section of the Debtors' website and follow the directions to submit your Release Opt-In Election Form.<br><br>**IMPORTANT NOTE:  You will need the following information to retrieve and submit your customized E-Ballot:**<br><br>    **Unique E-Ballot ID#:** _____<br><br>**"E-Balloting" is the sole manner in which Release Opt-In Election Forms will be accepted via electronic or online transmission. Release Opt-In Election Forms submitted by facsimile or email or other means of electronic transmission will not be counted.  Each E-Ballot ID# is to be used solely for voting only those Claims and/or Interests described in your Release Opt-In Election Form.**<br><br>**Holders who submit a Release Opt-In Election Form using the Claims and Solicitation Agent's online portal should NOT also submit a paper Release Opt-In Election Form.**<br><br>**If your Release Opt-In Election Form is not received by Epiq on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your Release Opt-In Election Form will not be accepted.** |

PLEASE TAKE FURTHER NOTICE that responses and objections, if any, to the confirmation of the Plan (each, a "**Plan Confirmation Objection**") must (a) be made in writing; (b) comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, the Case Management Procedures, and any other case management rules and orders of the Court; (c) state the name and address of the objecting party and the nature and amount of any claim or interest asserted by such party against the Debtors, their estates, or their property; (d) state with particularity the legal and factual bases and nature of any objection to the Plan, and, if practicable, a proposed modification to the Plan that would resolve such response or objection; and (e) be filed with the Court, and served on the following parties, so as to be received **on or before June 6, 2019 at 4:00 p.m. (Prevailing Eastern Time)**:

| **Counsel to the Debtors** | **United States Trustee** |
|---|---|
| Skadden, Arps, Slate, Meagher & Flom LLP<br>Four Times Square, New York, NY 10036<br>Attn: Paul D. Leake (Paul.Leake@skadden.com)<br>    Jason N. Kestecher (Jason.Kestecher@skadden.com)<br>        and<br>155 North Wacker Dr., Chicago, IL 60606<br>Attn: James J. Mazza, Jr. (James.Mazza@skadden.com)<br>    Justin M. Winerman (Justin.Winerman@skadden.com)<br>        and<br>Togut, Segal & Segal LLP<br>One Penn Plaza, Suite 3335, New York, NY 10119<br>Attn: Frank A. Oswald (frankoswald@teamtogut.com)<br>    Kyle J. Ortiz (kortiz@teamtogut.com) | Office of the United States Trustee for Region 2<br>U.S. Federal Office Building<br>201 Varick Street, Suite 1006<br>New York, NY 10014<br>Attn: Shannon Scott (Shannon.Scott2@usdoj.gov)<br>    Brian Masumoto (Brian.Masumoto@usdoj.gov) |
| **Counsel to the Committee** | **Counsel to the Administrative Agent under the Debtors' Priority First Lien Facility and DIP Facility** |

7

| Kilpatrick Townsend & Stockton LLP | Paul, Weiss, Rifkind, Wharton & Garrison LLP |
|---|---|
| 1114 Avenue of the Americas, New York, NY 10036 | 1285 6th Ave., New York, NY 10019 |
| Attn: David M. Posner (dposner@kilpatricktownsend.com) | Attn: Alan W. Kornberg (akornberg@paulweiss.com) |
|     Gianfranco Finizio (gfinizio@kilpatricktownsend.com) |     Robert Britton (rbritton@paulweiss.com) |
|     Kelly Moynihan (kmoynihan@kilpatricktownsend.com) |     Alexander Woolverton (awoolverton@paulweiss.com) |
| |     Grace C. Hotz (ghotz@paulweiss.com) |

**PLEASE TAKE FURTHER NOTICE THAT OBJECTIONS OR RESPONSES NOT TIMELY FILED, SERVED, AND RECEIVED IN THE MANNER SET FORTH ABOVE SHALL NOT BE CONSIDERED BY THE COURT AND BE DENIED AND OVERRULED.**

Objections must also be served on those parties who have formally appeared and requested service in these cases pursuant to Bankruptcy Rule 2002 and any other parties required to be served pursuant to the Case Management Procedures in these Chapter 11 Cases.

PLEASE TAKE FURTHER NOTICE that copies of the Disclosure Statement and the Plan, and other documents and materials related thereto, may be obtained from the Office of the Clerk of the Bankruptcy Court, One Bowling Green, New York, NY 10004, during normal business hours; the Bankruptcy Court's electronic case filing system at www.nysb.uscourts.gov (a PACER login and password are required and a fee may be charged); and are also available free-of-charge under the "Key Documents" section of the Debtors' restructuring website at https://dm.epiq11.com/Trident. If you have any questions regarding this Notice, or if you would like paper copies of the Disclosure Statement and/or the Plan, you may contact the Claims and Solicitation Agent by: (a) calling (800) 960-1226 (toll free) or +1 (503) 597-7729 (international); (b) visiting the Debtors' restructuring website at: https://dm.epiq11.com/Trident; (c) writing to Trident Holding Company, LLC Ballot Processing, c/o Epiq Corporate Restructuring, LLC, PO Box 4422, Beaverton, Oregon 97076-4422; and/or (d) emailing tabulation@epiqglobal.com with a reference to "Trident" in the subject line and request paper copies of the corresponding materials previously received in electronic format (to be provided at the Debtors' expense). **THE CLAIMS AND SOLICITATION AGENT IS NOT PERMITTED TO PROVIDE LEGAL ADVICE.**

Dated:  May 8, 2019
        New York, New York

                                  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

                                  */s/ James J. Mazza, Jr.*
                                  Paul D. Leake
                                  Jason N. Kestecher
                                  Four Times Square
                                  New York, New York 10036-6522
                                  Telephone: (212) 735-3000
                                  Fax: (212) 735-2000

                                  – and –

                                  James J. Mazza, Jr. (admitted *pro hac vice*)
                                  Justin M. Winerman (admitted *pro hac vice*)
                                  155 North Wacker Drive
                                  Chicago, Illinois 60606-1720
                                  Telephone: (312) 407-0700
                                  Fax: (312) 407-0411

                                  *Counsel to Debtors and Debtors-in-Possession*

**EXHIBIT 3-C**

**Executory Contract and Unexpired Lease Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| *In re* | **Chapter 11** |
| **TRIDENT HOLDING COMPANY, LLC,** *et al.*, | **Case No. 19-10384 (SHL)** |
| **Debtors.**[1] | **(Jointly Administered)** |

## NOTICE TO CONTRACT AND LEASE PARTIES

PLEASE TAKE NOTICE that on March 25, 2019, the debtors and debtors-in-possession in the above-captioned cases (collectively, the "**Debtors**") filed their proposed *Disclosure Statement for the Joint Plan of Reorganization of Trident Holding Company, LLC and Its Debtor Affiliates* [Docket No. 253] (as may be amended, supplemented, or otherwise modified, the "**Disclosure Statement**") and their proposed *Joint Plan of Reorganization of Trident Holding Company, LLC and Its Debtor Affiliates* [Docket No. 252] (as may be amended, supplemented, or otherwise modified, the "**Plan**").[2]

PLEASE TAKE FURTHER NOTICE that on March 25, 2019, the Debtors filed the *Debtors' Motion For Entry of an Order (A) Approving the Adequacy of the Debtors' Disclosure Statement and Notice of the Disclosure Statement Hearing; (B) Approving Solicitation and Notice Procedures With Respect to Confirmation of the Debtors' Joint Proposed Plan; (C) Approving the Form of Various Ballots and Notices in Connection Therewith; and (D) Scheduling Certain Dates With Respect Thereto* [Docket No. 254] (the "**Motion**"), with the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

PLEASE TAKE FURTHER NOTICE that on May 8, 2019, the Court entered the *Order (A) Approving the Adequacy of the Debtors' Disclosure Statement and Notice of the Disclosure*

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: Trident Holding Company, LLC (6396); American Diagnostics Services, Inc. (2771); Community Mobile Diagnostics, LLC (9341); Community Mobile Ultrasound, LLC (3818); Diagnostic Labs Holdings, LLC (8024); FC Pioneer Holding Company, LLC (6683); JLMD Manager, LLC (8470); Kan-Di-Ki LLC (6100); Main Street Clinical Laboratory, Inc. (0907); MDX-MDL Holdings, LLC (2605); MetroStat Clinical Laboratory – Austin, Inc. (4366); MX Holdings, LLC (8869); MX USA, LLC (4885); New Trident Holdcorp, Inc. (4913); Rely Radiology Holdings, LLC (3284); Schryver Medical Sales and Marketing, LLC (9620); Symphony Diagnostic Services No. 1, LLC (8980); Trident Clinical Services Holdings, Inc. (6262); Trident Clinical Services Holdings, LLC (1255); TridentUSA Foot Care Services LLC (3787); TridentUSA Mobile Clinical Services, LLC (0334); TridentUSA Mobile Infusion Services, LLC (5173); U.S. Lab & Radiology, Inc. (4988). The address of the Debtors' corporate headquarters is 930 Ridgebrook Road, 3rd Floor, Sparks, MD 21152.

[2]    Capitalized terms used in this Notice which are not defined have the meanings set forth in the Plan.

*Statement Hearing; (B) Approving Solicitation and Notice Procedures With Respect to*
*Confirmation of the Debtors' Joint Proposed Plan; (C) Approving the Form of Various Ballots*
*and Notices in Connection Therewith; and (D) Scheduling Certain Dates With Respect Thereto*
[Docket No. [●]] (the "**Disclosure Statement Order**").

PLEASE TAKE FURTHER NOTICE that copies of the Disclosure Statement and the
Plan, and other documents and materials related thereto, may be obtained from the Office of the
Clerk of the Bankruptcy Court, One Bowling Green, New York, NY 10004, during normal
business hours; the Bankruptcy Court's electronic case filing system at www.nysb.uscourts.gov
(a PACER login and password are required and a fee may be charged); and are also available
free-of-charge under the "Key Documents" section of the Debtors' restructuring website at
https://dm.epiq11.com/Trident. If you have any questions regarding this Notice, or if you would
like paper copies of the Disclosure Statement and/or the Plan, you may contact the Claims and
Solicitation Agent by: (a) calling (800) 960-1226 (toll free) or +1 (503) 597-7729 (international);
(b) visiting the Debtors' restructuring website at: https://dm.epiq11.com/Trident; (c) writing to
Trident Holding Company, LLC Ballot Processing, c/o Epiq Corporate Restructuring, LLC, PO
Box 4422, Beaverton, Oregon 97076-4422; and/or (d) emailing tabulation@epiqglobal.com with
a reference to "Trident" in the subject line and request paper copies of the corresponding
materials previously received in electronic format (to be provided at the Debtors' expense). **THE**
**CLAIMS AND SOLICITATION AGENT IS NOT PERMITTED TO PROVIDE LEGAL**
**ADVICE.**

You are receiving this notice because the Debtors' records indicate that you are a
counterparty to an Executory Contract or Unexpired Lease with the Debtors that has not been
assumed or rejected as of May 3, 2019 (the "**Voting Record Date**").

PLEASE TAKE FURTHER NOTICE that pursuant to Article VII of the Plan, and except
as otherwise provided therein, each Executory Contract and Unexpired Lease shall be deemed
automatically rejected pursuant to sections 365 and 1123 of the Bankruptcy Code as of the
Effective Date, unless any such Executory Contract or Unexpired Lease: (i) is listed on the
schedule of "Assumed Executory Contracts and Unexpired Leases" contained in Exhibit 7.1 of
the Plan; (ii) has been previously assumed or rejected by the Debtors by Final Order of the
Bankruptcy Court or has been assumed by the Debtors by order of the Bankruptcy Court as of
the Effective Date, which order becomes a Final Order after the Effective Date; (iii) is the
subject of a motion to assume or reject pending as of the Effective Date; (iv) is an Executory
Contract related to any Intercompany Claim; or (v) is otherwise assumed pursuant to the terms of
the Plan.

PLEASE TAKE FURTHER NOTICE that the order confirming the Plan will constitute
an order of the Bankruptcy Court approving such rejections pursuant to sections 365 and 1123 of
the Bankruptcy Code as of the Effective Date.  Counterparties to Executory Contracts or
Unexpired Leases that are deemed rejected as of the Effective Date shall have the right to assert
any Claim on account of the rejection of such Executory Contracts or Unexpired Leases,
including under section 502(g) of the Bankruptcy Code, subject to compliance with the
requirements of the Plan.

PLEASE TAKE FURTHER NOTICE that rejection of any Executory Contract or Unexpired Lease pursuant to the Plan or otherwise shall not constitute a termination of pre-existing obligations owed to the Debtors under such contracts or leases. In particular, notwithstanding any non-bankruptcy law to the contrary, the Reorganized Debtors expressly reserve and do not waive any right to receive, or any continuing obligation of a counterparty to provide warranties or continued maintenance obligations on goods previously purchased by the contracting Debtors or the Reorganized Debtors, as applicable, from counterparties to rejected or repudiated Executory Contracts.

PLEASE TAKE FURTHER NOTICE that unless otherwise provided by a Bankruptcy Court order, any proofs of Claim asserting Claims arising from the rejection of the Executory Contracts and Unexpired Leases pursuant to the Plan or otherwise must be filed with the Claims and Solicitation Agent no later than 30 days after the later of the Effective Date or the effective date of rejection. Any proofs of Claim arising from the rejection of the Executory Contracts or Unexpired Leases that are not timely filed shall be disallowed automatically and forever barred, estopped, and enjoined from assertion and shall not be enforceable against the Debtors or the Reorganized Debtors, without the need for any objection by the Reorganized Debtors or any further notice to or action, order, or approval of the Bankruptcy Court, and any Claim arising out of the rejection of the Executory Contract or Unexpired Lease shall be deemed fully satisfied, released, and discharged, notwithstanding anything in the Schedules or a proof of Claim to the contrary. All Allowed Claims arising from the rejection of the Executory Contracts and Unexpired Leases shall be classified as General Unsecured Claims.

PLEASE TAKE FURTHER NOTICE that notwithstanding anything to the contrary in the Plan, all rights of the Debtors, the Reorganized Debtors, and any counterparty to any Executory Contract or Unexpired Lease are reserved in the event that the Debtors (or the Reorganized Debtors) amend their decision with respect to the rejection of any Executory Contract or Unexpired Lease.

PLEASE TAKE FURTHER NOTICE that upon the occurrence of the Effective Date, each Executory Contract or Unexpired Lease (other than Executory Contracts or Unexpired Leases that (a) have been previously rejected by the Debtors by Final Order of the Bankruptcy Court or have been rejected by the Debtors by order of the Bankruptcy Court as of the Effective Date, which order becomes a Final Order after the Effective Date or (b) are the subject of a motion to reject pending as of the Effective Date) listed on the schedule of "Assumed Executory Contracts and Unexpired Leases" in Exhibit 7.1 of the Plan shall be assumed, or assumed and assigned, as applicable, and shall vest in and be fully enforceable by the Reorganized Debtors or their assignee in accordance with its terms, except as modified by the provisions of this Plan or any order of the Bankruptcy Court authorizing or providing for its assumption or applicable federal law. With respect to each such Executory Contract and Unexpired Lease, the Debtors shall have designated a proposed Cure, and the assumption of such Executory Contracts and Unexpired Leases may be conditioned upon the disposition of all issues with respect to such Cure. The Confirmation Order shall constitute an order of the Bankruptcy Court approving any such assumptions pursuant to sections 365(a) and 1123 of the Bankruptcy Code.

PLEASE TAKE FURTHER NOTICE that unless otherwise provided in the Plan, each Executory Contract or Unexpired Lease that is assumed shall include all modifications,

3

amendments, supplements, restatements, or other agreements that in any manner affect such Executory Contract or Unexpired Lease, and all rights related thereto, if any, including all easements, licenses, permits, rights, privileges, immunities, options, rights of first refusal, and any other interests, unless any of the foregoing agreements has been previously rejected or repudiated or is rejected or repudiated pursuant hereunder. Modifications, amendments, supplements, and restatements to prepetition Executory Contracts and Unexpired Leases that have been executed by the Debtors during the Chapter 11 Cases shall not be deemed to alter the prepetition nature of the Executory Contract or Unexpired Lease, or the validity, priority, or amount of any Claims that may arise in connection therewith.

PLEASE TAKE FURTHER NOTICE that any and all proofs of Claims based upon Executory Contracts or Unexpired Leases that have been assumed in the Chapter 11 Cases, including hereunder, except proofs of Claims asserting Cure amounts, pursuant to the order approving such assumption, including the Confirmation Order, shall be deemed disallowed and expunged from the claims register as of the Effective Date without any further notice to or action, order, or approval of the Bankruptcy Court.

PLEASE TAKE FURTHER NOTICE that with respect to each of the Executory Contracts or Unexpired Leases listed on the schedule of "Assumed Executory Contracts and Unexpired Leases," the Debtors shall have designated a proposed Cure, and the assumption of such Executory Contract or Unexpired Lease shall be conditioned upon the disposition of all issues with respect to Cure. Such Cure shall be satisfied by the Debtors or their assignee, if any, by payment of the Cure in Cash within 30 days following the occurrence of the Effective Date or as soon as reasonably practicable thereafter, or on such other terms as may be ordered by the Bankruptcy Court or agreed upon by the parties to the applicable Executory Contract or Unexpired Lease without any further notice to or action, order, or approval of the Bankruptcy Court. Any provisions or terms of the Executory Contracts or Unexpired Leases to be assumed pursuant to the Plan that are, or may be, alleged to be in default, shall be satisfied solely by Cure, or by an agreed-upon waiver of Cure. The Debtors shall serve a counterparty to an Executory Contract or Unexpired Lease to be assumed hereunder with evidence of adequate assurance upon such counterparty's written request to the Debtors' counsel. If there is a dispute regarding such Cure, the ability of the Reorganized Debtors or any assignee to provide "adequate assurance of future performance" within the meaning of section 365 of the Bankruptcy Code, or any other matter pertaining to assumption, then payment of Cure shall occur as soon as reasonably practicable after entry of a Final Order resolving such dispute, approving such assumption (and, if applicable, assignment), or as may be agreed upon by the Debtors or the Reorganized Debtors, as applicable, and the counterparty to the Executory Contract or Unexpired Lease. The Debtors or the Reorganized Debtors, as applicable, reserve the right either to reject or nullify the assumption of any Executory Contract or Unexpired Lease after a Final Order determining the Cure or any request for adequate assurance of future performance required to assume such Executory Contract or Unexpired Lease is made.

PLEASE TAKE FURTHER NOTICE that assumption of any Executory Contract or Unexpired Lease pursuant to the Plan or otherwise shall result in the full release and satisfaction of any Cures, Claims or defaults, whether monetary or nonmonetary, including defaults of provisions restricting the change in control or ownership interest composition or other

bankruptcy-related defaults, arising under any assumed Executory Contract or Unexpired Lease at any time prior to the effective date of assumption.

PLEASE TAKE FURTHER NOTICE that no later than seven days prior to the Confirmation Hearing, and pursuant to the Assumption and Rejection Procedures, the Debtors shall serve upon counterparties to such Executory Contracts and Unexpired Leases a notice of the proposed assumption that will (i) list the applicable Cure, if any, (ii) describe the procedures for filing objections to the proposed assumption or assumption and assignment of the applicable Executory Contract or Unexpired Lease, (iii) describe the procedures for filing objections to the proposed Cure of the applicable Executory Contract or Unexpired Lease, and (iv) explain the process by which related disputes will be resolved by the Bankruptcy Court. If no objection is timely received, the non-Debtor party to the assumed contract shall be deemed to have consented to the assumption of the applicable Executory Contract or Unexpired Lease.

PLEASE TAKE FURTHER NOTICE that if a proper and timely objection to the Cure Notice or proposed Cure was filed by the Cure Objection Deadline, the Cure shall be equal to (i) the amount agreed to between the Debtors or Reorganized Debtors and the applicable counterparty, or, (ii) to the extent the Debtors or Reorganized Debtors and counterparty do not reach an agreement regarding any Cure or any other matter related to assumption, the Bankruptcy Court shall determine the Allowed amount of such Cure and any related issues. Objections, if any, to the proposed assumption and/or Cure must be in writing, filed with the Bankruptcy Court and served so that they are actually received by the Cure Objection Deadline.

PLEASE TAKE FURTHER NOTICE that if an objection to the proposed assumption and/or to the Cure is timely filed and received in accordance with the procedures set forth in Article 7.4(b) of the Plan, and the parties do not reach a consensual resolution of such objection, a hearing with respect to such objection shall be held at such time scheduled by the Bankruptcy Court or the Debtors or Reorganized Debtors. Objections to the proposed Cure amount or assumption of an Executory Contract or Unexpired Lease will not be treated as objections to Confirmation of the Plan.

PLEASE TAKE FURTHER NOTICE that notwithstanding anything to the contrary in the Plan, prior to the Effective Date, the Debtors may amend their decision with respect to the assumption of any Executory Contract or Unexpired Lease and provide a new notice amending the information provided in the applicable notice, subject to the Assumption and Rejection Procedures, and shall serve such notice on the applicable counterparty; provided, that notwithstanding anything to the contrary in the Plan, all rights of the Debtors, the Reorganized Debtors, and any counterparty to any Executory Contract or Unexpired Lease are reserved with respect to any such amended decision or notice. In the case of an Executory Contract or Unexpired Lease designated for assumption that is the subject of a Cure objection which has not been resolved prior to the Effective Date, the Debtors may designate such Executory Contract or Unexpired Lease for rejection at any time prior to the payment of the Cure.

PLEASE TAKE FURTHER NOTICE that contracts and leases entered into after the Petition Date by the Debtors, and any Executory Contracts and Unexpired Leases assumed by the Debtors, may be performed by the Reorganized Debtors in the ordinary course of business and in accordance with the terms of such Executory Contract or Unexpired Lease.

PLEASE TAKE FURTHER NOTICE that neither the exclusion nor inclusion of any contract or lease on Exhibit 7.1 of the Plan, in the Plan Supplement, nor anything contained in the Plan, shall constitute an admission by the Debtors that any such contract or lease is in fact an Executory Contract or Unexpired Lease or that the Reorganized Debtors, or any of its Affiliates, has any liability thereunder. If there is a dispute regarding whether a contract or lease is or was executory or unexpired at the time of assumption, the Debtors or the Reorganized Debtors, as applicable, shall have 45 days following entry of a Final Order resolving such dispute to alter its treatment of such contract or lease.

Dated: May 8, 2019
　　　　New York, New York

　　　　　　　　　　　　　SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

　　　　　　　　　　　　　*/s/ James J. Mazza, Jr.*
　　　　　　　　　　　　　Paul D. Leake
　　　　　　　　　　　　　Jason N. Kestecher
　　　　　　　　　　　　　Four Times Square
　　　　　　　　　　　　　New York, New York 10036-6522
　　　　　　　　　　　　　Telephone: (212) 735-3000
　　　　　　　　　　　　　Fax: (212) 735-2000

　　　　　　　　　　　　　– and –

　　　　　　　　　　　　　James J. Mazza, Jr. (admitted *pro hac vice*)
　　　　　　　　　　　　　Justin M. Winerman (admitted *pro hac vice*)
　　　　　　　　　　　　　155 North Wacker Drive
　　　　　　　　　　　　　Chicago, Illinois 60606-1720
　　　　　　　　　　　　　Telephone: (312) 407-0700
　　　　　　　　　　　　　Fax: (312) 407-0411

　　　　　　　　　　　　　*Counsel to Debtors and Debtors-in-Possession*

**EXHIBIT 4-A**

**Ballot for Class 1 Priority First Lien Claims**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| *In re* | **Chapter 11** |
| **TRIDENT HOLDING COMPANY, LLC,** *et al.*, | **Case No. 19-10384 (SHL)** |
| **Debtors.**[1] | **(Jointly Administered)** |

## BALLOT FOR CLASS 1 PRIORITY FIRST LIEN CLAIMS

**PLEASE CAREFULLY READ AND FOLLOW THE INSTRUCTIONS BEFORE COMPLETING AND RETURNING YOUR BALLOT.**

- **IF YOU VOTE TO ACCEPT THE PLAN, YOU WILL ALSO BE CONSENTING TO THE RELEASE (AS DEFINED HEREIN) AND WILL BE IRREVOCABLY BOUND BY THE RELEASE.**

- **IF YOU VOTE TO REJECT THE PLAN OR CHOOSE TO ABSTAIN FROM VOTING ON THE PLAN, YOU CAN OPT IN TO THE RELEASE BY CHECKING THE APPLICABLE BOX UNDER ITEM 3 HEREIN. IF YOU REJECT THE PLAN OR CHOOSE TO ABSTAIN FROM VOTING ON THE PLAN AND PROPERLY AND TIMELY OPT IN TO THE RELEASE, YOU WILL BE IRREVOCABLY BOUND BY THE RELEASE.**

**THE VOTING DEADLINE BY WHICH YOUR BALLOT <u>MUST BE RECEIVED</u> BY EPIQ CORPORATE RESTRUCTURING, LLC (THE "<u>CLAIMS AND SOLICITATION AGENT</u>") IS 4:00 P.M. (PREVAILING EASTERN TIME) ON JUNE 6, 2019, OR THE VOTES REPRESENTED BY YOUR BALLOT WILL NOT BE COUNTED.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: Trident Holding Company, LLC (6396); American Diagnostics Services, Inc. (2771); Community Mobile Diagnostics, LLC (9341); Community Mobile Ultrasound, LLC (3818); Diagnostic Labs Holdings, LLC (8024); FC Pioneer Holding Company, LLC (6683); JLMD Manager, LLC (8470); Kan-Di-Ki LLC (6100); Main Street Clinical Laboratory, Inc. (0907); MDX-MDL Holdings, LLC (2605); MetroStat Clinical Laboratory – Austin, Inc. (4366); MX Holdings, LLC (8869); MX USA, LLC (4885); New Trident Holdcorp, Inc. (4913); Rely Radiology Holdings, LLC (3284); Schryver Medical Sales and Marketing, LLC (9620); Symphony Diagnostic Services No. 1, LLC (8980); Trident Clinical Services Holdings, Inc. (6262); Trident Clinical Services Holdings, LLC (1255); TridentUSA Foot Care Services LLC (3787); TridentUSA Mobile Clinical Services, LLC (0334); TridentUSA Mobile Infusion Services, LLC (5173); U.S. Lab & Radiology, Inc. (4988). The address of the Debtors' corporate headquarters is 930 Ridgebrook Road, 3rd Floor, Sparks, MD 21152.

> **ON OR AFTER MAY 22, 2019, SUPPLEMENTAL INFORMATION WILL BE AVAILABLE REGARDING POTENTIAL LITIGATION RELATED TO, AMONG OTHER THINGS, THE RECAPITALIZATION TRANSACTION, INCLUDING WHETHER A CHALLENGE HAS BEEN FILED AND, IF SO, THE PARTIES' VIEWS ON THE MERITS AND NATURE OF SUCH A CHALLENGE. FOR SUCH SUPPLEMENTAL INFORMATION, PLEASE VISIT: https://dm.epiq11.com/Trident**

Trident Holding Company, LLC ("**Trident**") and certain of its affiliates, the debtors and debtors-in-possession in the above-captioned cases (collectively, the "**Debtors**" or the "**Company**") are soliciting votes with respect to the *Joint Plan of Reorganization of Trident Holding Company, LLC and Its Debtor Affiliates* (as may be amended, supplemented, or otherwise modified, the "**Plan**") [Docket No. 252].[2] The Plan is described in, and attached as Exhibit A to, the *Disclosure Statement for the Joint Plan of Reorganization of Trident Holding Company, LLC and Its Debtor Affiliates* (the "**Disclosure Statement**") [Docket No. 253].

This Ballot is being sent to the Holders of Class 1 Priority First Lien Claims as of the Voting Record Date. This Ballot is to be used by Holders of Priority First Lien Claims to vote to accept or reject the Plan. **Those who elect to reject the Plan or abstain from voting may also elect to opt in to the Release.**

The Debtors intend to use any and all Ballots accepting the Plan to seek confirmation of the Plan. Confirmation of the Plan requires the affirmative vote to accept the Plan from the Holders of at least two-thirds in dollar amount and more than one-half in number of Claims in each Class that actually vote on the Plan. If the requisite acceptances, however, are not obtained, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") may nonetheless confirm the Plan, if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the requirements of sections 1129(a)(10) and 1129(b) of title 11 of the United States Code (the "**Bankruptcy Code**"). Either way, **if the Court confirms the Plan, it will be binding on you**. To have your vote count, **you must complete and return this Ballot by 4:00 p.m. (Prevailing Eastern Time) on June 6, 2019 (the "Voting Deadline")**.

**PLEASE CAREFULLY READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS FOR COMPLETING AND RETURNING THIS BALLOT. TO HAVE YOUR VOTE COUNT, YOU MUST COMPLETE AND RETURN THIS BALLOT BY 4:00 P.M. (PREVAILING EASTERN TIME) ON JUNE 6, 2019 (THE "VOTING DEADLINE").**

- **IF YOU VOTE TO ACCEPT THE PLAN, YOU WILL ALSO BE CONSENTING TO THE RELEASE.**

- **IF YOU VOTE TO REJECT THE PLAN OR ABSTAIN FROM VOTING ON THE PLAN, YOU CAN OPT IN TO THE RELEASE CONTAINED IN**

---

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

**ARTICLE X.4 OF THE PLAN BY CHECKING THE APPLICABLE BOX UNDER ITEM 3 HEREIN. IF YOU REJECT THE PLAN OR ABSTAIN FROM VOTING ON THE PLAN AND PROPERLY AND TIMELY OPT IN TO THE RELEASE, YOU WILL BE IRREVOCABLY BOUND BY THE RELEASE.**

---

**IMPORTANT**

**YOU SHOULD REVIEW THE DISCLOSURE STATEMENT AND THE PLAN FOR A DESCRIPTION OF THE PLAN AND ITS EFFECTS ON HOLDERS OF CLAIMS AGAINST THE DEBTORS BEFORE YOU VOTE. YOU MAY WISH TO SEEK LEGAL ADVICE CONCERNING THE PLAN AND YOUR CLASSIFICATION AND TREATMENT UNDER THE PLAN. YOUR CLAIM IS TREATED AS A PRIORITY FIRST LIEN CLAIM UNDER THE PLAN.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE CLAIMS AND SOLICITATION AGENT BY EMAIL AT TABULATION@EPIQGLOBAL.COM (WITH A REFERENCE TO "TRIDENT" IN THE SUBJECT LINE) OR BY TELEPHONE AT (866) 897-6433 (TOLL FREE) OR +1 (646) 282-2500 (INTERNATIONAL) AND REQUEST TO SPEAK WITH A MEMBER OF THE SOLICITATION GROUP. THE CLAIMS AND SOLICITATION AGENT IS NOT AUTHORIZED TO PROVIDE LEGAL ADVICE.**

---

**HOW TO VOTE**

1.     COMPLETE ITEMS 1 AND 2.
2.     **REVIEW THE RELEASES SET FORTH IN ITEM 3 AND, IF APPLICABLE, SELECT WHETHER TO OPT IN TO GIVING THE RELEASE. IF YOU VOTE IN FAVOR OF THE PLAN, YOU ARE GIVING THE RELEASE.**
3.     COMPLETE ITEM 4.
4.     SIGN THE BALLOT.
5.     RETURN THE ORIGINAL BALLOT IN THE PRE-ADDRESSED, POSTAGE-PREPAID ENVELOPE OR VIA EPIQ'S E-BALLOTING PORTAL.

*(Note: Additional instructions for completing ballot are set forth below.)*

Please note that you must vote the entire claim you hold to accept or reject the Plan. For purposes of tabulating the votes, you shall be deemed to have voted the full amount of your claim. You may not split your vote. If you are submitting a vote with respect to any of your Priority First Lien Claims, you must vote on all of your Priority First Lien Claims in the same way (*i.e.*, all "Accepts" or all "Rejects").

An authorized signatory of the holder of Priority First Lien Claims may execute this Ballot, but must provide the name and address of the holder of such Priority First Lien Claims on this Ballot and may be required to submit evidence to the Court demonstrating such signatory's authorization to vote on behalf of the Priority First Lien Claims.

You must provide all of the information requested by this Ballot. Failure to do so may result in the disqualification of your vote.

The Debtors reserve the right to extend the Voting Deadline, by written notice to the Claims and Solicitation Agent, until properly completed Ballots indicating acceptance of the Plan in sufficient number and amount to meet the voting requirements prescribed by section 1126 of the Bankruptcy Code have been received.

**Item 1. Certification Of Authority To Vote.**

The undersigned hereby certifies that as of the May  3, 2019 Voting Record Date, the undersigned is the holder (or authorized signatory for such holder) of the Priority First Lien Claim being voted:

Amount: _____

**Item 2.        Vote On Plan.**

The undersigned holder of the Class 1 Priority First Lien Claims set forth in Item 1 votes as follows (**check one box only — if you do not check a box, or if you check both boxes, your vote will not be counted**):

☐ to **ACCEPT** the Plan        ☐ to **REJECT** the Plan

**Item 3.**          **IMPORTANT INFORMATION REGARDING THIRD-PARTY RELEASES.**

**IF YOU VOTE TO ACCEPT THE PLAN, YOU SHALL BE DEEMED TO HAVE CONSENTED TO AND PROVIDED THE PLAN'S RELEASE DESCRIBED IN THIS ITEM 3 BELOW, REGARDLESS OF WHETHER THE BOX IS CHECKED IN ITEM 3 BELOW.**

**ALL PERSONS WHO HAVE VOTED TO REJECT THE PLAN OR ABSTAIN FROM VOTING ON THE PLAN AND WHO ELECT TO OPT IN TO THE RELEASE CONTAINED IN ARTICLE X.4 OF THE PLAN SHALL BE DEEMED TO HAVE CONSENTED TO AND PROVIDED THE RELEASE CONTAINED IN ARTICLE X.4 OF THE PLAN.**

REGARDLESS OF WHETHER YOU CONSENT TO THE PLAN'S RELEASE PROVISIONS, YOUR RECOVERY, IF ANY, UNDER THE PLAN REMAINS UNAFFECTED.

Article X.4 of the Plan contains the following release provision:

**RELEASE BY HOLDERS OF CLAIMS** **EFFECTIVE AS OF THE EFFECTIVE DATE, THE RELEASING PARTIES CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER DISCHARGE AND RELEASE (AND EACH ENTITY SO DISCHARGED AND RELEASED SHALL BE DEEMED DISCHARGED AND RELEASED BY THE RELEASING PARTIES) THE RELEASED PARTIES AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CLAIMS, INTERESTS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTORS, THE REORGANIZED DEBTORS, OR THEIR ESTATES, ANY CLAIMS OR CAUSES OF ACTION ASSERTED ON BEHALF OF ANY HOLDER OF ANY CLAIM OR ANY INTEREST OR THAT ANY HOLDER OF A CLAIM OR AN INTEREST WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, THAT SUCH RELEASING PARTY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING PRIOR TO THE EFFECTIVE DATE FROM, IN WHOLE OR IN PART, DIRECTLY OR INDIRECTLY, IN ANY MANNER WHATSOEVER, THE DEBTORS, THE ASSETS, LIABILITIES, OPERATIONS OR BUSINESS OF THE DEBTORS, THE DEBTORS' RESTRUCTURING, THE CHAPTER 11 CASES, OR THE RSA, THE PURCHASE, SALE, TRANSFER OR RESCISSION OF ANY DEBT, SECURITY, ASSET, RIGHT, OR INTEREST OF THE DEBTORS OR THE REORGANIZED DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM AGAINST OR INTEREST IN THE DEBTORS THAT IS TREATED IN THE PLAN, THE BUSINESS, FINANCIAL OR CONTRACTUAL ARRANGEMENTS BETWEEN THE DEBTORS AND ANY RELEASED PARTY, THE NEGOTIATION, FORMULATION, OR PREPARATION OF THE PLAN TRANSACTION DOCUMENTS OR RELATED AGREEMENTS, INSTRUMENTS OR OTHER DOCUMENTS, INCLUDING THE DIP FACILITY ORDER, THIS PLAN, THE RSA (INCLUDING THE TERM SHEET ATTACHED THERETO), OR ANY RELATED AGREEMENTS OR**

5

INSTRUMENTS, OR THE SOLICITATION OF VOTES WITH RESPECT TO THE PLAN, OR ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE; **PROVIDED** THAT NOTHING IN THE PLAN SHALL BE CONSTRUED TO RELEASE THE RELEASED PARTIES FROM ANY CLAIMS BASED UPON WILLFUL MISCONDUCT OR INTENTIONAL FRAUD AS DETERMINED BY A FINAL ORDER.

UNDER THE PLAN:

"**RELEASED PARTIES**" MEANS, COLLECTIVELY, EACH OF THE FOLLOWING IN THEIR RESPECTIVE CAPACITIES AS SUCH: (A) THE DEBTORS AND ALL OF THE DEBTORS' AND REORGANIZED DEBTORS' (1) CURRENT FINANCIAL ADVISORS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, REPRESENTATIVES, AND OTHER PROFESSIONALS (COLLECTIVELY, THE "**DEBTOR PROFESSIONALS**"); (2) CURRENT EMPLOYEES, CONSULTANTS, AFFILIATES, OFFICERS, MANAGERS AND DIRECTORS, INCLUDING ANY SUCH PERSONS OR ENTITIES RETAINED PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE; (B) THE PRIORITY FIRST LIEN LENDERS; (C) THE PRIORITY FIRST LIEN ADMINISTRATIVE AGENT; (D) THE PRIORITY LENDER GROUP (AS DEFINED IN THE RSA) AND EACH OF ITS MEMBERS; (E) THE CONSENTING PRIORITY LENDERS (AS DEFINED IN THE RSA); (F) THE DIP AGENT; (G) THE DIP LENDERS; (H) THE ADMINISTRATIVE AND COLLATERAL AGENTS UNDER THE PRIORITY FIRST LIEN CREDIT AGREEMENT; (I) WITH RESPECT TO EACH OF THE FOREGOING ENTITIES IN CLAUSES (A) THROUGH (H), EACH OF THEIR CURRENT AND FORMER AFFILIATES; AND (J) WITH RESPECT TO EACH OF THE FOREGOING ENTITIES IN CLAUSES (A) THROUGH (I), SUCH ENTITIES' PREDECESSORS, SUCCESSORS AND ASSIGNS, SUBSIDIARIES, AFFILIATES, MANAGED ACCOUNTS OR FUNDS, AND ALL OF THEIR RESPECTIVE CURRENT AND FORMER OFFICERS, MANAGERS, DIRECTORS, PRINCIPALS, DIRECT AND INDIRECT SHAREHOLDERS, DIRECT AND INDIRECT MEMBERS, DIRECT AND INDIRECT PARTNERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, MANAGEMENT COMPANIES, FUND ADVISORS, AGENTS AND OTHER PROFESSIONALS, AND SUCH PERSONS' RESPECTIVE HEIRS, EXECUTORS, ESTATES, SERVANTS AND NOMINEES.

"**RELEASING PARTIES**" MEANS, COLLECTIVELY, EACH OF THE FOLLOWING IN THEIR RESPECTIVE CAPACITIES AS SUCH: (A) THE DEBTORS AND THE REORGANIZED DEBTORS; (B) THE PRIORITY FIRST LIEN LENDERS; (C) THE PRIORITY FIRST LIEN ADMINISTRATIVE AGENT; (D) THE PRIORITY LENDER GROUP (AS DEFINED IN THE RSA) AND EACH OF ITS MEMBERS; (E) THE CONSENTING PRIORITY LENDERS (AS DEFINED IN THE RSA); (F) THE DIP AGENT; (G) THE DIP LENDERS; (H) THE ADMINISTRATIVE AND COLLATERAL AGENTS UNDER THE PRIORITY FIRST LIEN CREDIT AGREEMENT; (I) WITH RESPECT TO EACH OF THE FOREGOING PARTIES UNDER (A) THROUGH (H), EACH OF THEIR CURRENT AND FORMER AFFILIATES; (J) WITH RESPECT TO EACH OF THE FOREGOING ENTITIES IN CLAUSES (A) THROUGH (I), SUCH ENTITIES'

PREDECESSORS, SUCCESSORS AND ASSIGNS, SUBSIDIARIES, AFFILIATES, MANAGED ACCOUNTS OR FUNDS, AND ALL OF THEIR RESPECTIVE CURRENT AND FORMER OFFICERS, MANAGERS, DIRECTORS, PRINCIPALS, DIRECT AND INDIRECT SHAREHOLDERS, DIRECT AND INDIRECT MEMBERS, DIRECT AND INDIRECT PARTNERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, MANAGEMENT COMPANIES, FUND ADVISORS, AGENTS AND OTHER PROFESSIONALS, AND SUCH PERSONS' RESPECTIVE HEIRS, EXECUTORS, ESTATES, SERVANTS AND NOMINEES; (K) WITHOUT LIMITING THE FOREGOING, EACH HOLDER OF A CLAIM AGAINST OR INTEREST IN THE COMPANY THAT (1) VOTED TO ACCEPT THE PLAN, (2) IS DEEMED TO ACCEPT THE PLAN AND OPTED TO PROVIDE A RELEASE, (3) IS DEEMED TO REJECT THE PLAN AND OPTED TO PROVIDE A RELEASE, (4) WAS SOLICITED TO VOTE TO ACCEPT OR REJECT THE PLAN BUT WHO DID NOT VOTE EITHER TO ACCEPT OR TO REJECT THE PLAN AND OPTED TO PROVIDE A RELEASE, OR (5) VOTED TO REJECT THE PLAN AND OPTED TO PROVIDE A RELEASE; AND (*L*) SOLELY WITH RESPECT TO THE SUBSTANTIAL CONTRIBUTION / INDEMNIFIED PARTIES, AND WITHOUT LIMITING THE FOREGOING, EACH HOLDER OF A CLAIM AGAINST OR INTEREST IN THE COMPANY.

---

**IF VOTING TO REJECT THE PLAN OR ABSTAINING FROM VOTING ON THE PLAN, YOU MAY OPT IN TO THE RELEASE BY CHECKING THE BOX BELOW. OTHERWISE, YOU WILL BE DEEMED NOT TO HAVE GRANTED THE RELEASE.**

☐  **The undersigned has elected to grant the releases contained in Article X.4 of the Plan.**

---

**Item 4.          Authorization.**

By returning this Ballot, the undersigned Holder of the Priority First Lien Claim hereby certifies that as of the May 3, 2019 Voting Record Date, it is the Holder of the Claim set forth in Item 1 above or has full power and authority to vote to accept or to reject the Plan. To the extent the undersigned is voting on behalf of the actual Holder of a Claim, the undersigned certifies that it has the requisite authority to do so and will submit evidence of the same upon request. The undersigned also acknowledges that the tabulation of votes is subject to the terms and conditions of the Disclosure Statement, the Motion seeking approval of the Disclosure Statement, and the Solicitation Procedures.

The undersigned further certifies that (a) it has reviewed a copy of the Disclosure Statement (including the exhibits thereto), and (b) understands that the solicitation of votes for the Plan is subject to all the terms and conditions set forth in the Disclosure Statement, the Motion seeking approval of the Disclosure Statement, and the Solicitation Procedures.

Name: _____
          (Print or Type)

Signature: _____

7

By: _____
(If Appropriate)


Title:_____
(If Appropriate)


Street Address:_____


City, State, Zip Code:_____


Telephone Number:_____


Date Completed:_____

## <u>INSTRUCTIONS FOR COMPLETING THE BALLOT</u>

The Debtors are soliciting your vote on the Plan described in and attached as Exhibit A to the Disclosure Statement. Please review the Disclosure Statement and the Plan carefully before you vote. Unless otherwise defined, capitalized terms used herein and in the Ballot have the same meanings ascribed to them in the Plan.

**This Ballot does not constitute and shall not be deemed to constitute (a) a proof of claim; (b) an amendment to a proof of claim; (c) an assertion of a claim or a waiver of any bar date or deadline to file a proof of claim; or (d) an admission by the Debtors of the nature, validity or amount of any claim. The Debtors reserve their right to object to allowance of any claim on any grounds under the Bankruptcy Code and applicable nonbankruptcy law.**

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan.

To ensure your vote is counted, you must complete, sign, date, and return this Ballot in the enclosed envelope provided, or via Epiq's E-Balloting Portal, or at one of the following addresses (a) if by First Class mail, Trident Holding Company, LLC Ballot Processing Center c/o Epiq Corporate Restructuring, LLC P.O. Box 4422 Beaverton, OR 97076-4421 and (b) if by overnight courier or hand delivery, Trident Holding Company, LLC Ballot Processing Center c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Boulevard Beaverton, OR 97005.  Ballots must be received by the **<u>4:00 p.m. (Prevailing Eastern Time) Voting Deadline on June 6, 2019</u>**. If a Ballot is received after the Voting Deadline it will not be counted. Delivery of a Ballot by facsimile, e-mail, or other electronic means other than Epiq's E-Balloting Portal will not be accepted.

To complete this Ballot properly, take the following steps:

(1)  Make sure that the information required by Item 1 has been inserted.
(2)  Cast your vote to either accept or reject the Plan by checking the proper box in Item 2.

(3)  **Review the Releases set forth in Item 3 and, if applicable, select whether to opt in to such Releases. If you vote in favor of the Plan, you are giving the Releases.**

(4)  Read Item 4 carefully.

(5)  Provide the information required by Item 4.

(6)  Sign and date your Ballot.

(7)  If you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing.

(8)  Return the Ballot using the enclosed pre-addressed, postage-prepaid return envelope or via Epiq's E-Balloting Portal.

---

**If Submitting Your Vote Through the E-Balloting Portal**

Please visit https://dm.epiq11.com/Trident. Click on the "E-Ballot" section of the Debtors' website and follow the directions to submit your E-Ballot.

**IMPORTANT NOTE:  You will need the following information to retrieve and submit your customized E-Ballot:**

**Unique E-Ballot ID#: _____**

**"E-Balloting" is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile or email or other means of electronic transmission will not be counted.  Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your Ballot.**

**Holders who cast a Ballot using the Claims and Solicitation Agent's online portal should NOT also submit a paper Ballot.**

**If your Ballot is not received by Epiq on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.**

---

| **If Submitting Your Vote by First Class Mail** |
|---|
| Please complete and execute your ballot and submit it by first class mail in the enclosed postage prepaid envelope or by sending it to the following address:<br><br>**Trident Holding Company, LLC Ballot Processing Center**<br>**c/o Epiq Corporate Restructuring, LLC PO Box 4422**<br>**Beaverton, OR 97076-4422**<br><br>**If your Ballot is not received by Epiq on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.** |
| **If Submitting Your Vote by Overnight Courier or Hand Delivery** |
| Please complete and execute your ballot and submit it by first class mail in the enclosed postage prepaid envelope or by sending it to the following address:<br><br>**Trident Holding Company, LLC Ballot Processing Center**<br>**c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Boulevard**<br>**Beaverton, OR 97005**<br><br>**If your Ballot is not received by Epiq on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.** |

## PLEASE RETURN YOUR BALLOT PROMPTLY

If you have any questions regarding this Ballot or the voting procedures, or wish to receive a copy of the Plan, the Disclosure Statement, or related materials, please contact the Claims and Solicitation Agent by (a) calling (866) 897-6433 (toll free) or +1 (646) 282-2500 (international) and requesting to speak with a member of the Solicitation Group; (b) visiting the Debtors' restructuring website at https://dm.epiq11.com/Trident; (c) writing to Trident Holding Company, LLC Ballot Processing, c/o Epiq Corporate Restructuring, LLC, PO Box 4422, Beaverton, Oregon 97076-4422; and/or (d) emailing tabulation@epiqglobal.com with a reference to "Trident" in the subject line. **The Claims and Solicitation Agent is not authorized to provide legal advice.**

# EXHIBIT 4-B

**Ballot for Class 2 First Lien Claims**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| *In re* | **Chapter 11** |
| **TRIDENT HOLDING COMPANY, LLC,** *et al.*, | **Case No. 19-10384 (SHL)** |
| **Debtors.**[1] | **(Jointly Administered)** |

## BALLOT FOR CLASS 2 FIRST LIEN CLAIMS

**PLEASE CAREFULLY READ AND FOLLOW THE INSTRUCTIONS BEFORE COMPLETING AND RETURNING YOUR BALLOT.**

- **IF YOU VOTE TO ACCEPT THE PLAN, YOU WILL ALSO BE CONSENTING TO THE RELEASE (AS DEFINED HEREIN) AND WILL BE IRREVOCABLY BOUND BY THE RELEASE.**

- **IF YOU VOTE TO REJECT THE PLAN OR CHOOSE TO ABSTAIN FROM VOTING ON THE PLAN, YOU CAN OPT IN TO THE RELEASE BY CHECKING THE APPLICABLE BOX UNDER ITEM 3 HEREIN. IF YOU REJECT THE PLAN OR CHOOSE TO ABSTAIN FROM VOTING ON THE PLAN AND PROPERLY AND TIMELY OPT IN TO THE RELEASE, YOU WILL BE IRREVOCABLY BOUND BY THE RELEASE.**

**THE VOTING DEADLINE BY WHICH YOUR BALLOT <u>MUST BE RECEIVED</u> BY EPIQ CORPORATE RESTRUCTURING, LLC (THE "<u>CLAIMS AND SOLICITATION AGENT</u>") IS <u>4:00 P.M. (PREVAILING EASTERN TIME) ON JUNE 6, 2019</u>, OR THE VOTES REPRESENTED BY YOUR BALLOT WILL NOT BE COUNTED.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: Trident Holding Company, LLC (6396); American Diagnostics Services, Inc. (2771); Community Mobile Diagnostics, LLC (9341); Community Mobile Ultrasound, LLC (3818); Diagnostic Labs Holdings, LLC (8024); FC Pioneer Holding Company, LLC (6683); JLMD Manager, LLC (8470); Kan-Di-Ki LLC (6100); Main Street Clinical Laboratory, Inc. (0907); MDX-MDL Holdings, LLC (2605); MetroStat Clinical Laboratory – Austin, Inc. (4366); MX Holdings, LLC (8869); MX USA, LLC (4885); New Trident Holdcorp, Inc. (4913); Rely Radiology Holdings, LLC (3284); Schryver Medical Sales and Marketing, LLC (9620); Symphony Diagnostic Services No. 1, LLC (8980); Trident Clinical Services Holdings, Inc. (6262); Trident Clinical Services Holdings, LLC (1255); TridentUSA Foot Care Services LLC (3787); TridentUSA Mobile Clinical Services, LLC (0334); TridentUSA Mobile Infusion Services, LLC (5173); U.S. Lab & Radiology, Inc. (4988). The address of the Debtors' corporate headquarters is 930 Ridgebrook Road, 3rd Floor, Sparks, MD 21152.

> **ON OR AFTER MAY 22, 2019, SUPPLEMENTAL INFORMATION WILL BE AVAILABLE REGARDING POTENTIAL LITIGATION RELATED TO, AMONG OTHER THINGS, THE RECAPITALIZATION TRANSACTION, INCLUDING WHETHER A CHALLENGE HAS BEEN FILED AND, IF SO, THE PARTIES' VIEWS ON THE MERITS AND NATURE OF SUCH A CHALLENGE. FOR SUCH SUPPLEMENTAL INFORMATION, PLEASE VISIT:  https://dm.epiq11.com/Trident**

Trident Holding Company, LLC ("**Trident**") and certain of its affiliates, the debtors and debtors-in-possession in the above-captioned cases (collectively, the "**Debtors**" or the "**Company**") are soliciting votes with respect to the *Joint Plan of Reorganization of Trident Holding Company, LLC and Its Debtor Affiliates* (as may be amended, supplemented or otherwise modified, the "**Plan**") [Docket No. 252].[2]  The Plan is described in, and attached as Exhibit A to, the *Disclosure Statement for the Joint Plan of Reorganization of Trident Holding Company, LLC and Its Debtor Affiliates* (the "**Disclosure Statement**") [Docket No. 253].

This Ballot is being sent to the Holders of Class 2 First Lien Claims as of the Voting Record Date. This Ballot is to be used by Holders of First Lien Claims to vote to accept or reject the Plan. **Those who elect to reject the Plan or abstain from voting may also elect to opt in to the Release.**

The Debtors intend to use any and all Ballots accepting the Plan to seek confirmation of the Plan. Confirmation of the Plan requires the affirmative vote to accept the Plan from the Holders of at least two-thirds in dollar amount and more than one-half in number of claims in each Class that actually vote on the Plan. If the requisite acceptances, however, are not obtained, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") may nonetheless confirm the Plan, if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the requirements of sections 1129(a)(10) and 1129(b) of title 11 of the United States Code (the "**Bankruptcy Code**"). Either way, **if the Court confirms the Plan, it will be binding on you.** To have your vote count, **you must complete and return this Ballot by 4:00 p.m. (Prevailing Eastern Time) on June 6, 2019 (the "Voting Deadline"**).

**PLEASE CAREFULLY READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS FOR COMPLETING AND RETURNING THIS BALLOT. TO HAVE YOUR VOTE COUNT, YOU MUST COMPLETE AND RETURN THIS BALLOT BY 4:00 P.M. (PREVAILING EASTERN TIME) ON JUNE 6, 2019 (THE "VOTING DEADLINE").**

- **IF YOU VOTE TO ACCEPT THE PLAN, YOU WILL ALSO BE CONSENTING TO THE RELEASE.**

- **IF YOU VOTE TO REJECT THE PLAN OR ABSTAIN FROM VOTING ON THE PLAN, YOU CAN OPT IN TO THE RELEASE CONTAINED IN**

---

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

2

**ARTICLE X.4 OF THE PLAN BY CHECKING THE APPLICABLE BOX UNDER ITEM 3 HEREIN. IF YOU REJECT THE PLAN OR ABSTAIN FROM VOTING ON THE PLAN AND PROPERLY AND TIMELY OPT IN TO THE RELEASE, YOU WILL BE IRREVOCABLY BOUND BY THE RELEASE.**

| IMPORTANT |
|---|
| **YOU SHOULD REVIEW THE DISCLOSURE STATEMENT AND THE PLAN FOR A DESCRIPTION OF THE PLAN AND ITS EFFECTS ON HOLDERS OF CLAIMS AGAINST THE DEBTORS BEFORE YOU VOTE. YOU MAY WISH TO SEEK LEGAL ADVICE CONCERNING THE PLAN AND YOUR CLASSIFICATION AND TREATMENT UNDER THE PLAN. YOUR CLAIM IS TREATED AS A FIRST LIEN CLAIM UNDER THE PLAN.** <br><br> **IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE CLAIMS AND SOLICITATION AGENT BY EMAIL AT TABULATION@EPIQGLOBAL.COM (WITH A REFERENCE TO "TRIDENT" IN THE SUBJECT LINE) OR BY TELEPHONE AT (866) 897-6433 (TOLL FREE) OR +1 (646) 282-2500 (INTERNATIONAL) AND REQUEST TO SPEAK WITH A MEMBER OF THE SOLICITATION GROUP. THE CLAIMS AND SOLICITATION AGENT IS NOT AUTHORIZED TO PROVIDE LEGAL ADVICE.** |

**HOW TO VOTE**

1.      COMPLETE ITEMS 1 AND 2.
2.      **REVIEW THE RELEASES SET FORTH IN ITEM 3 AND, IF APPLICABLE, SELECT WHETHER TO OPT IN TO GIVING THE RELEASE. IF YOU VOTE IN FAVOR OF THE PLAN, YOU ARE GIVING THE RELEASE.**
3.      COMPLETE ITEM 4.
4.      SIGN THE BALLOT.
5.      RETURN THE ORIGINAL BALLOT IN THE PRE-ADDRESSED, POSTAGE-PREPAID ENVELOPE OR VIA EPIQ'S E-BALLOTING PORTAL.

(*Note: Additional instructions for completing ballot are set forth below.*)

Please note that you must vote the entire claim you hold to accept or reject the Plan. For purposes of tabulating the votes, you shall be deemed to have voted the full amount of your claim. You may not split your vote. If you are submitting a vote with respect to any of your First Lien Claims, you must vote on all of your First Lien Claims in the same way (*i.e.*, all "Accepts" or all "Rejects").

An authorized signatory of the holder of First Lien Claims may execute this Ballot, but must provide the name and address of the holder of such Priority First Lien Claims on this Ballot and may be required to submit evidence to the Court demonstrating such signatory's authorization to vote on behalf of the First Lien Claims.

You must provide all of the information requested by this Ballot. Failure to do so may result in the disqualification of your vote.

The Debtors reserve the right to extend the Voting Deadline, by written notice to the Claims and Solicitation Agent, until properly completed Ballots indicating acceptance of the Plan in sufficient number and amount to meet the voting requirements prescribed by section 1126 of the Bankruptcy Code have been received.

**Item 1. Certification Of Authority To Vote.**

The undersigned hereby certifies that as of the May 3, 2019 Voting Record Date, the undersigned is the holder (or authorized signatory for such holder) of the First Lien Claim being voted.

Amount: _____

**Item 2.        Vote On Plan.**

The undersigned holder of the Class 2 First Lien Claims set forth in Item 1 votes as follows (**check one box only — if you do not check a box, or if you check both boxes, your vote will not be counted**):

☐ to **ACCEPT** the Plan        ☐ to **REJECT** the Plan

4

**Item 3.**              **IMPORTANT INFORMATION REGARDING THIRD-PARTY RELEASES.**

**IF YOU VOTE TO ACCEPT THE PLAN, YOU SHALL BE DEEMED TO HAVE CONSENTED TO AND PROVIDED THE PLAN'S RELEASE DESCRIBED IN THIS ITEM 3 BELOW, REGARDLESS OF WHETHER THE BOX IS CHECKED IN ITEM 3 BELOW.**

**ALL PERSONS WHO HAVE VOTED TO REJECT THE PLAN OR ABSTAIN FROM VOTING ON THE PLAN AND WHO ELECT TO OPT IN TO THE RELEASE CONTAINED IN ARTICLE X.4 OF THE PLAN SHALL BE DEEMED TO HAVE CONSENTED TO AND PROVIDED THE RELEASE CONTAINED IN ARTICLE X.4 OF THE PLAN.**

REGARDLESS OF WHETHER YOU CONSENT TO THE PLAN'S RELEASE PROVISIONS, YOUR RECOVERY, IF ANY, UNDER THE PLAN REMAINS UNAFFECTED.

Article X.4 of the Plan contains the following release provision:

**RELEASE BY HOLDERS OF CLAIMS** **EFFECTIVE AS OF THE EFFECTIVE DATE, THE RELEASING PARTIES CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER DISCHARGE AND RELEASE (AND EACH ENTITY SO DISCHARGED AND RELEASED SHALL BE DEEMED DISCHARGED AND RELEASED BY THE RELEASING PARTIES) THE RELEASED PARTIES AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CLAIMS, INTERESTS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTORS, THE REORGANIZED DEBTORS, OR THEIR ESTATES,  ANY CLAIMS OR CAUSES OF ACTION ASSERTED ON BEHALF OF ANY HOLDER OF ANY CLAIM OR ANY INTEREST OR THAT ANY HOLDER OF A CLAIM OR AN INTEREST WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, THAT SUCH RELEASING PARTY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING PRIOR TO THE EFFECTIVE DATE FROM, IN WHOLE OR IN PART, DIRECTLY OR INDIRECTLY, IN ANY MANNER WHATSOEVER, THE DEBTORS, THE ASSETS, LIABILITIES, OPERATIONS OR BUSINESS OF THE DEBTORS, THE DEBTORS' RESTRUCTURING, THE CHAPTER 11 CASES, OR THE RSA, THE PURCHASE, SALE, TRANSFER OR RESCISSION OF ANY DEBT, SECURITY, ASSET, RIGHT, OR INTEREST OF THE DEBTORS OR THE REORGANIZED DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM AGAINST OR INTEREST IN THE DEBTORS THAT IS TREATED IN THE PLAN, THE BUSINESS, FINANCIAL OR CONTRACTUAL ARRANGEMENTS BETWEEN THE DEBTORS AND ANY RELEASED PARTY, THE NEGOTIATION, FORMULATION, OR PREPARATION OF THE PLAN TRANSACTION DOCUMENTS OR RELATED AGREEMENTS, INSTRUMENTS OR OTHER DOCUMENTS, INCLUDING THE DIP FACILITY ORDER, THIS PLAN, THE RSA (INCLUDING THE TERM SHEET ATTACHED THERETO), OR ANY RELATED AGREEMENTS OR**

5

INSTRUMENTS, OR THE SOLICITATION OF VOTES WITH RESPECT TO THE PLAN, OR ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE;   **PROVIDED** THAT NOTHING IN THE PLAN SHALL BE CONSTRUED TO RELEASE THE RELEASED PARTIES   FROM ANY CLAIMS BASED UPON WILLFUL MISCONDUCT OR INTENTIONAL FRAUD AS DETERMINED BY A FINAL ORDER.

UNDER THE PLAN:

"**RELEASED PARTIES**" MEANS, COLLECTIVELY, EACH OF THE FOLLOWING IN THEIR RESPECTIVE CAPACITIES AS SUCH: (A) THE DEBTORS AND ALL OF THE DEBTORS' AND REORGANIZED DEBTORS' (1) CURRENT FINANCIAL ADVISORS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, REPRESENTATIVES, AND OTHER PROFESSIONALS (COLLECTIVELY, THE "**DEBTOR PROFESSIONALS**"); (2) CURRENT EMPLOYEES, CONSULTANTS, AFFILIATES, OFFICERS, MANAGERS AND DIRECTORS, INCLUDING ANY SUCH PERSONS OR ENTITIES RETAINED PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE; (B) THE PRIORITY FIRST LIEN LENDERS; (C) THE PRIORITY FIRST LIEN ADMINISTRATIVE AGENT; (D) THE PRIORITY LENDER GROUP (AS DEFINED IN THE RSA) AND EACH OF ITS MEMBERS; (E) THE CONSENTING PRIORITY LENDERS (AS DEFINED IN THE RSA); (F) THE DIP AGENT; (G) THE DIP LENDERS; (H) THE ADMINISTRATIVE AND COLLATERAL AGENTS UNDER THE PRIORITY FIRST LIEN CREDIT AGREEMENT; (I) WITH RESPECT TO EACH OF THE FOREGOING ENTITIES IN CLAUSES (A) THROUGH (H), EACH OF THEIR CURRENT AND FORMER AFFILIATES; AND (J) WITH RESPECT TO EACH OF THE FOREGOING ENTITIES IN CLAUSES (A) THROUGH (I), SUCH ENTITIES' PREDECESSORS, SUCCESSORS AND ASSIGNS, SUBSIDIARIES, AFFILIATES, MANAGED ACCOUNTS OR FUNDS, AND ALL OF THEIR RESPECTIVE CURRENT AND FORMER OFFICERS, MANAGERS, DIRECTORS, PRINCIPALS, DIRECT AND INDIRECT SHAREHOLDERS, DIRECT AND INDIRECT MEMBERS, DIRECT AND INDIRECT PARTNERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, MANAGEMENT COMPANIES, FUND ADVISORS, AGENTS AND OTHER PROFESSIONALS, AND SUCH PERSONS' RESPECTIVE HEIRS, EXECUTORS, ESTATES, SERVANTS AND NOMINEES.

"**RELEASING PARTIES**" MEANS, COLLECTIVELY, EACH OF THE FOLLOWING IN THEIR RESPECTIVE CAPACITIES AS SUCH: (A) THE DEBTORS AND THE REORGANIZED DEBTORS; (B) THE PRIORITY FIRST LIEN LENDERS; (C) THE PRIORITY FIRST LIEN ADMINISTRATIVE AGENT; (D) THE PRIORITY LENDER GROUP (AS DEFINED IN THE RSA) AND EACH OF ITS MEMBERS; (E) THE CONSENTING PRIORITY LENDERS (AS DEFINED IN THE RSA); (F) THE DIP AGENT; (G) THE DIP LENDERS; (H) THE ADMINISTRATIVE AND COLLATERAL AGENTS UNDER THE PRIORITY FIRST LIEN CREDIT AGREEMENT; (I) WITH RESPECT TO EACH OF THE FOREGOING PARTIES UNDER (A) THROUGH (H), EACH OF THEIR CURRENT AND FORMER AFFILIATES; (J) WITH RESPECT TO EACH OF THE FOREGOING ENTITIES IN CLAUSES (A) THROUGH (I), SUCH ENTITIES'

PREDECESSORS, SUCCESSORS AND ASSIGNS, SUBSIDIARIES, AFFILIATES, MANAGED ACCOUNTS OR FUNDS, AND ALL OF THEIR RESPECTIVE CURRENT AND FORMER OFFICERS, MANAGERS, DIRECTORS, PRINCIPALS, DIRECT AND INDIRECT SHAREHOLDERS, DIRECT AND INDIRECT MEMBERS, DIRECT AND INDIRECT PARTNERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, MANAGEMENT COMPANIES, FUND ADVISORS, AGENTS AND OTHER PROFESSIONALS, AND SUCH PERSONS' RESPECTIVE HEIRS, EXECUTORS, ESTATES, SERVANTS AND NOMINEES; (K) WITHOUT LIMITING THE FOREGOING, EACH HOLDER OF A CLAIM AGAINST OR INTEREST IN THE COMPANY THAT (1) VOTED TO ACCEPT THE PLAN, (2) IS DEEMED TO ACCEPT THE PLAN AND OPTED TO PROVIDE A RELEASE, (3) IS DEEMED TO REJECT THE PLAN AND OPTED TO PROVIDE A RELEASE, (4) WAS SOLICITED TO VOTE TO ACCEPT OR REJECT THE PLAN BUT WHO DID NOT VOTE EITHER TO ACCEPT OR TO REJECT THE PLAN AND OPTED TO PROVIDE A RELEASE, OR (5) VOTED TO REJECT THE PLAN AND OPTED TO PROVIDE A RELEASE; AND (*L*) SOLELY WITH RESPECT TO THE SUBSTANTIAL CONTRIBUTION / INDEMNIFIED PARTIES, AND WITHOUT LIMITING THE FOREGOING, EACH HOLDER OF A CLAIM AGAINST OR INTEREST IN THE COMPANY.

---

**IF VOTING TO REJECT THE PLAN OR ABSTAINING FROM VOTING ON THE PLAN, YOU MAY OPT IN TO THE RELEASE BY CHECKING THE BOX BELOW. OTHERWISE, YOU WILL BE DEEMED NOT TO HAVE GRANTED THE RELEASE.**

☐   **The undersigned has elected to grant the releases contained in Article X.4 of the Plan.**

---

**Item 4.        Authorization.**

By returning this Ballot, the undersigned Holder of the First Lien Claim hereby certifies that as of the May 3, 2019 Voting Record Date, it is the Holder of the Claim set forth in Item 1 above or has full power and authority to vote to accept or to reject the Plan. To the extent the undersigned is voting on behalf of the actual Holder of a Claim, the undersigned certifies that it has the requisite authority to do so and will submit evidence of the same upon request. The undersigned also acknowledges that the tabulation of votes is subject to the terms and conditions of the Disclosure Statement, the Motion seeking approval of the Disclosure Statement, and the Solicitation Procedures.

The undersigned further certifies that (a) it has reviewed a copy of the Disclosure Statement (including the exhibits thereto), and (b) understands that the solicitation of votes for the Plan is subject to all the terms and conditions set forth in the Disclosure Statement, the Motion seeking approval of the Disclosure Statement, and the Solicitation Procedures.

Name: _____
            (Print or Type)

Signature:_____

7

By: _____
          (If Appropriate)


Title:_____
          (If Appropriate)


Street Address:_____


City, State, Zip Code:_____


Telephone Number:_____


Date Completed:_____

## INSTRUCTIONS FOR COMPLETING THE BALLOT

The Debtors are soliciting your vote on the Plan described in and attached as Exhibit A to the Disclosure Statement. Please review the Disclosure Statement and the Plan carefully before you vote. Unless otherwise defined, capitalized terms used herein and in the Ballot have the same meanings ascribed to them in the Plan.

**This Ballot does not constitute and shall not be deemed to constitute (a) a proof of claim; (b) an amendment to a proof of claim; (c) an assertion of a claim or a waiver of any bar date or deadline to file a proof of claim; or (d) an admission by the Debtors of the nature, validity, or amount of any claim. The Debtors reserve their right to object to allowance of any claim on any grounds under the Bankruptcy Code and applicable nonbankruptcy law.**

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan.

To ensure your vote is counted, you must complete, sign, date, and return this Ballot in the enclosed envelope provided, or via Epiq's E-Balloting Portal, or at one of the following addresses (a) if by First Class mail, Trident Holding Company, LLC Ballot Processing Center c/o Epiq Corporate Restructuring, LLC P.O. Box 4422 Beaverton, OR 97076-4421 and (b) if by overnight courier or hand delivery, Trident Holding Company, LLC Ballot Processing Center c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Boulevard Beaverton, OR 97005.  Ballots must be received by the **4:00 p.m. (Prevailing Eastern Time) Voting Deadline on June 6, 2019**. If a Ballot is received after the Voting Deadline it will not be counted. Delivery of a Ballot by facsimile, e-mail, or other electronic means other than Epiq's E-Balloting Portal will not be accepted.

To complete this Ballot properly, take the following steps:

> (1)  Make sure that the information required by Item 1 has been inserted.
> (2)  Cast your vote to either accept or reject the Plan by checking the proper box in Item 2.

8

(3)  **Review the Releases set forth in Item 3 and, if applicable, select whether to opt in to such Releases. If you vote in favor of the Plan, you are giving the Releases.**

(4)  Read Item 4 carefully.

(5)  Provide the information required by Item 4.

(6)  Sign and date your Ballot.

(7)  If you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing.

(8)  Return the Ballot using the enclosed pre-addressed, postage-prepaid return envelope or via Epiq's E-Balloting Portal.

---

### If Submitting Your Vote Through the E-Balloting Portal

Please visit https://dm.epiq11.com/Trident. Click on the "E-Ballot" section of the Debtors' website and follow the directions to submit your E-Ballot.

**IMPORTANT NOTE:  You will need the following information to retrieve and submit your customized E-Ballot:**

**Unique E-Ballot ID#: _____**

**"E-Balloting" is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile or email or other means of electronic transmission will not be counted. Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your Ballot.**

**Holders who cast a Ballot using the Claims and Solicitation Agent's online portal should NOT also submit a paper Ballot.**

**If your Ballot is not received by Epiq on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.**

---

| **If Submitting Your Vote by First Class Mail** |
|---|
| **Please complete and execute your ballot and submit it by first class mail in the enclosed postage prepaid envelope or by sending it to the following address:**<br><br>**Trident Holding Company, LLC Ballot Processing Center**<br>**c/o Epiq Corporate Restructuring, LLC PO Box 4422**<br>**Beaverton, OR 97076-4422**<br><br>**If your Ballot is not received by Epiq on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.** |
| **If Submitting Your Vote by Overnight Courier or Hand Delivery** |
| **Please complete and execute your ballot and submit it by first class mail in the enclosed postage prepaid envelope or by sending it to the following address:**<br><br>**Trident Holding Company, LLC Ballot Processing Center**<br>**c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Boulevard**<br>**Beaverton, OR 97005**<br><br>**If your Ballot is not received by Epiq on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.** |

**PLEASE RETURN YOUR BALLOT PROMPTLY**

  If you have any questions regarding this Ballot or the voting procedures, or wish to receive a copy of the Plan, the Disclosure Statement, or related materials, please contact the Claims and Solicitation Agent by (a) calling (866) 897-6433 (toll free) or +1 (646) 282-2500 (international) and requesting to speak with a member of the Solicitation Group; (b) visiting the Debtors' restructuring website at https://dm.epiq11.com/Trident; (c) writing to Trident Holding Company, LLC Ballot Processing, c/o Epiq Corporate Restructuring, LLC, PO Box 4422, Beaverton, Oregon 97076-4422; and/or (d) emailing tabulation@epiqglobal.com with a reference to "Trident" in the subject line. **The Claims and Solicitation Agent is not authorized to provide legal advice.**

**EXHIBIT 4-C**

**Ballot for Class 3 Second Lien Claims**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | **Chapter 11** |
| **TRIDENT HOLDING COMPANY, LLC,** *et al.*, | **Case No. 19-10384 (SHL)** |
| **Debtors.**[1] | **(Jointly Administered)** |

<u>**BALLOT FOR CLASS 3 SECOND LIEN CLAIMS**</u>

**PLEASE CAREFULLY READ AND FOLLOW THE INSTRUCTIONS BEFORE COMPLETING AND RETURNING YOUR BALLOT.**

- **IF YOU VOTE TO ACCEPT THE PLAN, YOU WILL ALSO BE CONSENTING TO THE RELEASE (AS DEFINED HEREIN) AND WILL BE IRREVOCABLY BOUND BY THE RELEASE REGARDLESS OF WHETHER YOU RECEIVE A RECOVERY UNDER THE PLAN. AS SET FORTH IN THE PLAN, YOUR RECOVERY IS CONTINGENT UPON ACCEPTANCE OF THE PLAN BY ANOTHER CLASS OF CREDITORS (CLASS 2 - FIRST LIEN CLAIMS).**

- **IF YOU VOTE TO REJECT THE PLAN OR CHOOSE TO ABSTAIN FROM VOTING ON THE PLAN, YOU CAN OPT IN TO THE RELEASE BY CHECKING THE APPLICABLE BOX UNDER ITEM 3 HEREIN. IF YOU REJECT THE PLAN OR CHOOSE TO ABSTAIN FROM VOTING ON THE PLAN AND PROPERLY AND TIMELY OPT IN TO THE RELEASE, YOU WILL BE IRREVOCABLY BOUND BY THE RELEASE.**

**THE VOTING DEADLINE BY WHICH YOUR BALLOT <u>MUST BE RECEIVED</u> BY EPIQ CORPORATE RESTRUCTURING, LLC (THE "<u>CLAIMS AND SOLICITATION AGENT</u>") IS <u>4:00 P.M. (PREVAILING EASTERN TIME) ON JUNE 6, 2019</u>, OR THE VOTES REPRESENTED BY YOUR BALLOT WILL NOT BE COUNTED.**

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: Trident Holding Company, LLC (6396); American Diagnostics Services, Inc. (2771); Community Mobile Diagnostics, LLC (9341); Community Mobile Ultrasound, LLC (3818); Diagnostic Labs Holdings, LLC (8024); FC Pioneer Holding Company, LLC (6683); JLMD Manager, LLC (8470); Kan-Di-Ki LLC (6100); Main Street Clinical Laboratory, Inc. (0907); MDX-MDL Holdings, LLC (2605); MetroStat Clinical Laboratory – Austin, Inc. (4366); MX Holdings, LLC (8869); MX USA, LLC (4885); New Trident Holdcorp, Inc. (4913); Rely Radiology Holdings, LLC (3284); Schryver Medical Sales and Marketing, LLC (9620); Symphony Diagnostic Services No. 1, LLC (8980); Trident Clinical Services Holdings, Inc. (6262); Trident Clinical Services Holdings, LLC (1255); TridentUSA Foot Care Services LLC (3787); TridentUSA Mobile Clinical Services, LLC (0334); TridentUSA Mobile Infusion Services, LLC (5173); U.S. Lab & Radiology, Inc. (4988). The address of the Debtors' corporate headquarters is 930 Ridgebrook Road, 3rd Floor, Sparks, MD 21152.

> **ON OR AFTER MAY 22, 2019, SUPPLEMENTAL INFORMATION WILL BE AVAILABLE REGARDING POTENTIAL LITIGATION RELATED TO, AMONG OTHER THINGS, THE RECAPITALIZATION TRANSACTION, INCLUDING WHETHER A CHALLENGE HAS BEEN FILED AND, IF SO, THE PARTIES' VIEWS ON THE MERITS AND NATURE OF SUCH A CHALLENGE. FOR SUCH SUPPLEMENTAL INFORMATION, PLEASE VISIT:  https://dm.epiq11.com/Trident**

Trident Holding Company, LLC ("**Trident**") and certain of its affiliates, the debtors and debtors-in-possession in the above-captioned cases (collectively, the "**Debtors**" or the "**Company**") are soliciting votes with respect to the *Joint Plan of Reorganization of Trident Holding Company, LLC and Its Debtor Affiliates* (as may be amended, supplemented or otherwise modified, the "**Plan**") [Docket No. 252].[2]  The Plan is described in, and attached as Exhibit A to, the *Disclosure Statement for the Joint Plan of Reorganization of Trident Holding Company, LLC and Its Debtor Affiliates* (the "**Disclosure Statement**") [Docket No. 253].

This Ballot is being sent to the Holders of Class 3 Second Lien Claims as of the Voting Record Date. This Ballot is to be used by Holders of Second Lien Claims to vote to accept or reject the Plan. **Those who elect to reject the Plan or abstain from voting may also elect to opt in to the Release.**

The Debtors intend to use any and all Ballots accepting the Plan to seek confirmation of the Plan. Confirmation of the Plan requires the affirmative vote to accept the Plan from the holders of at least two-thirds in dollar amount and more than one-half in number of claims in each Class that actually vote on the Plan. If the requisite acceptances, however, are not obtained, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") may nonetheless confirm the Plan, if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the requirements of sections 1129(a)(10) and 1129(b) of title 11 of the United States Code (the "**Bankruptcy Code**"). Either way, **if the Court confirms the Plan, it will be binding on you.** To have your vote count, **you must complete and return this Ballot by 4:00 p.m. (Prevailing Eastern Time) on June 6, 2019 (the "Voting Deadline"**).

**PLEASE CAREFULLY READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS FOR COMPLETING AND RETURNING THIS BALLOT. TO HAVE YOUR VOTE COUNT, YOU MUST COMPLETE AND RETURN THIS BALLOT BY 4:00 P.M. (PREVAILING EASTERN TIME) ON JUNE 6, 2019 (THE "VOTING DEADLINE").**

- **IF YOU VOTE TO ACCEPT THE PLAN, YOU WILL ALSO BE CONSENTING TO THE RELEASE.**

---

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

2

- **IF YOU VOTE TO REJECT THE PLAN OR ABSTAIN FROM VOTING ON THE PLAN, YOU CAN OPT IN TO THE RELEASE CONTAINED IN ARTICLE X.4 OF THE PLAN BY CHECKING THE APPLICABLE BOX UNDER ITEM 3 HEREIN. IF YOU REJECT THE PLAN OR ABSTAIN FROM VOTING ON THE PLAN AND PROPERLY AND TIMELY OPT IN TO THE RELEASE, YOU WILL BE IRREVOCABLY BOUND BY THE RELEASE.**

---

**IMPORTANT**

**YOU SHOULD REVIEW THE DISCLOSURE STATEMENT AND THE PLAN FOR A DESCRIPTION OF THE PLAN AND ITS EFFECTS ON HOLDERS OF CLAIMS AGAINST THE DEBTORS BEFORE YOU VOTE. YOU MAY WISH TO SEEK LEGAL ADVICE CONCERNING THE PLAN AND YOUR CLASSIFICATION AND TREATMENT UNDER THE PLAN. YOUR CLAIM IS TREATED AS A SECOND LIEN CLAIM UNDER THE PLAN.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE CLAIMS AND SOLICITATION AGENT BY EMAIL AT TABULATION@EPIQGLOBAL.COM (WITH A REFERENCE TO "TRIDENT" IN THE SUBJECT LINE) OR BY TELEPHONE AT (866) 897-6433 (TOLL FREE) OR +1 (646) 282-2500 (INTERNATIONAL) AND REQUEST TO SPEAK WITH A MEMBER OF THE SOLICITATION GROUP. THE CLAIMS AND SOLICITATION AGENT IS NOT AUTHORIZED TO PROVIDE LEGAL ADVICE.**

---

**HOW TO VOTE**

1.  COMPLETE ITEMS 1 AND 2.
2.  **REVIEW THE RELEASES SET FORTH IN ITEM 3 AND, IF APPLICABLE, SELECT WHETHER TO OPT IN TO GIVING THE RELEASE. IF YOU VOTE IN FAVOR OF THE PLAN, YOU ARE GIVING THE RELEASE.**
3.  COMPLETE ITEM 4.
4.  SIGN THE BALLOT.
5.  RETURN THE ORIGINAL BALLOT IN THE PRE-ADDRESSED, POSTAGE-PREPAID ENVELOPE OR VIA EPIQ'S E-BALLOTING PORTAL.

(*Note: Additional instructions for completing ballot are set forth below.*)

Please note that you must vote the entire claim you hold to accept or reject the Plan. For purposes of tabulating the votes, you shall be deemed to have voted the full amount of your claim. You may not split your vote. If you are submitting a vote with respect to any of your Second Lien Claims, you must vote on all of your Second Lien Claims in the same way (*i.e.*, all "Accepts" or all "Rejects").

An authorized signatory of the holder of Second Lien Claims may execute this Ballot, but must provide the name and address of the holder of such Second Lien Claims on this Ballot and may be required to submit evidence to the Court demonstrating such signatory's authorization to vote on behalf of the Second Lien Claims.

You must provide all of the information requested by this Ballot. Failure to do so may result in the disqualification of your vote.

The Debtors reserve the right to extend the Voting Deadline, by written notice to the Claims and Solicitation Agent, until properly completed Ballots indicating acceptance of the Plan in sufficient number and amount to meet the voting requirements prescribed by section 1126 of the Bankruptcy Code have been received.

**Item 1. Certification Of Authority To Vote.**

The undersigned hereby certifies that as of the May 3, 2019 Voting Record Date, the undersigned is the holder (or authorized signatory for such holder) of the Second Lien Claim being voted:

Amount: _____

**Item 2.        Vote On Plan.**

The undersigned holder of the Class 3 Second Lien Claims set forth in Item 1 votes as follows (**check one box only — if you do not check a box, or if you check both boxes, your vote will not be counted**):

☐ to **ACCEPT** the Plan        ☐ to **REJECT** the Plan

Item 3.                IMPORTANT INFORMATION REGARDING THIRD-PARTY RELEASES.

**IF YOU VOTE TO ACCEPT THE PLAN, YOU SHALL BE DEEMED TO HAVE CONSENTED TO AND PROVIDED THE PLAN'S RELEASE DESCRIBED IN THIS ITEM 3 BELOW, REGARDLESS OF WHETHER THE BOX IS CHECKED IN ITEM 3 BELOW AND REGARDLESS OF WHETHER YOU RECEIVE A RECOVERY UNDER THE PLAN. AS SET FORTH IN THE PLAN, YOUR RECOVERY IS CONTINGENT UPON ACCEPTANCE OF THE PLAN BY ANOTHER CLASS OF CREDITORS (CLASS 2 - FIRST LIEN CLAIMS).**

**ALL PERSONS WHO HAVE VOTED TO REJECT THE PLAN OR ABSTAIN FROM VOTING ON THE PLAN AND WHO ELECT TO OPT IN TO THE RELEASE CONTAINED IN ARTICLE X.4 OF THE PLAN SHALL BE DEEMED TO HAVE CONSENTED TO AND PROVIDED THE RELEASE CONTAINED IN ARTICLE X.4 OF THE PLAN.**

REGARDLESS OF WHETHER YOU CONSENT TO THE PLAN'S RELEASE PROVISIONS, YOUR RECOVERY, IF ANY, UNDER THE PLAN REMAINS UNAFFECTED.

Article X.4 of the Plan contains the following release provision:

**RELEASE BY HOLDERS OF CLAIMS  EFFECTIVE AS OF THE EFFECTIVE DATE, THE RELEASING PARTIES CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER DISCHARGE AND RELEASE (AND EACH ENTITY SO DISCHARGED AND RELEASED SHALL BE DEEMED DISCHARGED AND RELEASED BY THE RELEASING PARTIES) THE RELEASED PARTIES AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CLAIMS, INTERESTS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTORS, THE REORGANIZED DEBTORS, OR THEIR ESTATES,  ANY CLAIMS OR CAUSES OF ACTION ASSERTED ON BEHALF OF ANY HOLDER OF ANY CLAIM OR ANY INTEREST OR THAT ANY HOLDER OF A CLAIM OR AN INTEREST WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, THAT SUCH RELEASING PARTY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING PRIOR TO THE EFFECTIVE DATE FROM, IN WHOLE OR IN PART, DIRECTLY OR INDIRECTLY, IN ANY MANNER WHATSOEVER, THE DEBTORS, THE ASSETS, LIABILITIES, OPERATIONS OR BUSINESS OF THE DEBTORS, THE DEBTORS' RESTRUCTURING, THE CHAPTER 11 CASES, OR THE RSA, THE PURCHASE, SALE, TRANSFER OR RESCISSION OF ANY DEBT, SECURITY, ASSET, RIGHT, OR INTEREST OF THE DEBTORS OR THE REORGANIZED DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM AGAINST OR INTEREST IN THE DEBTORS THAT IS TREATED IN THE PLAN, THE BUSINESS, FINANCIAL OR CONTRACTUAL ARRANGEMENTS BETWEEN THE DEBTORS AND ANY RELEASED PARTY, THE NEGOTIATION, FORMULATION, OR PREPARATION OF THE PLAN TRANSACTION DOCUMENTS**

5

**OR RELATED AGREEMENTS, INSTRUMENTS OR OTHER DOCUMENTS, INCLUDING THE DIP FACILITY ORDER, THIS PLAN, THE RSA (INCLUDING THE TERM SHEET ATTACHED THERETO), OR ANY RELATED AGREEMENTS OR INSTRUMENTS, OR THE SOLICITATION OF VOTES WITH RESPECT TO THE PLAN, OR ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE;  <u>PROVIDED</u> THAT NOTHING IN THE PLAN SHALL BE CONSTRUED TO RELEASE THE RELEASED PARTIES  FROM ANY CLAIMS BASED UPON WILLFUL MISCONDUCT OR INTENTIONAL FRAUD AS DETERMINED BY A FINAL ORDER.**

UNDER THE PLAN:

**"RELEASED PARTIES"** MEANS, COLLECTIVELY, EACH OF THE FOLLOWING IN THEIR RESPECTIVE CAPACITIES AS SUCH: (A) THE DEBTORS AND ALL OF THE DEBTORS' AND REORGANIZED DEBTORS' (1) CURRENT FINANCIAL ADVISORS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, REPRESENTATIVES, AND OTHER PROFESSIONALS (COLLECTIVELY, THE "**DEBTOR PROFESSIONALS**"); (2) CURRENT EMPLOYEES, CONSULTANTS, AFFILIATES, OFFICERS, MANAGERS AND DIRECTORS, INCLUDING ANY SUCH PERSONS OR ENTITIES RETAINED PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE; (B) THE PRIORITY FIRST LIEN LENDERS; (C) THE PRIORITY FIRST LIEN ADMINISTRATIVE AGENT; (D) THE PRIORITY LENDER GROUP (AS DEFINED IN THE RSA) AND EACH OF ITS MEMBERS; (E) THE CONSENTING PRIORITY LENDERS (AS DEFINED IN THE RSA); (F) THE DIP AGENT; (G) THE DIP LENDERS; (H) THE ADMINISTRATIVE AND COLLATERAL AGENTS UNDER THE PRIORITY FIRST LIEN CREDIT AGREEMENT; (I) WITH RESPECT TO EACH OF THE FOREGOING ENTITIES IN CLAUSES (A) THROUGH (H), EACH OF THEIR CURRENT AND FORMER AFFILIATES; AND (J) WITH RESPECT TO EACH OF THE FOREGOING ENTITIES IN CLAUSES (A) THROUGH (I), SUCH ENTITIES' PREDECESSORS, SUCCESSORS AND ASSIGNS, SUBSIDIARIES, AFFILIATES, MANAGED ACCOUNTS OR FUNDS, AND ALL OF THEIR RESPECTIVE CURRENT AND FORMER OFFICERS, MANAGERS, DIRECTORS, PRINCIPALS, DIRECT AND INDIRECT SHAREHOLDERS, DIRECT AND INDIRECT MEMBERS, DIRECT AND INDIRECT PARTNERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, MANAGEMENT COMPANIES, FUND ADVISORS, AGENTS AND OTHER PROFESSIONALS, AND SUCH PERSONS' RESPECTIVE HEIRS, EXECUTORS, ESTATES, SERVANTS AND NOMINEES.

"**RELEASING PARTIES**" MEANS, COLLECTIVELY, EACH OF THE FOLLOWING IN THEIR RESPECTIVE CAPACITIES AS SUCH: (A) THE DEBTORS AND THE REORGANIZED DEBTORS; (B) THE PRIORITY FIRST LIEN LENDERS; (C) THE PRIORITY FIRST LIEN ADMINISTRATIVE AGENT; (D) THE PRIORITY LENDER GROUP (AS DEFINED IN THE RSA) AND EACH OF ITS MEMBERS; (E) THE CONSENTING PRIORITY LENDERS (AS DEFINED IN THE RSA); (F) THE DIP AGENT; (G) THE DIP LENDERS; (H) THE ADMINISTRATIVE AND COLLATERAL AGENTS UNDER THE PRIORITY FIRST LIEN CREDIT AGREEMENT; (I) WITH RESPECT TO

EACH OF THE FOREGOING PARTIES UNDER (A) THROUGH (H), EACH OF THEIR CURRENT AND FORMER AFFILIATES; (J) WITH RESPECT TO EACH OF THE FOREGOING ENTITIES IN CLAUSES (A) THROUGH (I), SUCH ENTITIES' PREDECESSORS, SUCCESSORS AND ASSIGNS, SUBSIDIARIES, AFFILIATES, MANAGED ACCOUNTS OR FUNDS, AND ALL OF THEIR RESPECTIVE CURRENT AND FORMER OFFICERS, MANAGERS, DIRECTORS, PRINCIPALS, DIRECT AND INDIRECT SHAREHOLDERS, DIRECT AND INDIRECT MEMBERS, DIRECT AND INDIRECT PARTNERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, MANAGEMENT COMPANIES, FUND ADVISORS, AGENTS AND OTHER PROFESSIONALS, AND SUCH PERSONS' RESPECTIVE HEIRS, EXECUTORS, ESTATES, SERVANTS AND NOMINEES; (K) WITHOUT LIMITING THE FOREGOING, EACH HOLDER OF A CLAIM AGAINST OR INTEREST IN THE COMPANY THAT (1) VOTED TO ACCEPT THE PLAN, (2) IS DEEMED TO ACCEPT THE PLAN AND OPTED TO PROVIDE A RELEASE, (3) IS DEEMED TO REJECT THE PLAN AND OPTED TO PROVIDE A RELEASE, (4) WAS SOLICITED TO VOTE TO ACCEPT OR REJECT THE PLAN BUT WHO DID NOT VOTE EITHER TO ACCEPT OR TO REJECT THE PLAN AND OPTED TO PROVIDE A RELEASE, OR (5) VOTED TO REJECT THE PLAN AND OPTED TO PROVIDE A RELEASE; AND (*L*) SOLELY WITH RESPECT TO THE SUBSTANTIAL CONTRIBUTION / INDEMNIFIED PARTIES, AND WITHOUT LIMITING THE FOREGOING, EACH HOLDER OF A CLAIM AGAINST OR INTEREST IN THE COMPANY.

---

**IF VOTING TO REJECT THE PLAN OR ABSTAINING FROM VOTING ON THE PLAN, YOU MAY OPT IN TO THE RELEASE BY CHECKING THE BOX BELOW. OTHERWISE, YOU WILL BE DEEMED NOT TO HAVE GRANTED THE RELEASE.**

☐  **The undersigned has elected to grant the releases contained in Article X.4 of the Plan.**

---

**Item 4.        Authorization.**

By returning this Ballot, the undersigned Holder of the Second Lien Claim hereby certifies that as of the May 3, 2019 Voting Record Date, it is the Holder of the Claim set forth in Item 1 above or has full power and authority to vote to accept or to reject the Plan. To the extent the undersigned is voting on behalf of the actual Holder of a Claim, the undersigned certifies that it has the requisite authority to do so and will submit evidence of the same upon request. The undersigned also acknowledges that the tabulation of votes is subject to the terms and conditions of the Disclosure Statement, the Motion seeking approval of the Disclosure Statement, and the Solicitation Procedures.

The undersigned further certifies that (a) it has reviewed a copy of the Disclosure Statement (including the exhibits thereto), and (b) understands that the solicitation of votes for the Plan is subject to all the terms and conditions set forth in the Disclosure Statement, the Motion seeking approval of the Disclosure Statement, and the Solicitation Procedures.

Name: _____
           (Print or Type)

Signature:_____

By: _____
          (If Appropriate)

Title:_____
          (If Appropriate)

Street Address:_____

City, State, Zip Code:_____

Telephone Number:_____

Date Completed:_____

## **INSTRUCTIONS FOR COMPLETING THE BALLOT**

The Debtors are soliciting your vote on the Plan described in and attached as Exhibit A to the Disclosure Statement this Ballot. Please review the Disclosure Statement and the Plan carefully before you vote. Unless otherwise defined, capitalized terms used herein and in the Ballot have the same meanings ascribed to them in the Plan.

**This Ballot does not constitute and shall not be deemed to constitute (a) a proof of claim; (b) an amendment to a proof of claim; (c) an assertion of a claim or a waiver of any bar date or deadline to file a proof of claim; or (d) an admission by the Debtors of the nature, validity, or amount of any claim. The Debtors reserve their right to object to allowance of any claim on any grounds under the Bankruptcy Code and applicable nonbankruptcy law.**

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan.

To ensure your vote is counted, you must complete, sign, date, and return this Ballot in the enclosed envelope provided, or via Epiq's E-Balloting Portal, or at one of the following addresses (a) if by First Class mail, Trident Holding Company, LLC Ballot Processing Center c/o Epiq Corporate Restructuring, LLC P.O. Box 4422 Beaverton, OR 97076-4421 and (b) if by overnight courier or hand delivery, Trident Holding Company, LLC Ballot Processing Center c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Boulevard Beaverton, OR 97005.  Ballots must be received by the **4:00 p.m. (Prevailing Eastern Time) Voting Deadline on June 6, 2019**. If a Ballot is received after the Voting Deadline it will not be counted. Delivery of a Ballot by facsimile, e-mail, or other electronic means other than Epiq's E-Balloting Portal will not be accepted.

To complete this Ballot properly, take the following steps:

(1)  Make sure that the information required by Item 1 has been inserted.

(2)  Cast your vote to either accept or reject the Plan by checking the proper box in Item 2.

(3)  **Review the Releases set forth in Item 3 and, if applicable, select whether to opt in to such Releases. If you vote in favor of the Plan, you are giving the Releases.**

(4)  Read Item 4 carefully.

(5)  Provide the information required by Item 4.

(6)  Sign and date your Ballot.

(7)  If you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing.

(8)  Return the Ballot using the enclosed pre-addressed, postage-prepaid return envelope or via Epiq's E-Balloting Portal.

---

### If Submitting Your Vote Through the E-Balloting Portal

Please visit https://dm.epiq11.com/Trident. Click on the "E-Ballot" section of the Debtors' website and follow the directions to submit your E-Ballot.

**IMPORTANT NOTE:  You will need the following information to retrieve and submit your customized E-Ballot:**

**Unique E-Ballot ID#: _____**

**"E-Balloting" is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile or email or other means of electronic transmission will not be counted. Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your Ballot.**

**Holders who cast a Ballot using the Claims and Solicitation Agent's online portal should NOT also submit a paper Ballot.**

**If your Ballot is not received by Epiq on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.**

| **If Submitting Your Vote by First Class Mail** |
|---|
| Please complete and execute your ballot and submit it by first class mail in the enclosed postage prepaid envelope or by sending it to the following address:<br><br> **Trident Holding Company, LLC Ballot Processing Center**<br>**c/o Epiq Corporate Restructuring, LLC PO Box 4422**<br>**Beaverton, OR 97076-4422** <br>If your Ballot is not received by Epiq on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted. |
| **If Submitting Your Vote by Overnight Courier or Hand Delivery** |
| Please complete and execute your ballot and submit it by first class mail in the enclosed postage prepaid envelope or by sending it to the following address:<br><br> **Trident Holding Company, LLC Ballot Processing Center**<br>**c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Boulevard**<br>**Beaverton, OR 97005** <br>If your Ballot is not received by Epiq on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted. |

## PLEASE RETURN YOUR BALLOT PROMPTLY

If you have any questions regarding this Ballot or the voting procedures, or wish to receive a copy of the Plan, the Disclosure Statement, or related materials, please contact the Claims and Solicitation Agent by (a) calling (866) 897-6433 (toll free) or +1 (646) 282-2500 (international) and requesting to speak with a member of the Solicitation Group; (b) visiting the Debtors' restructuring website at https://dm.epiq11.com/Trident; (c) writing to Trident Holding Company, LLC Ballot Processing, c/o Epiq Corporate Restructuring, LLC, PO Box 4422, Beaverton, Oregon 97076-4422; and/or (d) emailing tabulation@epiqglobal.com with a reference to "Trident" in the subject line. **The Claims and Solicitation Agent is not authorized to provide legal advice.**

**EXHIBIT 4-D**

**Ballot for Class 6C Operating Company General Unsecured Claims**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | **Chapter 11** |
| **TRIDENT HOLDING COMPANY, LLC**, *et al.*, | **Case No. 19-10384 (SHL)** |
| **Debtors.**[1] | **(Jointly Administered)** |

## BALLOT FOR CLASS 6C OPERATING COMPANY GENERAL UNSECURED CLAIMS

**PLEASE CAREFULLY READ AND FOLLOW THE INSTRUCTIONS BEFORE COMPLETING AND RETURNING YOUR BALLOT.**

- **IF YOU VOTE TO ACCEPT THE PLAN, YOU WILL ALSO BE CONSENTING TO THE RELEASE (AS DEFINED HEREIN) AND WILL BE IRREVOCABLY BOUND BY THE RELEASE.**

- **IF YOU VOTE TO REJECT THE PLAN OR CHOOSE TO ABSTAIN FROM VOTING ON THE PLAN, YOU CAN OPT IN TO THE RELEASE BY CHECKING THE APPLICABLE BOX UNDER ITEM 3 HEREIN. IF YOU REJECT THE PLAN OR CHOOSE TO ABSTAIN FROM VOTING ON THE PLAN AND PROPERLY AND TIMELY OPT IN TO THE RELEASE, YOU WILL BE IRREVOCABLY BOUND BY THE RELEASE.**

**THE VOTING DEADLINE BY WHICH YOUR BALLOT <u>MUST BE RECEIVED</u> BY EPIQ CORPORATE RESTRUCTURING, LLC (THE "<u>CLAIMS AND SOLICITATION AGENT</u>") IS <u>4:00 P.M. (PREVAILING EASTERN TIME) ON JUNE 6, 2019</u>, OR THE VOTES REPRESENTED BY YOUR BALLOT WILL NOT BE COUNTED.**

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: Trident Holding Company, LLC (6396); American Diagnostics Services, Inc. (2771); Community Mobile Diagnostics, LLC (9341); Community Mobile Ultrasound, LLC (3818); Diagnostic Labs Holdings, LLC (8024); FC Pioneer Holding Company, LLC (6683); JLMD Manager, LLC (8470); Kan-Di-Ki LLC (6100); Main Street Clinical Laboratory, Inc. (0907); MDX-MDL Holdings, LLC (2605); MetroStat Clinical Laboratory – Austin, Inc. (4366); MX Holdings, LLC (8869); MX USA, LLC (4885); New Trident Holdcorp, Inc. (4913); Rely Radiology Holdings, LLC (3284); Schryver Medical Sales and Marketing, LLC (9620); Symphony Diagnostic Services No. 1, LLC (8980); Trident Clinical Services Holdings, Inc. (6262); Trident Clinical Services Holdings, LLC (1255); TridentUSA Foot Care Services LLC (3787); TridentUSA Mobile Clinical Services, LLC (0334); TridentUSA Mobile Infusion Services, LLC (5173); U.S. Lab & Radiology, Inc. (4988). The address of the Debtors' corporate headquarters is 930 Ridgebrook Road, 3rd Floor, Sparks, MD 21152.

> **ON OR AFTER MAY 22, 2019, SUPPLEMENTAL INFORMATION WILL BE AVAILABLE REGARDING POTENTIAL LITIGATION RELATED TO, AMONG OTHER THINGS, THE RECAPITALIZATION TRANSACTION, INCLUDING WHETHER A CHALLENGE HAS BEEN FILED AND, IF SO, THE PARTIES' VIEWS ON THE MERITS AND NATURE OF SUCH A CHALLENGE. FOR SUCH SUPPLEMENTAL INFORMATION, PLEASE VISIT:  https://dm.epiq11.com/Trident**

Trident Holding Company, LLC ("**Trident**") and certain of its affiliates, the debtors and debtors-in-possession in the above-captioned cases (collectively, the "**Debtors**" or the "**Company**"), are soliciting votes with respect to the *Joint Plan of Reorganization of Trident Holding Company, LLC and Its Debtor Affiliates* (as may be amended, supplemented or otherwise modified, the "**Plan**") [Docket No. 252].[2] The Plan is described in, and attached as Exhibit A, to the *Disclosure Statement for the Joint Plan of Reorganization of Trident Holding Company, LLC and Its Debtor Affiliates* (the "**Disclosure Statement**") [Docket No. 253].

This Ballot is being sent to the Holders of Class 6C Operating Company General Unsecured Claims as of the Voting Record Date. This Ballot is to be used by Holders of Operating Company General Unsecured Claims to vote to accept or reject the Plan. **Those who elect to reject the Plan or abstain from voting may also elect to opt in to the Release.**

The Debtors intend to use any and all Ballots accepting the Plan to seek confirmation of the Plan. Confirmation of the Plan requires the affirmative vote to accept the Plan from the holders of at least two-thirds in dollar amount and more than one-half in number of claims in each Class that actually vote on the Plan. If the requisite acceptances, however, are not obtained, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") may nonetheless confirm the Plan, if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the requirements of sections 1129(a)(10) and 1129(b) of title 11 of the United States Code (the "**Bankruptcy Code**"). Either way, **if the Court confirms the Plan, it will be binding on you.** To have your vote count, **you must complete and return this Ballot by 4:00 p.m. (Prevailing Eastern Time) on June 6, 2019 (the "Voting Deadline"**).

**PLEASE CAREFULLY READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS FOR COMPLETING AND RETURNING THIS BALLOT. TO HAVE YOUR VOTE COUNT, YOU MUST COMPLETE AND RETURN THIS BALLOT BY 4:00 P.M. (PREVAILING EASTERN TIME) ON JUNE 6, 2019 (THE "VOTING DEADLINE").**

- **IF YOU VOTE TO ACCEPT THE PLAN, YOU WILL ALSO BE CONSENTING TO THE RELEASE.**

- **IF YOU VOTE TO REJECT THE PLAN OR ABSTAIN FROM VOTING ON THE PLAN, YOU CAN OPT IN TO THE RELEASE CONTAINED IN**

---

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

**ARTICLE X.4 OF THE PLAN BY CHECKING THE APPLICABLE BOX UNDER ITEM 3 HEREIN. IF YOU REJECT THE PLAN OR ABSTAIN FROM VOTING ON THE PLAN AND PROPERLY AND TIMELY OPT IN TO THE RELEASE, YOU WILL BE IRREVOCABLY BOUND BY THE RELEASE.**

---

**IMPORTANT**

**YOU SHOULD REVIEW THE DISCLOSURE STATEMENT AND THE PLAN FOR A DESCRIPTION OF THE PLAN AND ITS EFFECTS ON HOLDERS OF CLAIMS AGAINST THE DEBTORS BEFORE YOU VOTE. YOU MAY WISH TO SEEK LEGAL ADVICE CONCERNING THE PLAN AND YOUR CLASSIFICATION AND TREATMENT UNDER THE PLAN. YOUR CLAIM IS TREATED AS A GENERAL UNSECURED CLAIM UNDER THE PLAN.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE CLAIMS AND SOLICITATION AGENT BY EMAIL AT TABULATION@EPIQGLOBAL.COM (WITH A REFERENCE TO "TRIDENT" IN THE SUBJECT LINE) OR BY TELEPHONE AT (866) 897-6433 (TOLL FREE) OR +1 (646) 282-2500 (INTERNATIONAL) AND REQUEST TO SPEAK WITH A MEMBER OF THE SOLICITATION GROUP. THE CLAIMS AND SOLICITATION AGENT IS NOT AUTHORIZED TO PROVIDE LEGAL ADVICE.**

---

**HOW TO VOTE**

1. COMPLETE ITEMS 1 AND 2.
2. **REVIEW THE RELEASES SET FORTH IN ITEM 3 AND, IF APPLICABLE, SELECT WHETHER TO OPT IN TO GIVING THE RELEASE. IF YOU VOTE IN FAVOR OF THE PLAN, YOU ARE GIVING THE RELEASE.**
3. COMPLETE ITEM 4.
4. SIGN THE BALLOT.
5. RETURN THE ORIGINAL BALLOT IN THE PRE-ADDRESSED, POSTAGE-PREPAID ENVELOPE OR VIA EPIQ'S E-BALLOTING PORTAL.

(*Note: Additional instructions for completing ballot are set forth below.*)

Please note that you must vote the entire claim you hold to accept or reject the Plan. For purposes of tabulating the votes, you shall be deemed to have voted the full amount of your claim. You may not split your vote. If you are submitting a vote with respect to any of your Operating Company General Unsecured Claims, you must vote on all of your General Unsecured Claims in the same way (*i.e.*, all "Accepts" or all "Rejects").

An authorized signatory of the holder of Operating Company General Unsecured Claims may execute this Ballot, but must provide the name and address of the holder of such Operating Company General Unsecured Claims on this Ballot and may be required to submit evidence to the Court demonstrating such signatory's authorization to vote on behalf of the Operating Company General Unsecured Claims.

You must provide all of the information requested by this Ballot. Failure to do so may result in the disqualification of your vote.

The Debtors reserve the right to extend the Voting Deadline, by written notice to the Claims and Solicitation Agent, until properly completed Ballots indicating acceptance of the Plan in sufficient number and amount to meet the voting requirements prescribed by section 1126 of the Bankruptcy Code have been received.

**Item 1. Certification Of Authority To Vote.**

The undersigned hereby certifies that as of the May 3, 2019 Voting Record Date, the undersigned is the holder (or authorized signatory for such holder) of the Operating Company General Unsecured Claim being voted:

Amount:[3] _____

**Item 2.        Vote On Plan.**

The undersigned holder of the Class 6C Operating Company General Unsecured Claims set forth in Item 1 votes as follows (**check one box only — if you do not check a box, or if you check both boxes, your vote will not be counted**):

---

[3]    For voting purposes only, subject to tabulation rules.

☐ to **ACCEPT** the Plan          ☐ to **REJECT** the Plan

**Item 3.**          **IMPORTANT INFORMATION REGARDING THIRD-PARTY RELEASES.**

      **IF YOU VOTE TO ACCEPT THE PLAN, YOU SHALL BE DEEMED TO HAVE CONSENTED TO AND PROVIDED THE PLAN'S RELEASE DESCRIBED IN THIS ITEM 3 BELOW, REGARDLESS OF WHETHER THE BOX IS CHECKED IN ITEM 3 BELOW.**

      **ALL PERSONS WHO HAVE VOTED TO REJECT THE PLAN OR ABSTAIN FROM VOTING ON THE PLAN AND WHO ELECT TO OPT IN TO THE RELEASE CONTAINED IN ARTICLE X.4 OF THE PLAN SHALL BE DEEMED TO HAVE CONSENTED TO AND PROVIDED THE RELEASE CONTAINED IN ARTICLE X.4 OF THE PLAN.**

      REGARDLESS OF WHETHER YOU CONSENT TO THE PLAN'S RELEASE PROVISIONS, YOUR RECOVERY, IF ANY, UNDER THE PLAN REMAINS UNAFFECTED.

      Article X.4 of the Plan contains the following release provision:

      **RELEASE BY HOLDERS OF CLAIMS  EFFECTIVE AS OF THE EFFECTIVE DATE, THE RELEASING PARTIES CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER DISCHARGE AND RELEASE (AND EACH ENTITY SO DISCHARGED AND RELEASED SHALL BE DEEMED DISCHARGED AND RELEASED BY THE RELEASING PARTIES) THE RELEASED PARTIES AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CLAIMS, INTERESTS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTORS, THE REORGANIZED DEBTORS, OR THEIR ESTATES,  ANY CLAIMS OR CAUSES OF ACTION ASSERTED ON BEHALF OF ANY HOLDER OF ANY CLAIM OR ANY INTEREST OR THAT ANY HOLDER OF A CLAIM OR AN INTEREST WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, THAT SUCH RELEASING PARTY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING PRIOR TO THE EFFECTIVE DATE FROM, IN WHOLE OR IN PART, DIRECTLY OR INDIRECTLY, IN ANY MANNER WHATSOEVER, THE DEBTORS, THE ASSETS, LIABILITIES, OPERATIONS OR BUSINESS OF THE DEBTORS, THE DEBTORS' RESTRUCTURING, THE CHAPTER 11 CASES, OR THE RSA, THE PURCHASE, SALE, TRANSFER OR RESCISSION OF ANY DEBT, SECURITY, ASSET, RIGHT, OR INTEREST OF THE DEBTORS OR THE REORGANIZED DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM AGAINST OR INTEREST IN THE DEBTORS THAT IS TREATED IN THE PLAN, THE BUSINESS, FINANCIAL OR CONTRACTUAL ARRANGEMENTS BETWEEN THE DEBTORS AND ANY RELEASED PARTY, THE NEGOTIATION, FORMULATION, OR PREPARATION OF THE PLAN TRANSACTION DOCUMENTS OR RELATED AGREEMENTS, INSTRUMENTS OR OTHER DOCUMENTS,**

**INCLUDING THE DIP FACILITY ORDER, THIS PLAN, THE RSA (INCLUDING THE TERM SHEET ATTACHED THERETO), OR ANY RELATED AGREEMENTS OR INSTRUMENTS, OR THE SOLICITATION OF VOTES WITH RESPECT TO THE PLAN, OR ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE;** PROVIDED **THAT NOTHING IN THE PLAN SHALL BE CONSTRUED TO RELEASE THE RELEASED PARTIES  FROM ANY CLAIMS BASED UPON WILLFUL MISCONDUCT OR INTENTIONAL FRAUD AS DETERMINED BY A FINAL ORDER.**

UNDER THE PLAN:

**"RELEASED PARTIES**" MEANS, COLLECTIVELY, EACH OF THE FOLLOWING IN THEIR RESPECTIVE CAPACITIES AS SUCH: (A) THE DEBTORS AND ALL OF THE DEBTORS' AND REORGANIZED DEBTORS' (1) CURRENT FINANCIAL ADVISORS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, REPRESENTATIVES, AND OTHER PROFESSIONALS (COLLECTIVELY, THE "**DEBTOR PROFESSIONALS**"); (2) CURRENT EMPLOYEES, CONSULTANTS, AFFILIATES, OFFICERS, MANAGERS AND DIRECTORS, INCLUDING ANY SUCH PERSONS OR ENTITIES RETAINED PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE; (B) THE PRIORITY FIRST LIEN LENDERS; (C) THE PRIORITY FIRST LIEN ADMINISTRATIVE AGENT; (D) THE PRIORITY LENDER GROUP (AS DEFINED IN THE RSA) AND EACH OF ITS MEMBERS; (E) THE CONSENTING PRIORITY LENDERS (AS DEFINED IN THE RSA); (F) THE DIP AGENT; (G) THE DIP LENDERS; (H) THE ADMINISTRATIVE AND COLLATERAL AGENTS UNDER THE PRIORITY FIRST LIEN CREDIT AGREEMENT; (I) WITH RESPECT TO EACH OF THE FOREGOING ENTITIES IN CLAUSES (A) THROUGH (H), EACH OF THEIR CURRENT AND FORMER AFFILIATES; AND (J) WITH RESPECT TO EACH OF THE FOREGOING ENTITIES IN CLAUSES (A) THROUGH (I), SUCH ENTITIES' PREDECESSORS, SUCCESSORS AND ASSIGNS, SUBSIDIARIES, AFFILIATES, MANAGED ACCOUNTS OR FUNDS, AND ALL OF THEIR RESPECTIVE CURRENT AND FORMER OFFICERS, MANAGERS, DIRECTORS, PRINCIPALS, DIRECT AND INDIRECT SHAREHOLDERS, DIRECT AND INDIRECT MEMBERS, DIRECT AND INDIRECT PARTNERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, MANAGEMENT COMPANIES, FUND ADVISORS, AGENTS AND OTHER PROFESSIONALS, AND SUCH PERSONS' RESPECTIVE HEIRS, EXECUTORS, ESTATES, SERVANTS AND NOMINEES.

**"RELEASING PARTIES**" MEANS, COLLECTIVELY, EACH OF THE FOLLOWING IN THEIR RESPECTIVE CAPACITIES AS SUCH: (A) THE DEBTORS AND THE REORGANIZED DEBTORS; (B) THE PRIORITY FIRST LIEN LENDERS; (C) THE PRIORITY FIRST LIEN ADMINISTRATIVE AGENT; (D) THE PRIORITY LENDER GROUP (AS DEFINED IN THE RSA) AND EACH OF ITS MEMBERS; (E) THE CONSENTING PRIORITY LENDERS (AS DEFINED IN THE RSA); (F) THE DIP AGENT; (G) THE DIP LENDERS; (H) THE ADMINISTRATIVE AND COLLATERAL AGENTS UNDER THE PRIORITY FIRST LIEN CREDIT AGREEMENT; (I) WITH RESPECT TO EACH OF THE FOREGOING PARTIES UNDER (A) THROUGH (H), EACH OF THEIR

6

CURRENT AND FORMER AFFILIATES; (J) WITH RESPECT TO EACH OF THE FOREGOING ENTITIES IN CLAUSES (A) THROUGH (I), SUCH ENTITIES' PREDECESSORS, SUCCESSORS AND ASSIGNS, SUBSIDIARIES, AFFILIATES, MANAGED ACCOUNTS OR FUNDS, AND ALL OF THEIR RESPECTIVE CURRENT AND FORMER OFFICERS, MANAGERS, DIRECTORS, PRINCIPALS, DIRECT AND INDIRECT SHAREHOLDERS, DIRECT AND INDIRECT MEMBERS, DIRECT AND INDIRECT PARTNERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, MANAGEMENT COMPANIES, FUND ADVISORS, AGENTS AND OTHER PROFESSIONALS, AND SUCH PERSONS' RESPECTIVE HEIRS, EXECUTORS, ESTATES, SERVANTS AND NOMINEES; (K) WITHOUT LIMITING THE FOREGOING, EACH HOLDER OF A CLAIM AGAINST OR INTEREST IN THE COMPANY THAT (1) VOTED TO ACCEPT THE PLAN, (2) IS DEEMED TO ACCEPT THE PLAN AND OPTED TO PROVIDE A RELEASE, (3) IS DEEMED TO REJECT THE PLAN AND OPTED TO PROVIDE A RELEASE, (4) WAS SOLICITED TO VOTE TO ACCEPT OR REJECT THE PLAN BUT WHO DID NOT VOTE EITHER TO ACCEPT OR TO REJECT THE PLAN AND OPTED TO PROVIDE A RELEASE, OR (5) VOTED TO REJECT THE PLAN AND OPTED TO PROVIDE A RELEASE; AND (L) SOLELY WITH RESPECT TO THE SUBSTANTIAL CONTRIBUTION / INDEMNIFIED PARTIES, AND WITHOUT LIMITING THE FOREGOING, EACH HOLDER OF A CLAIM AGAINST OR INTEREST IN THE COMPANY.

---

**IF VOTING TO REJECT THE PLAN OR ABSTAINING FROM VOTING ON THE PLAN, YOU MAY OPT IN TO THE RELEASE BY CHECKING THE BOX BELOW. OTHERWISE, YOU WILL BE DEEMED NOT TO HAVE GRANTED THE RELEASE.**

☐ **The undersigned has elected to grant the releases contained in Article X.4 of the Plan.**

---

**Item 4.        Authorization.**

By returning this Ballot, the undersigned Holder of the Operating Company General Unsecured Claim hereby certifies that as of the May 3, 2019 Voting Record Date, it is the Holder of the Claim set forth in Item 1 above or has full power and authority to vote to accept or to reject the Plan. To the extent the undersigned is voting on behalf of the actual Holder of a Claim, the undersigned certifies that it has the requisite authority to do so and will submit evidence of the same upon request. The undersigned also acknowledges that the tabulation of votes is subject to the terms and conditions of the Disclosure Statement, the Motion seeking approval of the Disclosure Statement, and the Solicitation Procedures.

The undersigned further certifies that (a) it has reviewed a copy of the Disclosure Statement (including the exhibits thereto), and (b) understands that the solicitation of votes for the Plan is subject to all the terms and conditions set forth in the Disclosure Statement, the Motion seeking approval of the Disclosure Statement, and the Solicitation Procedures.

Name: _____
            (Print or Type)

Signature:_____

By: _____
        (If Appropriate)

Title:_____
        (If Appropriate)

Street Address:_____

City, State, Zip Code:_____

Telephone Number:_____

Date Completed:_____

### **<u>INSTRUCTIONS FOR COMPLETING THE BALLOT</u>**

The Debtors are soliciting your vote on the Plan described in and attached as Exhibit A to the Disclosure Statement. Please review the Disclosure Statement and the Plan carefully before you vote. Unless otherwise defined, capitalized terms used herein and in the Ballot have the same meanings ascribed to them in the Plan.

**This Ballot does not constitute and shall not be deemed to constitute (a) a proof of claim; (b) an amendment to a proof of claim; (c) an assertion of a claim or a waiver of any bar date or deadline to file a proof of claim; or (d) an admission by the Debtors of the nature, validity, or amount of any claim. The Debtors reserve their right to object to allowance of any claim on any grounds under the Bankruptcy Code and applicable nonbankruptcy law.**

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan.

To ensure your vote is counted, you must complete, sign, date, and return this Ballot in the enclosed envelope provided, or via Epiq's E-Balloting Portal, or at one of the following addresses (a) if by First Class mail, Trident Holding Company, LLC Ballot Processing Center c/o Epiq Corporate Restructuring, LLC P.O. Box 4422 Beaverton, OR 97076-4421 and (b) if by overnight courier or hand delivery, Trident Holding Company, LLC Ballot Processing Center c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Boulevard Beaverton, OR 97005.  Ballots must be received by the **<u>4:00 p.m. (Prevailing Eastern Time) Voting Deadline on June 6, 2019</u>**. If a Ballot is received after the Voting Deadline it will not be counted. Delivery of a Ballot by facsimile, e-mail, or other electronic means other than Epiq's E-Balloting Portal will not be accepted.

To complete this Ballot properly, take the following steps:

      (1)  Make sure that the information required by Item 1 has been inserted.

(2) Cast your vote to either accept or reject the Plan by checking the proper box in Item 2.

(3) **Review the Releases set forth in Item 3 and, if applicable, select whether to opt in to such Releases. If you vote in favor of the Plan, you are giving the Releases.**

(4) Read Item 4 carefully.

(5) Provide the information required by Item 4.

(6) Sign and date your Ballot.

(7) If you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing.

(8) Return the Ballot using the enclosed pre-addressed, postage-prepaid return envelope or via Epiq's E-Balloting Portal.

---

### If Submitting Your Vote Through the E-Balloting Portal

Please visit https://dm.epiq11.com/Trident. Click on the "E-Ballot" section of the Debtors' website and follow the directions to submit your E-Ballot.

**IMPORTANT NOTE:  You will need the following information to retrieve and submit your customized E-Ballot:**

**Unique E-Ballot ID#: _____**

**"E-Balloting" is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile or email or other means of electronic transmission will not be counted.  Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your Ballot.**

**Holders who cast a Ballot using the Claims and Solicitation Agent's online portal should NOT also submit a paper Ballot.**

**If your Ballot is not received by Epiq on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.**

| **If Submitting Your Vote by First Class Mail** |
|---|
| Please complete and execute your ballot and submit it by first class mail in the enclosed postage prepaid envelope or by sending it to the following address:<br><br>**Trident Holding Company, LLC Ballot Processing Center<br>c/o Epiq Corporate Restructuring, LLC PO Box 4422<br>Beaverton, OR 97076-4422**<br><br>If your Ballot is not received by Epiq on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted. |
| **If Submitting Your Vote by Overnight Courier or Hand Delivery** |
| Please complete and execute your ballot and submit it by first class mail in the enclosed postage prepaid envelope or by sending it to the following address:<br><br>**Trident Holding Company, LLC Ballot Processing Center<br>c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Boulevard<br>Beaverton, OR 97005**<br><br>If your Ballot is not received by Epiq on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted. |

## PLEASE RETURN YOUR BALLOT PROMPTLY

If you have any questions regarding this Ballot or the voting procedures, or wish to receive a copy of the Plan, the Disclosure Statement, or related materials, please contact the Claims and Solicitation Agent by (a) calling (866) 897-6433 (toll free) or +1 (646) 282-2500 (international) and requesting to speak with a member of the Solicitation Group; (b) visiting the Debtors' restructuring website at https://dm.epiq11.com/Trident; (c) writing to Trident Holding Company, LLC Ballot Processing, c/o Epiq Corporate Restructuring, LLC, PO Box 4422, Beaverton, Oregon 97076-4422; and/or (d) emailing tabulation@epiqglobal.com with a reference to "Trident" in the subject line. **The Claims and Solicitation Agent is not authorized to provide legal advice.**

**EXHIBIT 5**

**Solicitation Procedures**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| *In re* | **Chapter 11** |
| **TRIDENT HOLDING COMPANY, LLC,** *et al.*, | **Case No. 19-10384 (SHL)** |
| **Debtors.**[1] | **(Jointly Administered)** |

## SOLICITATION PROCEDURES

On May 8, 2019, the Court entered the *Order (A) Approving the Adequacy of the Debtors' Disclosure Statement and Notice of the Disclosure Statement Hearing; (B) Approving Solicitation and Notice Procedures With Respect to Confirmation of the Debtors' Joint Proposed Plan; (C) Approving the Form of Various Ballots and Notices in Connection Therewith; and (D) Scheduling Certain Dates With Respect Thereto* [Docket No. [●]] (the "**Disclosure Statement Order**"), that, among other things, (a) approved the adequacy of the *Disclosure Statement With Respect to the Joint Plan of Reorganization of Trident Holding Company, LLC and Its Debtor Affiliates* [Docket No. 253] (as may be amended from time to time, including all exhibits and supplements thereto, the "**Disclosure Statement**") filed in support of the *Joint Plan of Reorganization of Trident Holding Company, LLC and Its Debtor Affiliates* [Docket No. 252] (as may be amended or supplemented from time to time, including all exhibits and supplements thereto, the "**Plan**") and (b) authorized the above-captioned debtors and debtors-in-possession (the "**Debtors**") to solicit acceptances or rejections of the Plan from holders of Impaired Claims who are (or may be) entitled to receive distributions under the Plan.[2]

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: Trident Holding Company, LLC (6396); American Diagnostics Services, Inc. (2771); Community Mobile Diagnostics, LLC (9341); Community Mobile Ultrasound, LLC (3818); Diagnostic Labs Holdings, LLC (8024); FC Pioneer Holding Company, LLC (6683); JLMD Manager, LLC (8470); Kan-Di-Ki LLC (6100); Main Street Clinical Laboratory, Inc. (0907); MDX-MDL Holdings, LLC (2605); MetroStat Clinical Laboratory – Austin, Inc. (4366); MX Holdings, LLC (8869); MX USA, LLC (4885); New Trident Holdcorp, Inc. (4913); Rely Radiology Holdings, LLC (3284); Schryver Medical Sales and Marketing, LLC (9620); Symphony Diagnostic Services No. 1, LLC (8980); Trident Clinical Services Holdings, Inc. (6262); Trident Clinical Services Holdings, LLC (1255); TridentUSA Foot Care Services LLC (3787); TridentUSA Mobile Clinical Services, LLC (0334); TridentUSA Mobile Infusion Services, LLC (5173); U.S. Lab & Radiology, Inc. (4988). The address of the Debtors' corporate headquarters is 930 Ridgebrook Road, 3rd Floor, Sparks, MD 21152.

[2]     Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Plan, Disclosure Statement, or Disclosure Statement Order, where applicable.

## I.    **The Voting Record Date**

The Court has approved May 3, 2019, as the voting record date (the "**Voting Record Date**") for purposes of determining which Holders of Claims in Classes 1B – 1C, 2B – 2C, 3B – 3C, and 6C are entitled to vote on the Plan.

## II.    **The Voting Deadline**

The Court has approved **June 6, 2019, at 4:00 p.m. (Prevailing Eastern Time), as the deadline for voting on the Plan** (the "**Voting Deadline**") **and submitting Release Opt-In Election Forms**. The Debtors may extend the Voting Deadline without further order of the Court for any reason deemed appropriate by the Debtors. To be counted as votes to accept or reject the Plan, all Ballots must comply with the tabulation procedures described in Paragraph IV herein, and be properly executed, completed, and delivered to Epiq Corporate Restructuring, LLC (the "**Claims and Solicitation Agent**") by (a) first class mail; (b) overnight courier; (c) personal delivery; or (d) through online transmission solely via, and in accordance with the instructions set forth on Epiq Corporate Restructuring, LLC's E-Ballot platform on the Debtors' restructuring website (https://dm.epiq11.com/Trident) (the "**Restructuring Information Website**"), in each case so that they are **actually received** by the Claims and Solicitation Agent no later than the Voting Deadline.

To be counted as votes, original Ballots must be (i) returned to the following address: (a) if by First Class mail, Trident Holding Company, LLC Ballot Processing Center c/o Epiq Corporate Restructuring, LLC P.O. Box 4422 Beaverton, OR 97076-4421 and (b) if by overnight courier or hand delivery, Trident Holding Company, LLC Ballot Processing Center c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Boulevard Beaverton, OR 97005 or (ii) properly submitted via, and in accordance with the instructions set forth on, Epiq's E-Balloting Portal on the Restructuring Website.

## III.    **Form, Content, and Manner of Notices**

1.    **The Solicitation Package.** The following materials shall constitute the solicitation package (the "**Solicitation Package**"):

   a)    the Confirmation Hearing Notice (substantially in the form attached to the Disclosure Statement Order as **Exhibit 2**);

   b)    the appropriate Ballot(s) and applicable voting instructions, together with a pre-addressed, postage pre-paid return envelope;

   c)    the Disclosure Statement Order (without exhibits except for this **Exhibit 5** thereto—the Solicitation Procedures); and

   d)    such other materials as may be ordered or permitted by the Court.

2

2.    **Distribution of the Solicitation Package.**

**Copies of the Disclosure Statement Order, the Disclosure Statement, and the Plan are available and may be accessed free-of-charge under the "Key Documents" section of the Debtors' Restructuring Website, https://dm.epiq11.com/Trident.**

Any Holder of a Claim or Interest may obtain a paper copy of the documents by: (a) writing to the Claims and Solicitation Agent at Trident Holding Company, LLC Ballot Processing, c/o Epiq Corporate Restructuring, LLC, PO Box 4422, Beaverton, Oregon 97076-4422, (b) calling (800) 960-1226 (toll free) or +1 (503) 597-7729 (international), (c) emailing tabulation@epiqglobal.com with a reference to "Trident" in the subject line. If the Debtors receive such a request for a paper copy of the documents, the Debtors will send a copy to the requesting party by overnight delivery at the Debtors' expense.

The Debtors shall serve, or cause to be served, all of the materials in the Solicitation Package (excluding Ballots) on the Notice Parties.

In addition, the Debtors will mail, or cause to be mailed, the Solicitation Package with the appropriate Ballot(s) to any of the Entities listed in subparagraphs (a)–(d) below, to the extent they are a member of a Voting Class as of the Voting Record Date (collectively, the "**Voting Claimants**"):

a)    All Entities who, on or before the Voting Record Date, have timely filed a Proof of Claim (or an untimely Proof of Claim which has been Allowed as timely by the Court under applicable law on or before the Voting Record Date) that (i) has not been expunged, disallowed, disqualified, or suspended prior to the Voting Record Date; and (ii) is not the subject of a pending objection or an objection filed no later than May 30, 2019 (the "**Claims Objection Deadline**"); *provided, however*, that the Holder of a Claim that is the subject of a pending objection on a reduce and allow and/or reclassify basis shall receive a Solicitation Package based on such Claim in the amount and/or the classification sought in the objection;

b)    all Entities listed in the Schedules as holding a noncontingent, liquidated, undisputed Claim as of the Voting Record Date, except to the extent that such Claim was paid, expunged, disallowed, disqualified, suspended, or superseded by a timely filed Proof of Claim (or an untimely Proof of Claim which has been Allowed as timely by the Court under applicable law on or before the Voting Record Date) prior to the Voting Record Date;

c)    all Entities that hold Claims pursuant to an agreement or settlement with the Debtors executed prior to the Voting Record Date, as reflected in a document filed with the Court, in an order entered by the Court, or in a document executed by the Debtors pursuant to authority granted by the Court, regardless of whether a Proof of Claim has been filed;

d)    with respect to any Entity described in subparagraphs a-c above who, on or before the Voting Record Date, has transferred such Entity's Claim to another Entity, to the assignee of such Claim in lieu of to the assigning Entity; *provided* that such

transfer or assignment has been fully effectuated pursuant to the procedures set forth in Bankruptcy Rule 3001(e) and such transfer is reflected on the Claims and Solicitation Agent's claims register, as may be modified by Notices of Transfer filed and reflected on the Court's official docket (ECF), at 11:59 p.m. (Prevailing Eastern Time) on the Voting Record Date; and

e) holders of any Disputed Claims that have been temporarily allowed to vote on the Plan pursuant to Bankruptcy Rule 3018.

The Debtors will take commercially reasonable efforts to ensure that Creditors who have more than one Claim in a single Class receive no more than one set of the Solicitation Package materials.

3. **Form of Notice to Classes Presumed to Accept the Plan and Classes Deemed to Reject the Plan**. Certain Holders of Claims or Interests that are not classified in accordance with Bankruptcy Code section 1123(a)(1) or who are not entitled to vote because they are Unimpaired or otherwise presumed to accept the Plan under Bankruptcy Code section 1126(f) will receive only: (A) the Confirmation Hearing Notice and (B) the *Notice of Non-Voting Status with Respect to Unclassified Claims and Unimpaired Classes Presumed to Accept the Plan and Optional Release Opt-In Election Form*, substantially in the form attached as **Exhibit 3-A** to the Disclosure Statement Order. Such notice will, among other things, instruct these Holders as to how they may obtain copies of the documents contained in the Solicitation Package (excluding Ballots). Certain Holders of Claims or Interests who are not entitled to vote because they are deemed to reject the Plan under Bankruptcy Code section 1126(g) will receive only: (A) the Confirmation Hearing Notice and (B) the *Notice of Non-Voting Status with Respect to Impaired Classes Deemed to Reject the Plan and Optional Release Opt-In Election Form*, substantially in the form attached as **Exhibit 3-B** to the Disclosure Statement Order, together with a pre-addressed, postage pre-paid return envelope. Such notice will, among other things, instruct these Holders as to how they may obtain copies of the documents contained in the Solicitation Package (excluding Ballots) and how they can elect to opt in to the third-party release.

4. **Executory Contracts and Unexpired Leases Notice.** To ensure that counterparties to executory contracts and unexpired leases receive notice of the assumption or rejection provisions of the Plan, the Debtors will serve the Confirmation Hearing Notice and the *Notice to Contract and Lease Parties*, substantially in the form attached as **Exhibit 3-C** to the Disclosure Statement Order (the "**Executory Contract and Unexpired Lease Notice**"), on all known executory contract and unexpired lease counterparties, including parties listed on Schedule G of the Schedules.

5. **Publication of Confirmation Hearing Notice**. In addition to the above, the Debtors shall, one time after the Disclosure Statement Hearing, publish the Confirmation Hearing Notice in the national edition of the *New York Times* in order to provide notification to those Entities who may not receive notice by mail.

IV.    **Voting and General Tabulation Procedures**

1.    **Holders of Claims Entitled to Vote.** Only the Voting Claimants shall be entitled to vote on the Plan in respect of their Claims.

2.    **Allowance of Claims for Voting Purposes.** A Holder of a Claim not entitled to vote on the Plan pursuant to the procedures described above (each such claim, a "**Disputed Claim**") shall be permitted to vote such claim (or to vote such claim in an amount other than the amount set forth in the Schedules) only if one of the following shall have occurred with respect to such claim at least five Business Days prior to the Voting Deadline (the "**Voting Resolution Event Deadline**"): (a) an order is entered by the Court allowing such Disputed Claim pursuant to section 502(b) of the Bankruptcy Code, after notice and a hearing; (b) a Creditor files with the Court a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Disputed Claim in a different amount only for purposes of voting to accept to reject the Plan (a "**Rule 3018(a) Motion**") that is ultimately approved by the Court after notice and a hearing; (c) a stipulation or other agreement is executed between the holder of the Disputed Claim and the Debtors resolving such objection and allowing the holder of such Disputed Claim to vote its Claim in an agreed upon amount; or (d) the pending objection to the Disputed Claim is voluntarily withdrawn by the Debtors or overruled by the Court (each, a "**Resolution Event**").

Rule 3018(a) Motions must (a) be made in writing, (b) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules, (c) set forth the name of the party asserting the Rule 3018(a) Motion, (d) state with particularity the legal and factual bases for the Rule 3018(a) Motion, (e) be set for hearing at the Confirmation Hearing, and (f) be served so as to be received by the Notice Parties no later than the Voting Resolution Event Deadline. Rule 3018(a) Motions not timely filed and served in accordance with the foregoing provision shall not be considered by the Court and shall be overruled.

**Resolution of Rule 3018(a) Motions**. No later than two Business Days after a Resolution Event, the Claims and Solicitation Agent shall distribute a Ballot and a pre-addressed, postage pre-paid envelope to the relevant holder of the Disputed Claim, which must be returned to the Claims and Solicitation Agent by no later than the Voting Deadline (unless the Debtors extend the deadline in their sole discretion to facilitate a reasonable opportunity for such creditor to vote upon the Plan). If the Disputed Claim is objected to on a reduce and allow and/or reclassify basis, such holder shall receive a Ballot and be entitled to vote such Claim in the amount and/or classification asserted by the Debtors. If an objection to a Disputed Claim was filed by the Debtors after the applicable Voting Record Date but on or before the Claims Objection Deadline, the Ballot of the Holder of such Disputed Claim will not be counted absent a Resolution Event taking place prior to the Confirmation Hearing.

In the event that the Debtors and the Holder of the Disputed Claim are unable to resolve any issues raised by the Rule 3018(a) Motion prior to the Confirmation Hearing, (a) the Debtors may object to the Rule 3018(a) Motion at the Confirmation Hearing (without filing a written objection), (b) Debtors' counsel, with the assistance of the Claims and Solicitation Agent, shall inform the Court at or prior to the Confirmation Hearing whether including such provisional Ballot would affect the outcome of the voting to accept or reject the Plan in the relevant Class in which the provisional Ballot was cast, and (c) the Court then shall determine whether the provisional Ballot should be counted as vote on the Plan.

3.    **Establishing Claim Amounts for Voting Purposes**. In tabulating votes, the following hierarchy shall be used to determine the amount of the Claim associated with each Creditor's vote:

(a)    the Claim amount settled and/or agreed upon by the Debtors, as reflected in a document filed with the Court, in an order entered by the Court, or in a document executed by the Debtors pursuant to authority granted by the Court;

(b)    if paragraph IV(3)(a) above does not apply, then in the Claim amount contained in a Proof of Claim that has been timely filed by the Bar Date (or deemed timely filed by the Court under applicable law), except for any amounts asserted on account of any interest accrued after the Petition Date by Holders of Claims in such timely filed Proofs of Claim; *provided, however*, that any Claim amount contained in a Proof of Claim asserted in a currency other than U.S. dollars that is not Allowed in a sum certain pursuant to the Plan shall be voted in the amount of $1.00; *provided further, however*, that Ballots cast by Holders who timely file a Proof of Claim in respect of a contingent claim or in a wholly-unliquidated or unknown amount (as determined on the face of the claim or after a reasonable review of the supporting documentation by the Debtors or the Claims and Solicitation Agent) that is not the subject of an objection will count for satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code and will count as Ballots for Claims in the amount of $1.00 solely for the purposes of satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code, and, if a Proof of Claim is filed as partially liquidated and partially unliquidated, such Claim will be allowed for voting purposes only in the liquidated amount; *provided further, howeve*r, that the Holder of a Claim that is the subject of a pending objection and a reduce and allow and/or reclassify basis shall receive a Solicitation Package based on such Claim in the amount and/or the classification sought in said objection and, accordingly, Claims subject to an objection to expunge shall not be entitled to vote; *provided further, however*, that to the extent the Claim amount contained in the Proof of Claim is different from the Claim amount set forth in a document filed with the Court as referenced in paragraph III(2)(a)-(e) above, the Claim

6

amount in the document filed with the Court shall supersede the Claim set forth on the respective Proof of Claim; *provided, further,* that if a Claim is listed in the Debtors' Schedules as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the applicable Bar Date for the filing of proofs of claim established by the Court; or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, such Claim shall be disallowed for voting purposes; *provided, however*, if the applicable Bar Date has not yet passed, such Claim shall be entitled to vote at $1.00; *provided, further,* if a Proof of Claim has been amended by a later Proof of Claim that is filed on or prior to the Voting Record Date, the later filed amending Claim shall be entitled to vote in a manner consistent with these tabulation rules, and the earlier filed Claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended claim.  Except as otherwise ordered by the Court, any amendments to Proofs of Claim after the Voting Record Date shall not be considered for purposes of these tabulation rules;

(c)     if paragraph IV(3)(a) and (b) above do not apply, then in the Claim amount listed in the Schedules, provided that such Claim is not scheduled as contingent, disputed, or unliquidated and has not been paid, and, accordingly, if a scheduled Claim as to which no timely proof of claim has been filed is wholly unliquidated or scheduled in a zero or unknown amount, then the Claim shall be Disallowed without the need for any objection by the Debtors or Reorganized Debtors or any further notice to or action, order, or approval of the Court and the Holder of such Claim shall not be entitled to vote; and

(d)     notwithstanding anything to the contrary contained herein, for any Creditor who has multiple Claims within the same Class, the Claims may be aggregated so that the Holder receives one vote for the total amount of Claims held in such Class;  however, if a Creditor filed Claims against multiple Debtors on the basis of a single liability, they are entitled to vote one Claim, per Plan Class and Debtor Group, for such liability;

(e)     proofs of claim filed for $0.00 are not entitled to vote; and

(f)     notwithstanding anything to the contrary contained herein, any Creditor who has filed or purchased duplicate Claims within the same Voting Class shall be provided with only one Solicitation Package and one Ballot for voting a single Claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims.

The Claim amount established herein shall control for voting purposes only, and shall not constitute the Allowed amount of any Claim. Moreover, any amounts filled in on Ballots by the Debtors through the Claims and Solicitation Agent are not binding for purposes of allowance and distribution.

4.      **General Ballot Tabulation.** The following voting procedures and standard assumptions shall be used in tabulating Ballots, subject to the Debtors' right to waive any of the below specified requirements for completion and submission of Ballots so long as such requirement is not otherwise required by the Bankruptcy Code, the Bankruptcy Rules, or the Local Bankruptcy Rules**:**

(a)      except as otherwise provided herein, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline, the Debtors may, in their sole and absolute discretion, reject such Ballot as invalid and, therefore, decline to count it in connection with Confirmation;

(b)      the Claims and Solicitation Agent will date-stamp all Ballots when received. The Claims and Solicitation Agent shall retain the original Ballots and an electronic copy of the same for a period of one year after the Effective Date, unless otherwise ordered by the Court;

(c)      the Claims and Solicitation Agent will file with the Court prior to the Confirmation Hearing a signed declaration including a Voting Report. The Voting Report shall, among other things, delineate every irregular Ballot, including, but not limited to, those Ballots that are late, except as otherwise permitted to be tabulated by the Debtors in accordance with subparagraph (j) below, or (in whole or in material part) illegible, unidentifiable, lacking original signatures, lacking necessary information, received via facsimile or electronic mail (other than as properly submitted via Epiq Corporate Restructuring, LLC's E-Ballot platform in accordance with the instructions set forth thereon), or damaged. The Voting Report shall indicate the Debtors' treatment of such irregular Ballots;

(d)      the method of delivery of Ballots to be sent to the Claims and Solicitation Agent is at the election and risk of each Holder, and except as otherwise provided, a Ballot will be deemed delivered only when the Claims and Solicitation Agent ***actually receives*** the original executed Ballot;

(e)      all Ballots must bear the original signature of the submitting party. Delivery of a Ballot to the Claims and Solicitation Agent by facsimile, e-mail, or any other electronic means (other than as properly submitted via Epiq Corporate Restructuring, LLC's E-Ballot platform in accordance with the instructions set forth thereon) will not be valid;

(f)      no Ballot should be sent to any of the Debtors, the Debtors' agents (other than the Claims and Solicitation Agent), or the Debtors' financial or legal advisors, and if so sent will not be counted;

(g)      if multiple Ballots are received from the same Holder with respect to the same Claim prior to the Voting Deadline, the last valid Ballot timely received prior to the Voting Deadline will be deemed to reflect that voter's intent and will supersede and revoke any prior Ballot;

8

(h)     Holders must vote all of their Claims within a particular Class either to accept or reject the Plan and may not split any votes. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted. Further, to the extent there are multiple Claims within the same Class, the Debtors may, in its discretion, aggregate the Claims of any particular holder within a Class for the purpose of counting votes;

(i)      a person signing a Ballot in his or her capacity as a trustee, executor, administrator, guardian, attorney in fact, or officer of a corporation, or otherwise acting in a fiduciary or representative capacity must indicate such capacity when signing and, if required or requested by the Claims and Solicitation Agent, the Debtors, or the Court, must submit proper evidence to the requesting party to so act on behalf of such holder;

(j)      the Debtors, subject to contrary order of the Court, may waive any defects or irregularities as to any particular Ballot at any time, either before or after the Voting Deadline, and any such waivers will be documented in the Voting Report;

(k)      neither the Debtors, the Claims and Solicitation Agent, nor any agent of the Debtors will be under any duty to provide notification of defects or irregularities with respect to Ballots delivered to the Claims and Solicitation Agent, nor will any of them incur any liability for failure to provide such notification. Rather, the Debtors may either disregard defective or irregular Ballots with no further notice, or they may, at their sole discretion, direct the Claims and Solicitation Agent to attempt to have defective Ballots cured by contacting the submitting Creditor;

(l)      unless waived or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured prior to the Voting Deadline or such Ballots will not be counted;

(m)     in the event a designation of lack of good faith is requested by a party-in-interest under section 1126(e) of the Bankruptcy Code, the Court will determine whether any vote to accept or reject the Plan cast with respect to that Claim will be counted for purposes of determining whether the Plan has been accepted or rejected;

(n)      subject to any contrary order of the Court, the Debtors reserve the absolute right to reject any and all Ballots not in proper form, the acceptance of which, in the opinion of the Debtors or their counsel, would not be in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, or these Solicitation Procedures; *provided, however*, that any such rejections will be documented in the Voting Report;

(o)      if a Claim has been estimated or otherwise allowed for voting purposes only by an order of the Court, such Claim shall be temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

(p)      if an objection to a Claim is filed, such Claim shall be treated in accordance with the procedures set forth herein;

(q)      the following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (1) any Ballot that is illegible or contains insufficient information to permit the identification of the Creditor; (2) any Ballot cast by an Entity that does not hold a Claim in a Voting Class; (3) any Ballot cast for a Claim scheduled as wholly unliquidated, contingent, or disputed for which no Proof of Claim was timely filed; (4) any unsigned Ballot lacking an original signature or not otherwise submitted properly via Epiq Corporate Restructuring, LLC's E-Ballot platform in accordance with the instructions set forth thereon; (5) any Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan; (6) any Ballot submitted by any Entity not entitled to vote pursuant to the procedures described herein; and (7) any Ballot superseded by another timely valid Ballot; and

(r)      after the Voting Deadline, no Ballot may be withdrawn or modified without the prior written consent of the Debtors.

## V.    Third-Party Release, Exculpation, and Injunction Language in Plan

**The third-party release, exculpation, and injunction language in Article X of the Plan is included in the Disclosure Statement. You are advised to carefully review and consider the Plan, including the discharge, release, and injunction provisions set forth in Article X of the Plan, as your rights may be affected.**

## VI.    Amendments to the Plan and Solicitation Procedures

The Debtors reserve the right to make non-substantive changes to the Plan, the Disclosure Statement, the Ballots, the Disclosure Statement Hearing Notice, the Confirmation Hearing Notice, the Release Opt-In Election Forms, the Notices of Non-Voting Status, and the procedures contained herein and all related documents, without further order of the Court, including, without limitation, filling in any missing dates or other missing information, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan, any other materials in the Plan, the Disclosure Statement, the Ballots, the Disclosure Statement Hearing Notice, the Confirmation Hearing Notice, and Notices of Non-Voting Status prior to distribution of such materials.