Hearing Date: June 10, 2019 at 10:00 a.m. (Prevailing Eastern Time)
Objection Deadline: June 3, 2019 at 4:00 p.m. (Prevailing Eastern Time)

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Paul D. Leake
Jason N. Kestecher
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

– and –

James J. Mazza, Jr. (admitted *pro hac vice*)
Justin M. Winerman (admitted *pro hac vice*)
155 North Wacker Drive
Chicago, Illinois 60606-1720
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Counsel to Debtors and Debtors-in-Possession*

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re* | **Chapter 11** |
| **TRIDENT HOLDING COMPANY, LLC**, *et al.*, | **Case No. 19-10384 (SHL)** |
| Debtors.[1] | **(Jointly Administered)** |

## NOTICE OF DEBTORS' MOTION FOR AN ORDER EXTENDING THE DEBTORS' EXCLUSIVE PERIODS TO FILE A PLAN OF REORGANIZATION AND SOLICIT ACCEPTANCES THEREOF

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: Trident Holding Company, LLC (6396); American Diagnostics Services, Inc. (2771); Community Mobile Diagnostics, LLC (9341); Community Mobile Ultrasound, LLC (3818); Diagnostic Labs Holdings, LLC (8024); FC Pioneer Holding Company, LLC (6683); JLMD Manager, LLC (8470); Kan-Di-Ki LLC (6100); Main Street Clinical Laboratory, Inc. (0907); MDX-MDL Holdings, LLC (2605); MetroStat Clinical Laboratory – Austin, Inc. (4366); MX Holdings, LLC (8869); MX USA, LLC (4885); New Trident Holdcorp, Inc. (4913); Rely Radiology Holdings, LLC (3284); Schryver Medical Sales and Marketing, LLC (9620); Symphony Diagnostic Services No. 1, LLC (8980); Trident Clinical Services Holdings, Inc. (6262); Trident Clinical Services Holdings, LLC (1255); TridentUSA Foot Care Services LLC (3787); TridentUSA Mobile Clinical Services, LLC (0334); TridentUSA Mobile Infusion Services, LLC (5173); U.S. Lab & Radiology, Inc. (4988). The address of the Debtors' corporate headquarters is 930 Ridgebrook Road, 3rd Floor, Sparks, MD 21152.

PLEASE TAKE NOTICE that the debtors and debtors-in-possession in the above-captioned jointly administered bankruptcy cases (collectively, the "**Debtors**") filed the *Debtors' Motion for an Order Extending the Debtors' Exclusive Periods to File a Plan of Reorganization and Solicit Acceptances Thereof* (the "**Motion**").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion or the relief requested therein shall be filed electronically with the Bankruptcy Court (as defined below) on the docket of *In re Trident Holding Company, LLC, et al.*, Ch. 11 Case No. 19-10384 (SHL), pursuant to the Court's General Order M-399, available at http://www.nysb.uscourts.gov/sites/default/files/m399.pdf by registered users of the Court's case filing system and by all other parties in interest on a CD-ROM or flash drive, preferably in portable document format ("**PDF**"), Microsoft Word, or any other Windows-based word processing format, and served so as to be received by the following parties no later than **June 3, 2019 at 4:00 p.m. (Prevailing Eastern Time)**:

(i) the Honorable Sean H. Lane, United States Bankruptcy Judge for the Southern District of New York, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Courtroom 701, New York, NY 10004;

(ii) the Debtors, Trident Holding Company, LLC, 930 Ridgebrook Road, 3rd Floor, Sparks, MD 21152, Attn: David F. Smith, III (david.smith@tridentusahealth.com);

(iii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, IL 60606, Attn: James J. Mazza, Jr. (james.mazza@skadden.com) and Justin M. Winerman (justin.winerman@skadden.com); and Four Times Square, New York, NY 10036, Attn: Paul D. Leake (paul.leake@skadden.com) and Jason N. Kestecher (jason.kestecher@skadden.com);

(iv) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, NY 10014, Attn: Shannon Scott (Shannon.Scott2@usdoj.gov) and Brian Masumoto (Brian.Masumoto@usdoj.gov);

(v) counsel to the official committee of unsecured creditors, Kilpatrick Townsend & Stockton LLP, 1114 Avenue of the Americas, New York, NY 10036, Attn: David M. Posner (dposner@kilpatricktownsend.com), Gianfranco Finizio (gfinizio@kilpatricktownsend.com), and Kelly Moynihan (kmoynihan@kilpatricktownsend.com);

(vi) counsel to the administrative agent under the Debtors' Prepetition Priority First Lien Facility and DIP Facility, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 6th Ave, New York, NY 10019, Attn: Alan Kornberg (akornberg@paulweiss.com), Robert Britton (rbritton@paulweiss.com), and Grace Hotz (ghotz@paulweiss.com);

(vii) counsel to the administrative agent under the Debtors' Prepetition First Lien Facility, White & Case LLP, 200 South Biscayne Blvd., Suite 4900, Miami, FL 33131, Attn: Thomas Lauria (tlauria@whitecase.com) and Erin Rosenberg (erin.rosenberg@whitecase.com); and 237 West Monroe Street, Suite 3900, Chicago, IL 60606, Attn: Jason Zakia (jzakia@whitecase.com); and 1221 Avenue of the Americas, New York, NY 10020, Attn: Harrison Denman (hdenman@whitecase.com) and John Ramirez (john.ramirez@whitecase.com);

(viii) counsel to the administrative agent under the Debtors' Prepetition Second Lien Facility, Latham & Watkins LLP, 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611, Attn: Richard Levy (richard.levy@lw.com);

(ix) counsel to the investor representative under the Tranched PIK Notes, Winston & Strawn, LLP, 200 Park Avenue, New York, NY 10166, Attn: Bradley C. Vaiana (bvaiana@winston.com);

(x) counsel to the investor representative under the Original PIK Note Facility, McGuireWoods, 625 Liberty Avenue, 23rd Floor, Pittsburgh, PA 15222, Attn: Thomas Zahn (tzahn@mcguirewoods.com);

(xi) the U.S. Attorney for the Southern District of New York, 86 Chambers Street, 3rd Floor, New York, NY 10007;

(xii) the Internal Revenue Service, Centralized Insolvency Operations, P.O. Box 7346, Philadelphia, PA 19101;

(xiii) any Affected Party (as defined in the *Order Granting Debtors' Motion For Entry Of An Order Authorizing The Establishment Of Certain Notice, Case Management, And Administrative Procedures*); and

(xiv) counsel to any other statutory committee appointed in the Chapter 11 Cases.

3

PLEASE TAKE FURTHER NOTICE that the hearing on the Motion (the "**Hearing**") will be held on **June 10, 2019 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable Sean H. Lane, United States Bankruptcy Judge for the Southern District of New York, in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), Courtroom 701, One Bowling Green, New York, NY 10004-1408.

**PLEASE TAKE FURTHER NOTICE THAT IF NO OBJECTIONS TO APPROVAL OF THE MOTION ON A FINAL BASIS ARE TIMELY FILED AND RECEIVED IN ACCORDANCE WITH THE ABOVE PROCEDURES, THE FINAL ORDER MAY BE ENTERED GRANTING THE RELIEF REQUESTED IN THE MOTION ON A FINAL BASIS WITHOUT FURTHER NOTICE OR A HEARING.**

Dated: May 25, 2019
      New York, New York

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

*/s/ James J. Mazza, Jr.*
Paul D. Leake
Jason N. Kestecher
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

– and –

James J. Mazza, Jr. (admitted *pro hac vice*)
Justin M. Winerman (admitted *pro hac vice*)
155 North Wacker Drive
Chicago, Illinois 60606-1720
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Counsel to Debtors and Debtors-in-Possession*

**Hearing Date: June 10, 2019 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: June 3, 2019 at 4:00 p.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Paul D. Leake
Jason N. Kestecher
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

– and –

James J. Mazza, Jr. (admitted *pro hac vice*)
Justin M. Winerman (admitted *pro hac vice*)
155 North Wacker Drive
Chicago, Illinois 60606-1720
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Counsel to Debtors and Debtors-in-Possession*

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re* | **Chapter 11** |
| **TRIDENT HOLDING COMPANY, LLC,** *et al.*, | **Case No. 19-10384 (SHL)** |
| **Debtors.**[1] | **(Jointly Administered)** |

# DEBTORS' MOTION FOR AN ORDER EXTENDING THE DEBTORS' EXCLUSIVE PERIODS TO FILE A PLAN OF REORGANIZATION AND SOLICIT ACCEPTANCES THEREOF

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: Trident Holding Company, LLC (6396); American Diagnostics Services, Inc. (2771); Community Mobile Diagnostics, LLC (9341); Community Mobile Ultrasound, LLC (3818); Diagnostic Labs Holdings, LLC (8024); FC Pioneer Holding Company, LLC (6683); JLMD Manager, LLC (8470); Kan-Di-Ki LLC (6100); Main Street Clinical Laboratory, Inc. (0907); MDX-MDL Holdings, LLC (2605); MetroStat Clinical Laboratory – Austin, Inc. (4366); MX Holdings, LLC (8869); MX USA, LLC (4885); New Trident Holdcorp, Inc. (4913); Rely Radiology Holdings, LLC (3284); Schryver Medical Sales and Marketing, LLC (9620); Symphony Diagnostic Services No. 1, LLC (8980); Trident Clinical Services Holdings, Inc. (6262); Trident Clinical Services Holdings, LLC (1255); TridentUSA Foot Care Services LLC (3787); TridentUSA Mobile Clinical Services, LLC (0334); TridentUSA Mobile Infusion Services, LLC (5173); U.S. Lab & Radiology, Inc. (4988). The address of the Debtors' corporate headquarters is 930 Ridgebrook Road, 3rd Floor, Sparks, MD 21152.

Trident Holding Company, LLC ("**Trident**") and certain of its affiliates, the debtors and debtors-in-possession in the above-captioned cases (collectively, the "**Debtors**" or the "**Company**") hereby move (this "**Motion**") this Court for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Order**"), extending the Debtors' exclusive periods to file a chapter 11 plan of reorganization and to solicit acceptances thereof as set forth herein. In support of the Motion, the Debtors respectfully represent as follows:

## PRELIMINARY STATEMENT

1. Less than four months from the Petition Date, the Debtors have made substantial progress toward achieving a successful turnaround and taking the steps necessary to implement the transactions contemplated by their restructuring support agreement (the "**RSA**"). Indeed, in compliance with the milestones set forth in the RSA, the Debtors delivered a business plan and filed the Plan and the Disclosure Statement. This Court approved that Disclosure Statement for solicitation and the Debtors have now commenced solicitation of votes on the Plan. Recently, the confirmation hearing was moved to accommodate briefing schedules on certain adversary proceedings. Given those accommodations, and the progress of these cases to date, the Debtors' exclusivity should be preserved.

2. Among numerous steps the Debtors have made toward a successful restructuring, the Debtors have:

   (a) stabilized business operations and smoothly transitioned into chapter 11 through the approval various first-day motions;
   (b) obtained final approval for $50 million in debtor in possession financing (the "**DIP Financing**");
   (c) delivered their business plan in compliance with the RSA milestone;
   (d) submitted their schedules of assets and liabilities and statements of financial affairs on March 26, 2019, which required review and analysis of thousands of claims, assets, and contracts;

      (e)    obtained approval for the key employee incentive plan and key employee retention plan;

      (f)    filed the Plan and the Disclosure Statement;

      (g)    obtained approval for the Disclosure Statement and related solicitation procedures;

      (h)    commenced solicitation of votes to accept or reject the Plan; and

      (i)    engaged with key stakeholders and their advisors, including the DIP Lender/Priority First Lien Lender,[2] the Committee, and the administrative agent under the Debtors' Prepetition First Lien Facility.

3.     The Debtors' swift progress in these Chapter 11 Cases positioned them to file and commence solicitation of acceptances on their proposed Plan within the timelines set forth in Bankruptcy Code section 1121. By filing the Plan within the 120-day exclusivity period, section 1121(c)(3) extends the Debtors' exclusivity to 180 days after the Petition Date. Accordingly, if the Debtors' confirmation process continues in accordance with their contemplated timeline, with the confirmation hearing now scheduled for July 15, 2019, no extension of these exclusive periods would be necessary.[3]

4.     Nonetheless, out of an abundance of caution, the Debtors seek an Order to safeguard their exclusivity right against certain contingencies. As the Court is well aware, a challenge proceeding was recently initiated in these Chapter 11 Cases, including lien challenges as well as derivative and other claims. As discussed at the May 21, 2019 hearing, the Debtors have agreed to an accommodation of the challenger's schedule, and further agreed to move the confirmation hearing to July 15, 2019. Delay of the confirmation hearing should not deprive the Debtors of their continued exclusivity rights while the issues are addressed in the interim.

---

[2]     Unless otherwise defined, capitalized terms used herein shall have the meaning ascribed to such terms in the Plan.

[3]     While Bankruptcy Code section 1121(b) grants a debtor an exclusive right to file a plan for the first 120 days of a chapter 11 case, Bankruptcy Code section 1121(c)(3) automatically extends the exclusivity period for an additional 60 days, where the debtor has filed a chapter 11 plan and is soliciting votes on such plan, as the Debtors have done in these Chapter 11 Cases.

5.  As set forth in greater detail below, the facts and circumstances of these Chapter 11 Cases, including the ample progress the Debtors have made thus far, more than justify the modest extension of exclusivity requested by this Motion.

## RELIEF REQUESTED

6.  The Debtors seek entry of an order (a) extending the Debtors' exclusive right to file a chapter 11 plan through and including August 9, 2019 (the "**Filing Exclusivity Period**") and (b) extending the Debtors' exclusive right to solicit votes thereon through and including October 8, 2019 (the "**Soliciting Exclusivity Period**," and together with the Filing Exclusivity Period, the "**Exclusivity Periods**"), without prejudice to the Debtors' right to seek further extensions to the Exclusivity Periods. This is the Debtors' first request for an extension of the Exclusivity Periods.

## JURISDICTION AND VENUE

7.  This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431,* dated January 31, 2012 (Preska, C.J.). This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

8.  The legal predicates for the relief requested herein is section 1121(d) of title 11 of the United States Code (the "**Bankruptcy Code**").

## BACKGROUND

9.  On February 10, 2019 (the "**Petition Date**"), each Debtor commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**"). The Debtors' Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered.

4

10. The Debtors continue to operate their businesses and manage their properties as debtors and debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

11. On February 20, 2019, the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**Committee**") in the Chapter 11 Cases. No trustee or examiner has been appointed in the Chapter 11 Cases.

12. On May 8, 2019, the Debtors filed the *Second Amended Joint Plan of Reorganization of Trident Holding Company, LLC and Its Debtor Affiliates* [Docket No. 386] (the "**Plan**") and the *Second Amended Disclosure Statement for the Second Amended Joint Plan of Reorganization of Trident Holding Company, LLC and Its Debtor Affiliates* [Docket No. 387] (the "**Disclosure Statement**"). On May 8, 2019, the Court also entered the *Order (A) Approving the Adequacy of the Debtors' Disclosure Statement and Notice of the Disclosure Statement Hearing; (B) Approving Solicitation and Notice Procedures With Respect to Confirmation of the Debtors' Joint Proposed Plan; (C) Approving the Form of Various Ballots and Notices in Connection Therewith; and (D) Scheduling Certain Dates With Respect Thereto* [Docket No. 384] (the "**Disclosure Statement Order**").

**BASIS FOR RELIEF REQUESTED AND APPLICABLE AUTHORITY**

**I.    The Court Can Extend the Exclusivity Periods for Cause Shown.**

13. A debtor has the exclusive right to propose a chapter 11 plan for the first 120 days of a chapter 11 case pursuant to Bankruptcy Code section 1121(b). Bankruptcy Code section 1121(c) further provides for an initial 180-day period to solicit acceptances on a plan. Thus, in these chapter 11 cases, the Exclusivity Periods would expire on June 10, 2019 and August 9, 2019 respectively. However, as noted above, Bankruptcy Code section 1121(c)(3) provides an

5

automatic 60-day extension where a debtor has filed a plan within the first 120 days and begins the solicitation process, as is the case here.

14. Under Bankruptcy Code section 1121(d), the Court may extend the Exclusivity Periods for cause.[4] Courts within the Second Circuit and in other jurisdictions have held that the decision to extend the Exclusivity Periods is left to the sound discretion of a bankruptcy court and should be based on the totality of circumstances in each case. *See, e.g., In Matter of Excel Mar. Carriers Ltd.*, No. 13-23060-RDD, 2013 WL 5155040, at *2 (Bankr. S.D.N.Y. Sept. 13, 2013). In general, as long as debtors give the court "no reason to believe that they are abusing their exclusivity rights . . . [a] requested extension of exclusivity . . . should be granted." *In re Global Crossing Ltd.*, 295 B.R. 726, 730 (Bankr. S.D.N.Y. 2003).

15. In particular, courts in this district and elsewhere have identified a number of non-exhaustive factors relevant to whether cause exists under Bankruptcy Code section 1121(d). *See In re Adelphia Commc'ns Corp.*, 336 B.R. 610 (Bankr. S.D.N.Y. 2006); *see also In re Borders Grp., Inc.*, 460 B.R. 818 (Bankr. S.D.N.Y. 2011). These factors include the following:

    (a)    the size and complexity of the case;

    (b)    the necessity for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;

    (c)    the existence of good-faith progress toward reorganization;

    (d)    the fact that the debtor is paying its bills as they become due;

    (e)    whether the debtor has demonstrated reasonable prospects for filing a viable plan;

    (f)    whether the debtor has made progress in negotiations with its creditors;

---

[4] Specifically, Bankruptcy Code section 1121(d)(1) provides: "on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause . . . increase the 120-day period or the 180-day period referred to in this section." 11 U.S.C. § 1121(d)(1).

  (g)  the amount of time which has elapsed in the case;

  (h)  whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and

  (i)  whether an unresolved contingency exists. *Id.*

16. As set forth herein, the facts and circumstances of these Chapter 11 Cases warrant the requested extension of the Exclusivity Periods as provided herein.

## II. Cause Exists to Extend the Exclusivity Periods.

### A. The Complexity of the Debtors' Chapter 11 Cases Justifies the Requested Extension.

17. The size and complexity of a debtor's chapter 11 case alone can constitute cause to extend the exclusivity periods. *See In re Texaco, Inc.*, 76 B.R. 322, 326 (Bankr. S.D.N.Y. 1987) ("The large size of the debtor and the consequent difficulty in formulating a plan of reorganization for a huge debtor with a complex financial structure are important factors which generally constitute cause for extending the exclusivity periods."). The complexity of the Chapter 11 Cases is apparent. To wit, the Debtors are the leading national provider of bedside diagnostic and related services in the country, comprising 23 entities, thousands of parties in interest, and a total of 5,600 employees serving more than 12,000 facilities across approximately 35 states. The Debtors execute more than 1 million transactions per month and have approximately $785 million of prepetition funded debt.

### B. The Debtors Have Made Substantial and Good Faith Progress Toward Reorganization.

18. Given the complexity of the cases, the Debtors may require more time to complete the solicitation and confirmation process. Nonetheless, as noted above, the Debtors have made substantial progress effectively administering the Chapter 11 Cases. Indeed, the Debtors have already satisfied several key milestones necessary for their ultimate reorganization,

7

including delivering their business plan, filing the Plan and related Disclosure Statement, commencing solicitation of acceptance thereof, and related steps in furtherance of emergence.

19. While the Debtors have made significant progress in these cases, more work remains to be done before they may emerge from bankruptcy. As noted above, the Debtors have agreed to a schedule accommodation, and plan confirmation will now be heard on July 15, 2019.

20. Thus, an extension of the Exclusivity Periods will facilitate the orderly completion of the Plan solicitation and confirmation process and ensure that the substantial progress the Debtors and their constituents have already made is not disrupted. The Debtors submit that their significant progress in the Chapter 11 Cases weighs in favor of extending the Exclusivity Periods.

### C. The Debtors Are Paying Their Debts as They Come Due.

21. Courts considering whether to extend a debtor's exclusivity periods also may assess whether the debtor is paying its debts when they come due. *See In re McLean Indus., Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987). Here, the Debtors are paying their undisputed postpetition obligations as they come due.

### D. These Cases Are Less Than Four Months Old and the Requested Extension Will Not Prejudice Other Parties-in-Interest.

22. This Motion is the Debtors' first request for an extension of the Exclusivity Periods and is made within four months of the Petition Date. The Debtors are not seeking an extension to unfairly prejudice or pressure creditors. As discussed above, the Debtors have worked closely with their key constituencies, and the Debtors believe that the proposed Plan will be confirmed following a hearing to consider confirmation of the Plan.

23. While the Debtors have already filed the Plan, they are seeking an extension of the Exclusivity Periods out of an abundance of caution to preserve and capitalize on the progress

8

made to date in their restructuring negotiations and to further mitigate the risks associated with a premature loss of exclusivity. The proposed extension of the Exclusivity Periods will protect the Debtors' exclusive rights against unexpected contingencies. Accordingly, the Debtors believe that the customary extensions of time requested in the Motion are appropriate given the needs of the Chapter 11 Cases, and is in the best interest of stakeholders. Indeed, this Court and other courts in this District have routinely granted similar relief. *See, e.g., In re Aegean Marine Petroleum Network Inc.*, Case No. 18-13374 (MEW) (Bankr. S.D.N.Y. March 13, 2019); *In re Republic Metals Refining Corp.*, Case No. 18-13359 (SHL) (Bankr. S.D.N.Y. Feb. 27, 2019); *In re Republic Airways Holdings Inc.*, Case No. 16-10429 (SHL) (Bankr. S.D.N.Y. June 17, 2016).

## NOTICE

24. Notice of this Motion will be given to: (a) the U.S. Trustee, (b) counsel to the administrative agent under the Debtors' Prepetition Priority First Lien Facility and DIP Facility, (c) counsel to the administrative agent under the Debtors' Prepetition First Lien Facility, (d) counsel to the administrative agent under the Debtors' Prepetition Second Lien Facility, (e) counsel to the investor representative under the Tranched PIK Notes, (f) counsel to the investor representative under the Original PIK Note Facility, (g) the Internal Revenue Service, (h) counsel to the Committee, (i) the United States Attorney of the Southern District of New York, and (j) all parties entitled to notice pursuant to Local Bankruptcy Rule 9013-1(b). The Debtors submit that no other or further notice is required.

## NO PRIOR REQUEST

25. No previous request for the relief sought therein has been made to this Court or any other court.

[*Remainder Of Page Intentionally Left Blank*]

## CONCLUSION

The Debtors respectfully request that this Court enter the Order, substantially in the form annexed hereto, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: May 25, 2019
      New York, New York

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

*/s/ James J. Mazza, Jr.*
Paul D. Leake
Jason N. Kestecher
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

– and –

James J. Mazza, Jr. (admitted *pro hac vice*)
Justin M. Winerman (admitted *pro hac vice*)
155 North Wacker Drive
Chicago, Illinois 60606-1720
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Counsel to Debtors and Debtors-in-Possession*