UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re* | Chapter 11 |
| **TRIDENT HOLDING COMPANY, LLC,** *et al.*, | Case No. 19-10384 (SHL) |
| Debtors.[1] | (Jointly Administered) |

### ORDER ASSIGNING MATTER TO MEDIATION *NUNC PRO TUNC* TO JUNE 27, 2019 AND ESTABLISHING BRIEFING SCHEDULE ON MOTION TO DISMISS

WHEREAS, on May 8, 2019, the debtors and debtors-in-possession in the above-captioned cases (the "**Debtors**" or the "**Company**" and such cases, these "**Chapter 11 Cases**") filed the *Second Amended Joint Plan of Reorganization of Trident Holding Company, LLC and Its Debtor Affiliates* [Docket No. 386] (as may be amended, modified, or supplemented from time to time, the "**Plan**") and related *Second Amended Disclosure Statement for the Amended Joint Plan of Reorganization of Trident Holding Company, LLC and Its Debtor Affiliates* [Docket No. 387] (as may be amended, modified, or supplemented from time to time, the "**Disclosure Statement**");

WHEREAS, on May 20, 2019, Mr. Peter Goldman filed the *Adversary Complaint to Determine Dischargeability of Debt Pursuant to U.S.C. §1141(d)(6)* [Adv. Pro. No. 19-01142,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: Trident Holding Company, LLC (6396); American Diagnostics Services, Inc. (2771); Community Mobile Diagnostics, LLC (9341); Community Mobile Ultrasound, LLC (3818); Diagnostic Labs Holdings, LLC (8024); FC Pioneer Holding Company, LLC (6683); JLMD Manager, LLC (8470); Kan-Di-Ki LLC (6100); Main Street Clinical Laboratory, Inc. (0907); MDX-MDL Holdings, LLC (2605); MetroStat Clinical Laboratory – Austin, Inc. (4366); MX Holdings, LLC (8869); MX USA, LLC (4885); New Trident Holdcorp, Inc. (4913); Rely Radiology Holdings, LLC (3284); Schryver Medical Sales and Marketing, LLC (9620); Symphony Diagnostic Services No. 1, LLC (8980); Trident Clinical Services Holdings, Inc. (6262); Trident Clinical Services Holdings, LLC (1255); TridentUSA Foot Care Services LLC (3787); TridentUSA Mobile Clinical Services, LLC (0334); TridentUSA Mobile Infusion Services, LLC (5173); U.S. Lab & Radiology, Inc. (4988). The address of the Debtors' corporate headquarters is 930 Ridgebrook Road, 3rd Floor, Sparks, MD 21152.

Docket No. 1] and Mr. Ravi Srivastava filed the *Adversary Complaint To Determine Nondischargeability Of Debt Under Section 1141(d)(6) of the Bankruptcy Code* [Adv. Pro. No. 19-01143, Docket No. 1] (together, the "**Non-Dischargeability Complaints**," and such adversary proceedings, the "**Adversary Proceedings**");

WHEREAS, on June 17, 2019, Mr. Srivastava filed *Relator Ravi Srivastava's Objection and Joinder to the Objection of the Official Committee of Unsecured Creditors to the Second Amended Joint Plan of Reorganization of Trident Holding Company, LLC and Its Debtor Affiliates* [Docket No. 566] (the "**Srivastava Plan Objection**");

WHEREAS, on June 20, 2019, the United States of America (the "**Government**" or the "**United States**") filed the *Objection to the Second Amended Joint Plan of Reorganization* [Docket No. 586] (the "**USA Plan Objection**");

WHEREAS, on June 20, 2019, the Debtors filed the *Debtors' Motion to Dismiss Mr. Goldman's Amended Adversary Complaint to Determine Dischargeability of Debt Pursuant to U.S.C. § 1141(d)(6)* [Adv. Pro. No. 19-01142, Docket No. 5] and the *Debtors' Motion to Dismiss Mr. Srivastava's Adversary Complaint to Determine Nondischargeability of Debt Under Section 1141(d)(6) of the Bankruptcy Code* [Adv. Pro. No. 19-01143, Docket No. 12] (together, the "**Motions to Dismiss**"); and

WHEREAS, on June 26, 2019, Mr. Srivastava filed *Relator's Motion to Transfer Venue and Withdraw the Reference* [Adv. Pro. No. 19-01143, Docket No. 17], and on June 27, 2019 filed *Relator's Amended Motion to Transfer Venue and Withdraw the Reference* [Adv. Pro. No. 19-01143, Docket No. 20] (together, "**Srivastava's Motion to Withdraw the Reference**").

WHEREAS, mediation may provide an opportunity to consensually resolve the issues raised by the Srivastava Plan Objection and the Non-Dischargeability Complaints,

2

including Srivastava's Motion to Withdraw the Reference and the motions to dismiss (together, the "**Mediation Issues**").

**IT IS THEREFORE, ORDERED, ADJUDGED, AND DECREED THAT:**

1. *Nunc pro tunc* to June 27, 2019 and subject to the provisions set forth herein (this "**Mediation Order**"), pursuant to S.D.N.Y. Bankr. LR 9019-1 and General Order M-452 (the "**General Order**"), all matters related to the Mediation Issues are referred to mediation ("**Mediation**") and former United States Bankruptcy Judge, Hon. James M. Peck (the "**Mediator**"), is appointed as mediator to conduct non-binding mediation concerning the Mediation Issues.

2. Each party to the Mediation shall bear its own costs and expenses incurred in connection with the Mediation such as attorney fees, travel, lodging and meals.

3. The following parties and their counsel are directed to attend the Mediation in person: (i) the Debtors, (ii) the United States, (iii) Mr. Peter Goldman, (iv) Mr. Ravi Srivastava, (v) SPCP Group, LLC, and the (vi) Official Committee of Unsecured Creditors of the Debtors (the "**Committee**" and, collectively with the parties in sub-clauses (i)-(v) of this Paragraph, the "**Mediation Parties**"), provided that Mr. Peter Goldman, Mr. Srivastava, SPCP Group, LLC, and the Committee may elect not to attend the Mediation in person if they delegate settlement authority to their respective counsel, who in any case shall attend the Mediation in person. Except as otherwise provided for by this Order and subject to the proviso in the preceding sentence, each Mediation Party that is directed to attend the Mediation shall appear with at least one (1) principal or other individual designee appearing in person who is

empowered with full authority to settle the Mediation, in full or in part, and thereby bind the party for whom such designee acts, subject to any necessary court approvals of such settlement.[2]

4.  The Mediation shall occur on July 9, 2019 at 4 Times Square, New York, NY and, if needed, the afternoon of July 11, 2019. The Mediator and the Mediation Parties may agree to modify the dates set forth in this paragraph and/or add additional dates for mediation sessions. The Mediator shall seek to conclude the Mediation as promptly as possible.

5.  Notwithstanding the Local Bankruptcy Rules for the Southern District of New York, and subject to Paragraph 6 of this Order, the Mediator may conduct the Mediation as he reasonably sees fit, establish rules of the Mediation, and consider and take appropriate action with respect to any matters the Mediator reasonably deems appropriate in order to conduct the Mediation, subject to the terms of this Mediation Order.

6.  The confidentiality provisions of Rule 5.0 of the General Order are incorporated herein. Any and all (a) discussions among any of the Mediation Parties, including discussions with or in the presence of the Mediator, and (b) correspondence, draft resolutions, statements (either orally, in writing, or in any other form), briefs, records, reports, and other documents or information provided to the Mediator or the Mediation Parties in the course of the Mediation, shall (i) be strictly confidential, (ii) be governed by Rule 408 of the Federal Rules of Evidence, (iii) not constitute a waiver of any existing privileges and immunities, and (iv) not be admissible for any purpose in any judicial or administrative proceeding, provided, however, that

---

[2] The United States is excused from the requirement that a party with authority to settle the Mediation be in attendance. Insofar as settlement authority is necessary to further the Mediation, however, counsel for the United States will be able to contact by telephone those individuals who are empowered to settle the Mediation, in full or in part, on behalf of the United States.

the Mediation Parties may agree to waive the confidentiality requirements of this Paragraph 6 as to any specific information covered hereby.

7. Notwithstanding the foregoing paragraphs, nothing in this Order shall be read to bar counsel for the Government from disclosing information to prosecutors, law enforcement agencies, or regulatory agencies for the sole purpose of enforcement of criminal or regulatory laws. Any disclosure made by the Government pursuant to the foregoing sentence shall be subject to Rule 408 of the Federal Rules of Evidence.

8. To the extent that any Mediation Party is in possession of privileged or confidential information provided to such Mediation Party pursuant to the terms and conditions of a confidentiality agreement executed (or agreed to via email) or order of this Court entered in connection with these Chapter 11 Cases, such information may be disclosed to the Mediator, but shall otherwise remain privileged and confidential and shall not be disclosed to any other Mediation Party. Any Mediation Party may provide documents and/or information to the Mediator that are subject to a privilege or other protection from discovery, including the attorney-client privilege, the work-product doctrine, or any other privilege, right, or immunity the parties may be entitled to claim or invoke (the "**Privileged Information**"). By providing the Privileged Information solely to the Mediator and no other party, no Mediation Party nor its respective professionals intends to, or shall, waive, in whole or in part, the attorney-client privilege, the work-product doctrine, or any other privilege, right or immunity they may be entitled to claim or invoke with respect to any Privileged Information or otherwise. The Mediator shall not provide Privileged Information or disclose the contents thereof to any other party without the consent of the producing party. No Mediation Party is obligated to provide any documents and/or information, including Privileged Information, to the Mediator.

9. At the conclusion of the Mediation, the Mediator shall file with the Court a memorandum stating (i) that the Mediator has conducted the Mediation, (ii) the names of counsel and principals who participated in the Mediation, (iii) an identification of any party that has not acted in good faith during or in connection with the Mediation and (iv) whether and to what extent the Mediation was successful.

10. The parties and their respective counsel shall participate in the Mediation in good faith and comply with all directions issued by the Mediator. Failure to do so may result in the imposition of sanctions.

11. To the extent not completely resolved through the Mediation, a further hearing on the Adversary Proceedings shall take place on a date to be determined. In connection with such hearing, any responsive pleadings to the Motions to Dismiss, including, without limitation, any statements of interest by the United States of America in connection therewith, shall be filed and served no later than July 25, 2019. The parties shall work together and submit a supplemental scheduling order addressing other applicable deadlines.

12. Nothing contained in this Order, and nothing that occurs during the Mediation, shall effect a stay or otherwise affect the timing of the Court's consideration of the Adversary Proceedings or the Motions to Dismiss unless the Mediation Parties provide their written consent to such delay or the Court orders otherwise (it being understood and agreed that no Mediation Party will argue that the Mediation effects a stay or otherwise affects such timing unless all Mediation Parties agree); provided, however, that nothing contained in this Order shall preclude any Mediation Party from requesting that the Court adjourn or reschedule any of the foregoing matters.

13. The Mediation Parties are authorized to enter into a mediation engagement agreement with the Mediator.

14. The Mediator shall be entitled to compensation for his services on terms satisfactory to the Mediation Parties and the Mediator, and the Debtors are hereby authorized and directed to pay the Mediator's fees without further order of this Court.

15. The Court retains jurisdiction in connection with this Mediation Order and all matters related thereto.

Dated:   New York, New York
        July 8, 2019

                                        */s/ Sean H. Lane*
                                        HONORABLE SEAN H. LANE

1054451.09-CHISR01A - MSW