Hearing Date:  August 21, 2019 at 11:00 a.m. (Prevailing Eastern Time)
Objection Deadline: August 14, 2019 at 4:00 p.m. (Prevailing Eastern Time)

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Paul D. Leake
Jason N. Kestecher
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

– and –

James J. Mazza, Jr. (admitted *pro hac vice*)
Justin M. Winerman (admitted *pro hac vice*)
155 North Wacker Drive
Chicago, Illinois 60606-1720
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Counsel to Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | **Chapter 11** |
| **TRIDENT HOLDING COMPANY, LLC,** *et al.*, | **Case No. 19-10384 (SHL)** |
| Debtors.[1] | **(Jointly Administered)** |

**NOTICE OF DEBTORS' SECOND MOTION FOR AN ORDER EXTENDING THE
DEBTORS' EXCLUSIVE PERIODS TO FILE A PLAN OF REORGANIZATION
AND SOLICIT ACCEPTANCES THEREOF**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: Trident Holding Company, LLC (6396); American Diagnostics Services, Inc. (2771); Community Mobile Diagnostics, LLC (9341); Community Mobile Ultrasound, LLC (3818); Diagnostic Labs Holdings, LLC (8024); FC Pioneer Holding Company, LLC (6683); JLMD Manager, LLC (8470); Kan-Di-Ki LLC (6100); Main Street Clinical Laboratory, Inc. (0907); MDX-MDL Holdings, LLC (2605); MetroStat Clinical Laboratory – Austin, Inc. (4366); MX Holdings, LLC (8869); MX USA, LLC (4885); New Trident Holdcorp, Inc. (4913); Rely Radiology Holdings, LLC (3284); Schryver Medical Sales and Marketing, LLC (9620); Symphony Diagnostic Services No. 1, LLC (8980); Trident Clinical Services Holdings, Inc. (6262); Trident Clinical Services Holdings, LLC (1255); TridentUSA Foot Care Services LLC (3787); TridentUSA Mobile Clinical Services, LLC (0334); TridentUSA Mobile Infusion Services, LLC (5173); U.S. Lab & Radiology, Inc. (4988). The address of the Debtors' corporate headquarters is 930 Ridgebrook Road, 3rd Floor, Sparks, MD 21152.

PLEASE TAKE NOTICE that the debtors and debtors-in-possession in the above-captioned jointly administered bankruptcy cases (collectively, the "**Debtors**") filed the *Debtors' Second Motion for an Order Extending the Debtors' Exclusive Periods to File a Plan of Reorganization and Solicit Acceptances Thereof* (the "**Motion**").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion or the relief requested therein shall be filed electronically with the Bankruptcy Court (as defined below) on the docket of *In re Trident Holding Company, LLC, et al.*, Ch. 11 Case No. 19-10384 (SHL), pursuant to the Court's General Order M-399, available at http://www.nysb.uscourts.gov/sites/default/files/m399.pdf by registered users of the Court's case filing system and by all other parties in interest on a CD-ROM or flash drive, preferably in portable document format ("**PDF**"), Microsoft Word, or any other Windows-based word processing format, and served so as to be received by the following parties no later than **August 14, 2019 at 4:00 p.m. (Prevailing Eastern Time)**:

(i) the Honorable Sean H. Lane, United States Bankruptcy Judge for the Southern District of New York, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Courtroom 701, New York, NY 10004;

(ii) the Debtors, Trident Holding Company, LLC, 930 Ridgebrook Road, 3rd Floor, Sparks, MD 21152, Attn: David F. Smith, III (david.smith@tridentusahealth.com);

(iii) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, IL 60606, Attn: James J. Mazza, Jr. (james.mazza@skadden.com) and Justin M. Winerman (justin.winerman@skadden.com); and Four Times Square, New York, NY 10036, Attn: Paul D. Leake (paul.leake@skadden.com) and Jason N. Kestecher (jason.kestecher@skadden.com);

(iv) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, NY 10014, Attn: Shannon Scott (Shannon.Scott2@usdoj.gov) and Brian Masumoto (Brian.Masumoto@usdoj.gov);

(v) counsel to the official committee of unsecured creditors, Kilpatrick Townsend & Stockton LLP, 1114 Avenue of the Americas, New York, NY 10036, Attn: David M. Posner (dposner@kilpatricktownsend.com), Gianfranco Finizio (gfinizio@kilpatricktownsend.com), and Kelly Moynihan (kmoynihan@kilpatricktownsend.com);

(vi) counsel to the administrative agent under the Debtors' Prepetition Priority First Lien Facility and DIP Facility, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 6th Ave, New York, NY 10019, Attn: Alan Kornberg (akornberg@paulweiss.com), Robert Britton (rbritton@paulweiss.com), and Grace Hotz (ghotz@paulweiss.com);

(vii) counsel to the administrative agent under the Debtors' Prepetition First Lien Facility, White & Case LLP, 200 South Biscayne Blvd., Suite 4900, Miami, FL 33131, Attn: Thomas Lauria (tlauria@whitecase.com) and Erin Rosenberg (erin.rosenberg@whitecase.com); and 237 West Monroe Street, Suite 3900, Chicago, IL 60606, Attn: Jason Zakia (jzakia@whitecase.com); and 1221 Avenue of the Americas, New York, NY 10020, Attn: Harrison Denman (hdenman@whitecase.com) and John Ramirez (john.ramirez@whitecase.com);

(viii) counsel to the administrative agent under the Debtors' Prepetition Second Lien Facility, Latham & Watkins LLP, 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611, Attn: Richard Levy (richard.levy@lw.com);

(ix) counsel to the investor representative under the Tranched PIK Notes, Winston & Strawn, LLP, 200 Park Avenue, New York, NY 10166, Attn: Bradley C. Vaiana (bvaiana@winston.com);

(x) counsel to the investor representative under the Original PIK Note Facility, McGuireWoods, 625 Liberty Avenue, 23rd Floor, Pittsburgh, PA 15222, Attn: Thomas Zahn (tzahn@mcguirewoods.com);

(xi) the U.S. Attorney for the Southern District of New York, 86 Chambers Street, 3rd Floor, New York, NY 10007;

(xii) the Internal Revenue Service, Centralized Insolvency Operations, P.O. Box 7346, Philadelphia, PA 19101;

(xiii) any Affected Party (as defined in the *Order Granting Debtors' Motion For Entry Of An Order Authorizing The Establishment Of Certain Notice, Case Management, And Administrative Procedures*); and

(xiv) counsel to any other statutory committee appointed in the Chapter 11 Cases.

PLEASE TAKE FURTHER NOTICE that the hearing on the Motion (the "**Hearing**") will be held on **August 21, 2019 at 11:00 a.m. (Prevailing Eastern Time)** before the Honorable Sean H. Lane, United States Bankruptcy Judge for the Southern District of New York, in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), Courtroom 701, One Bowling Green, New York, NY 10004-1408.

**PLEASE TAKE FURTHER NOTICE THAT IF NO OBJECTIONS TO APPROVAL OF THE MOTION ON A FINAL BASIS ARE TIMELY FILED AND RECEIVED IN ACCORDANCE WITH THE ABOVE PROCEDURES, THE FINAL ORDER MAY BE ENTERED GRANTING THE RELIEF REQUESTED IN THE MOTION ON A FINAL BASIS WITHOUT FURTHER NOTICE OR A HEARING.**

Dated: August 7, 2019
      New York, New York

    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

    */s/ James J. Mazza, Jr.*
    Paul D. Leake
    Jason N. Kestecher
    Four Times Square
    New York, New York 10036-6522
    Telephone: (212) 735-3000
    Fax: (212) 735-2000

    – and –

    James J. Mazza, Jr. (admitted *pro hac vice*)
    Justin M. Winerman (admitted *pro hac vice*)
    155 North Wacker Drive
    Chicago, Illinois 60606-1720
    Telephone: (312) 407-0700
    Fax: (312) 407-0411

    *Counsel to Debtors and Debtors-in-Possession*

Hearing Date: **August 21, 2019 at 11:00 a.m. (Prevailing Eastern Time)**
Objection Deadline: **August 14, 2019 at 4:00 p.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Paul D. Leake
Jason N. Kestecher
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

– and –

James J. Mazza, Jr. (admitted *pro hac vice*)
Justin M. Winerman (admitted *pro hac vice*)
155 North Wacker Drive
Chicago, Illinois 60606-1720
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Counsel to Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re*<br><br>**TRIDENT HOLDING COMPANY, LLC,** *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-10384 (SHL)<br><br>(Jointly Administered) |

**DEBTORS' SECOND MOTION FOR AN ORDER EXTENDING THE DEBTORS'
EXCLUSIVE PERIODS TO FILE A PLAN OF REORGANIZATION AND SOLICIT
ACCEPTANCES THEREOF**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: Trident Holding Company, LLC (6396); American Diagnostics Services, Inc. (2771); Community Mobile Diagnostics, LLC (9341); Community Mobile Ultrasound, LLC (3818); Diagnostic Labs Holdings, LLC (8024); FC Pioneer Holding Company, LLC (6683); JLMD Manager, LLC (8470); Kan-Di-Ki LLC (6100); Main Street Clinical Laboratory, Inc. (0907); MDX-MDL Holdings, LLC (2605); MetroStat Clinical Laboratory – Austin, Inc. (4366); MX Holdings, LLC (8869); MX USA, LLC (4885); New Trident Holdcorp, Inc. (4913); Rely Radiology Holdings, LLC (3284); Schryver Medical Sales and Marketing, LLC (9620); Symphony Diagnostic Services No. 1, LLC (8980); Trident Clinical Services Holdings, Inc. (6262); Trident Clinical Services Holdings, LLC (1255); TridentUSA Foot Care Services LLC (3787); TridentUSA Mobile Clinical Services, LLC (0334); TridentUSA Mobile Infusion Services, LLC (5173); U.S. Lab & Radiology, Inc. (4988). The address of the Debtors' corporate headquarters is 930 Ridgebrook Road, 3rd Floor, Sparks, MD 21152.

Trident Holding Company, LLC ("**Trident**") and certain of its affiliates, the debtors and debtors-in-possession in the above-captioned cases (collectively, the "**Debtors**" or the "**Company**") hereby move (this "**Motion**") this Court for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Order**"), further extending the Debtors' exclusive periods to file a chapter 11 plan of reorganization (the "**Filing Exclusivity Period**") and to solicit acceptances thereof (the "**Soliciting Exclusivity Period**," and together with the Filing Exclusivity Period, the "**Exclusivity Periods**"). In support of the Motion, the Debtors respectfully represent as follows:

## PRELIMINARY STATEMENT

1. Since the Debtors commenced these Chapter 11 Cases,[2] they have worked quickly to implement an operational turnaround and diligently pursued a path to exit chapter 11. Within a mere four months – the term of their initial plan exclusivity period – the Debtors stabilized business operations, delivered a business plan, filed a plan of reorganization and disclosure statement, and solicited votes on their Plan. The Plan is now largely consensual – having been accepted by all voting classes on a consolidated basis.

2. As a result, the Plan is primed for confirmation, with the Debtors reaching several important settlements. First, the Debtors have reached a settlement of claims and confirmation objections asserted by the Creditors' Committee. Second, the Debtors and their plan sponsor, Silver Point, have also settled claims asserted by a secured lender, Capital Finance Opportunities 1701C, LLC ("**Capital Finance**"). These settlements are memorialized in part in the revised Plan.

---

[2] Capitalized terms used but not otherwise defined in this Motion shall have the meanings ascribed to them in the *Modified Second Amended Joint Chapter 11 Plan of Reorganization of Trident Holding Company, LLC and Its Debtor Affiliates* [Docket No. 630] (the "**Plan**").

2

3. In addition, the Debtors, with the assistance of former Bankruptcy Judge James Peck (the "**Mediator**") have also made substantial progress towards reaching a settlement with the United States of America (the "**Government**") and two *qui tam* relators to settle the non-dischargeability proceedings initiated against the Company (the "***Qui Tam* Litigation**"). Following extensive negotiations, the parties have accepted the Mediator's proposed settlement subject to the satisfaction of certain non-economic conditions, which the parties are working hard to resolve as soon as possible.

4. Concurrently, the Debtors are also preparing for the possibility that they are unable to resolve the outstanding settlement conditions. To that end, the Debtors will seek to set a briefing schedule on their Estimation Procedures Motion[3] and will begin negotiating the boundaries of any discovery required in connection with that proceeding, if necessary. Those preparations will ensure that the Debtors will not lose any time in the event that the settlement of the *Qui Tam* Litigation is not finalized.

5. For that reason, as a protective matter, the Debtors seek a further 90-day extension of their Exclusivity Periods so they may continue their efforts to drive these cases to conclusion. Termination of the Exclusivity Periods at this critical juncture would inject uncertainty into this process to all parties' detriment, particularly when the Debtors are poised to confirm their largely consensual chapter 11 plan.

## RELIEF REQUESTED

6. The Debtors seek entry of an order (a) further extending the Filing Exclusivity Period through and including November 7, 2019 and (b) further extending the Soliciting

---

[3] *See Debtors' Motion Pursuant to 11 U.S.C. §§ 105(a) and 502(c) to Establish Claims Estimation Procedures for Qui Tam Claims* [Docket No. 705].

Exclusivity Period through and including January 6, 2020, without prejudice to the Debtors' right to seek further extensions to the Exclusivity Periods.

## JURISDICTION AND VENUE

7. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431,* dated January 31, 2012 (Preska, C.J.). This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

8. The legal predicates for the relief requested herein is section 1121(d) of title 11 of the United States Code (the "**Bankruptcy Code**").

## BASIS FOR RELIEF REQUESTED AND APPLICABLE AUTHORITY

### I. The Court May Extend the Exclusivity Periods for Cause Shown.

9. A debtor has the exclusive right to propose a chapter 11 plan for the first 120 days of a chapter 11 case pursuant to Bankruptcy Code section 1121(b). Bankruptcy Code section 1121(c) further provides for an initial 180-day period to solicit acceptances on a plan.

10. Under Bankruptcy Code section 1121(d), the Court may extend the Exclusivity Periods for cause.[4] Courts within the Second Circuit and in other jurisdictions have held that the decision to extend the Exclusivity Periods is left to the sound discretion of a bankruptcy court and should be based on the totality of circumstances in each case. *See, e.g., In Matter of Excel Mar. Carriers Ltd.*, No. 13-23060-RDD, 2013 WL 5155040, at *2 (Bankr. S.D.N.Y. Sept. 13, 2013). In general, as long as debtors give the court "no reason to believe that they are abusing

---

[4] Specifically, Bankruptcy Code section 1121(d)(1) provides: "on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause . . . increase the 120-day period or the 180-day period referred to in this section." 11 U.S.C. § 1121(d)(1).

their exclusivity rights . . . [a] requested extension of exclusivity . . . should be granted." *In re Global Crossing Ltd.*, 295 B.R. 726, 730 (Bankr. S.D.N.Y. 2003).

11. In particular, courts in this district and elsewhere have identified a number of non-exhaustive factors relevant to whether cause exists under Bankruptcy Code section 1121(d). *See In re Adelphia Commc'ns Corp.*, 336 B.R. 610 (Bankr. S.D.N.Y. 2006); *see also In re Borders Grp., Inc.*, 460 B.R. 818 (Bankr. S.D.N.Y. 2011). These factors include the following:

    (a)    the size and complexity of the case;

    (b)    the necessity for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;

    (c)    the existence of good-faith progress toward reorganization;

    (d)    the fact that the debtor is paying its bills as they become due;

    (e)    whether the debtor has demonstrated reasonable prospects for filing a viable plan;

    (f)    whether the debtor has made progress in negotiations with its creditors;

    (g)    the amount of time which has elapsed in the case;

    (h)    whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and

    (i)    whether an unresolved contingency exists. *Id.*

12. As set forth herein, the facts and circumstances of these Chapter 11 Cases warrant the requested extension of the Exclusivity Periods as provided herein.

## II.  Cause Exists to Extend the Exclusivity Periods.

### A.  The Complexity of the Debtors' Chapter 11 Cases Justifies the Requested Extension.

13. The size and complexity of a debtor's chapter 11 case alone can constitute cause to extend the exclusivity periods. *See In re Texaco, Inc.*, 76 B.R. 322, 326 (Bankr. S.D.N.Y. 1987) ("The large size of the debtor and the consequent difficulty in formulating a plan of

5

reorganization for a huge debtor with a complex financial structure are important factors which generally constitute cause for extending the exclusivity periods.").

14.     As set forth in the First Exclusivity Motion, these Chapter 11 Cases are certainly large and complex, involving the leading national provider of bedside diagnostic and related services in the country, thousands of employees and parties in interest, and approximately $785 million of prepetition funded debt. The Debtors have made substantial progress in these cases having laid the building blocks for a now largely consensual plan with the Debtors' efforts focused on resolution of the last obstacle to confirmation – the *Qui Tam* Litigation – litigation with complaints pending in this Court and the Eastern District of Pennsylvania. With the assistance of former Bankruptcy Judge James Peck, the Debtors have engaged with among others, two *qui tam* relators, two separate United States Attorneys' offices (S.D.N.Y. and E.D. Pa.), the Department of Justice, and Silver Point in an effort to resolve these issues, and, as noted above have progressed toward resolution, subject to satisfaction of pending conditions to a deal. These Chapter 11 Cases and the issues they present are highly complex.

### B.     The Debtors Have Made Substantial and Good Faith Progress Toward Reorganization.

15.     Given the complexity of these Chapter 11 cases, the Debtors may require additional time to resolve the *Qui Tam* Litigation and obtain plan confirmation. Nonetheless, as noted above, the Debtors have made substantial progress effectively administering the Chapter 11 Cases. Indeed, the Debtors have already satisfied several key milestones necessary for their ultimate reorganization, including delivering their business plan, filing the Plan and related Disclosure Statement, and completing solicitation of acceptance thereof. In addition, the Debtors worked hard to successfully craft a largely consensual Plan. To that end, as discussed above, the

6

Debtors have already settled litigation with the Creditors' Committee and Capital Finance which, among other things, sought to challenge liens underlying recoveries under the Plan.

16. Moreover, the Debtors have made great progress towards resolving the *Qui Tam* Litigation. After several mediation sessions, the parties have accepted the Mediator's settlement proposal subject to certain remaining conditions, which the parties are working to satisfy. The Debtors are hopeful that they will be in a position to consensually resolve the Qui Tam Litigation in the near term given the groundwork laid to date. As a matter of contingency planning, the Debtors are also preparing for the possibility that they will not satisfy the requisite conditions in time. In that respect, the Debtors are working to obtain a briefing schedule pursuant to the Estimation Procedures Motion so that the *Qui Tam* Litigation liability can be estimated for purposes of demonstrating the feasibility of their Plan. Thus, it is critical that the Debtors maintain their exclusivity rights so that they can bring these cases to a conclusion whether through implementation of a finalized Qui Tam Settlement or potential confirmation litigation regarding the same.

### C.     The Debtors Are Paying Their Debts as They Come Due.

17. Courts considering whether to extend a debtor's exclusivity periods also may assess whether the debtor is paying its debts when they come due. *See In re McLean Indus., Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987). Here, the Debtors are paying their undisputed postpetition obligations as they come due.

### D.     The Requested Extension Will Not Prejudice Other Parties-in-Interest.

18. This Motion is the Debtors' second request for an extension of the Exclusivity Periods and is made within six months of the Petition Date. As discussed above, the Debtors have worked closely with their key constituencies, and the Debtors believe that the proposed Plan will be confirmed following a hearing to consider confirmation of the Plan.

19.     The Debtors are seeking an extension of the Exclusivity Periods to preserve and capitalize on the progress made to date in their restructuring negotiations and to further mitigate the risks associated with a loss of exclusivity. This Court and other courts in this District have routinely granted similar relief. *See, e.g., In re Aegean Marine Petroleum Network Inc.*, Case No. 18-13374 (MEW) (Bankr. S.D.N.Y. March 13, 2019); *In re Republic Metals Refining Corp.*, Case No. 18-13359 (SHL) (Bankr. S.D.N.Y. Feb. 27, 2019); *In re Republic Airways Holdings Inc.*, Case No. 16-10429 (SHL) (Bankr. S.D.N.Y. June 17, 2016).

## NOTICE

20.     Notice of this Motion will be given to: (a) the U.S. Trustee, (b) counsel to the administrative agent under the Debtors' Prepetition Priority First Lien Facility and DIP Facility, (c) counsel to the administrative agent under the Debtors' Prepetition First Lien Facility, (d) counsel to the administrative agent under the Debtors' Prepetition Second Lien Facility, (e) counsel to the investor representative under the Tranched PIK Notes, (f) counsel to the investor representative under the Original PIK Note Facility, (g) the Internal Revenue Service, (h) counsel to the Committee, (i) the United States Attorney of the Southern District of New York, and (j) all parties entitled to notice pursuant to Local Bankruptcy Rule 9013-1(b). The Debtors submit that no other or further notice is required.

## NO PRIOR REQUEST

21.     No previous request for the relief sought therein has been made to this Court or any other court.

[*Remainder Of Page Intentionally Left Blank*]

## CONCLUSION

The Debtors respectfully request that this Court enter the Order, substantially in the form annexed hereto, granting the relief requested herein and such other and further relief as may be just and proper.

Dated:  August 7, 2019
         New York, New York

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

*/s/  James J. Mazza, Jr.*
Paul D. Leake
Jason N. Kestecher
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

– and –

James J. Mazza, Jr. (admitted *pro hac vice*)
Justin M. Winerman (admitted *pro hac vice*)
155 North Wacker Drive
Chicago, Illinois 60606-1720
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Counsel to Debtors and Debtors-in-Possession*